# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

----------------------------------------

UNITED STATES OF AMERICA,

                    Plaintiff;

    v.                                    CRIMINAL ACTION
                                             92CR68
RICHARD TIPTON, CORY JOHNSON,
JAMES H. ROANE, JR., AND
SANDRA REAVIS,
                    Defendants.

----------------------------------------
VOLUME XVII

February 3, 1993
Richmond, Virginia
9:30 a.m.

BEFORE:       HONORABLE JAMES R. SPENCER
              United States District Judge


APPEARANCES:  HOWARD C. VICK, JR., ESQ.
              WILLIAM H. PARCELL, III, ESQ.
              Office of the United States Attorney;
                  Counsel for Government;

              ROBERT P. GEARY, ESQ.
              ERIC D. WHITE, ESQ.
                  Counsel for Defendant Tipton;
              CRAIG S. COOLEY, ESQ.
              JOHN F. McGARVEY, ESQ.
                  Counsel for Defendant Johnson;
              DAVID P. BAUGH, ESQ.
              ARNOLD R. HENDERSON, V, ESQ.
                  Counsel for Defendant Roane;
              ROBERT J. WAGNER, ESQ.
                  Counsel for Defendant Reavis.
              JEFFREY B. KULL
              OFFICIAL COURT REPORTER

        THE CLERK:  Criminal Number 3:92CR68:
United States of America versus Richard Tipton, Cory
Johnson, James H. Roane, Jr., and Sandra Reavis.  The

seventeenth day of trial.  Are counsel ready to proceed?

MR. VICK:  Government is ready.

MR. WHITE:  Defendant Tipton is ready.

MR. COOLEY:  Defendant Johnson is ready.

MR. HENDERSON:  Defendant Roane is ready.

MR. WAGNER:  Defendant Reavis is ready.

THE COURT:  All right.  Let's bring in the jury.

(The jury entered the courtroom.)

All right, good morning to you.  We are going to allow you now to continue your deliberations.  All right.  Everyone remain seated while the jury leaves the courtroom.)

(The jury left the courtroom.)

All right, remove the defendants.

(The defendants were removed from the courtroom.)

All right.  We will recess to await the jury's call.

(Recess taken from 9:35 a.m. to 11:20 a.m.)

THE COURT:  All right, I got a note from the jury which reads as follows:  "Instruction 43, 44, and 45, please explain further, more clarification."  Those are, 43, the aiding and abetting; 44, on or about, knowingly, and willfully; and 45, caution, punishment not relevant, multiple defendants, multiple counts.

Now, I have passed out to you a supplemental I'm giving on aiding and abetting which I think will help.  The one about knowingly and willfully, I will give an example highlighting what knowingly and willfully are.  That's the best I can do on that.  It seems to me self-explanatory.  I don't know what the problem is with it.  But perhaps the example will help.  I'll explain to them the general purpose of the multiple defendants, multiple counts instruction.  The middle paragraph, which might be the problem, which reads "I caution you members of the jury that you are here to determine the guilt or innocence of the accused from the evidence in this case.  The defendant is not on trial for any act or conduct or offense not alleged in the indictment."  Now, this sentence:  "Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case."

Taking the group of instructions that they wanted clarification on, they might be hung up on that particular language.  I don't know.  If a person is charged with aiding and abetting someone else in the commission of an offense, you would necessarily

have to look at the actions of another person in making that determination. And it is likewise with conspiracy. In order to have a conspiracy, you have to have agreement between at least two people, so they are necessarily looking at somebody else's action. And that sentence to some extent might negate that understanding. Does everybody see what I am saying?

MR. BAUGH: Your Honor, I understand. But on behalf of defendant Roane, I don't even mean to attempt to usurp your prerogative, but I would ask perhaps our first response to them would be a note back to them asking them what paragraphs in 44 and 45 are giving them problems. We could zero in on it.

THE COURT: No, I think I'll do this and ask them then if that solves their problem. If it doesn't, they will let us know.

All right, bring in the jury.

(The jury entered the courtroom.)

All right, I received a note from the jury asking for clarification to Instructions 43, 44, and 45. I'm going to give you some additional instruction on aiding and abetting in an effort to clarify. And if you would listen to me, it is as follows: A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person aided and abetted the commission of the offense. Section 2(a) of Title 18 of the United States Code provides whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal. Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself or herself in some way with the crime charged, and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of the crime charged in the indictment, the government must prove beyond a reasonable doubt that the defendant knew that the crime charged was to be committed or was being committed; that the defendant knowingly did some act for the purpose of aiding, commanding, or encouraging the commission of that crime, and that the defendant acted with the intention of causing the crime charged to be committed.

Before a defendant may be found guilty as an aider or abettor to a crime, the government must also

prove beyond a reasonable doubt that someone committed each of the essential elements of the offense charged as detailed to you in the instructions.  Merely being present at the scene of the crime or merely knowing that a crime is being committed, or is about to be committed, is not sufficient for the jury to find that the defendant aided and abetted the commission of that crime.

The government must prove that the defendant knowingly and deliberately associated himself or herself with the crime in some way as a participant. Someone who wanted the crime to be committed, not as a spectator.  One who aids, abets, counsels, commands, induces, or procures the commission of an act is as responsible for that act is if he committed it directly.  There may be some confusion as to the difference between conspiracy and aiding and abetting.

3252

Conspiracy is, as I have instructed, an agreement to commit offenses of the character described in the substantive counts.  Aiding and abetting has a broader application.  It makes a defendant a principal when he consciously shares in any criminal act, whether or not there is a conspiracy.  And if a conspiracy is also charged, it makes no difference so far as aiding and abetting is concerned whether the substantive offense is done pursuant to the conspiracy.  Aiding and abetting rests on a broader base.  It states a rule of criminal responsibility for acts which one assists another in performing.

Now, you all have asked about Instruction Number 44, which talks about on or about, knowingly, and willfully.  The on or about, I think, should be crystal clear.  That simply means that the date charged in the indictment, the government need not prove the specific date.  They can prove that it happened on a date on or about or near the date actually charged.

Now, with these words knowingly and willfully: Again, they are both explained in the instruction. But let me give you an example to try to help you understand knowingly and willfully.

3253

Now, if I was out and about driving my car and pulled up to a friend's house and three guys got in my car and they were friends of mine, I knew them, and I was driving the car, and they asked me for a ride over to the bank, if I took them over to the bank not knowing what if anything they were going to do when they got there, and they subsequently robbed the bank, the act of driving the three people to the bank was done knowingly.  It was voluntary.  It was

intentional.  It was not a mistake.  I did it.  I meant to do it.  But not knowing what was going to happen at the bank, that would not be a criminal act.

Now, if I knew that they were going to rob the bank, and if I took them to the bank for the purpose of robbing the bank, this would be a willful act done not only knowingly, voluntarily, and intentionally, but with a specific intent to do something the law forbids.  And that would be a criminal act.  "Knowingly" as described in this instruction means just that, something that is done voluntarily and intentionally, not by mistake or accident.  "Willful," on the other hand, is something else again.  It requires that it not only be done voluntarily, which is the same as knowingly and

3254

purposefully, but with the specific intent to do something the law forbids.

Now, the last instruction you asked about is one that we give regarding multiple  --  when we have multiple defendants as well as multiple counts.  The primary purpose for this particular instruction is to emphasize that each defendant who is charged with a count or counts is to be given individual consideration as it relates to that count or counts.  It is that simple.  If you have four defendants, as we have in this case, each defendant deserves to be considered individually.  And that's why we give this kind of instruction.

Now, let me say this:  If a defendant is charged with aiding and abetting somebody else in the commission of a certain offense, you may have to look at the actions of that other person to determine if the defendant you are considering is indeed guilty of aiding and abetting a particular crime.  It still means he gets individual attention, but you have to look at the actions of somebody else to give him that individual attention.  The same may apply with conspiracy.  Conspiracy involves an agreement between at least two people.  So necessarily, you may have to consider the actions of another person when

3255

determining the guilt or innocence of a particular defendant on the conspiracy count.

All right.  Now, does this answer your question?  Okay?

(Affirmative response.)

All right.  Everyone remain seated while the jury leaves the courtroom.)

(The jury left the courtroom.)

You may remove the defendants.

(The defendants were removed from the courtroom.)

All right.  We will be in recess and await the jury's call.

(Recess awaiting jury verdict taken from 11 o'clock a.m. to 5:10 p.m.)

(In Open Court.)

THE COURT:  All right.  I understand we have a verdict.  Bring in the jury, please.

(The jury entered the courtroom.)

Will the Foreperson please rise?  I understand the jury has reached a verdict?

THE FOREPERSON:  Yes, it has.

THE COURT:  Would you give the forms to the Marshal, please?

(Verdict forms proffered to Court and Clerk.)

3256

All right.  The verdict forms appear to be in order and the Clerk will publish the verdicts.

THE CLERK:  Ladies and gentlemen of the jury, these are your verdicts.  If defendant Tipton will please stand.

(Defendant Tipton stood.)

Case number 3:92CR68-01:  United States of America versus Richard Tipton, also known as "Whitey."  We the jury find as follows:

Count One, conspiracy to distribute controlled substance.  Answer:  Guilty.

Question:  Do you find that the government has proven beyond a reasonable doubt that a Continuing Criminal Enterprise existed as charged in the indictment? Answer:  Yes.

Count Two, Continuing Criminal Enterprise.  Guilty.  Count Three, killing of Douglas A. Talley while engaged in or working in furtherance of a Continuing Criminal Enterprise.  Guilty.

Count Four, killing of Douglas A. Talley to maintain or increase position in racketeering enterprise.  Guilty.

Count Five, killing of Douglas Moody while engaged in or working in furtherance of a Continuing Criminal Enterprise.  Not guilty.

3257

Count Six, use of firearm in relation to killing of Douglas Moody.  Not guilty.

Count Seven, killing of Douglas Moody to maintain or increase position in racketeering enterprise.  Not guilty.

Count Fourteen, killing of Torrick Brown, Jr. to maintain or increase position in racketeering enterprise.  Not guilty.

Count Fifteen, use of firearm in relation to killing of Torrick Brown, Jr. and maiming of Martha McCoy.  Not guilty.

Count Sixteen, maiming of Martha McCoy to maintain or increase position in racketeering

enterprise. Not guilty.

Count Seventeen, killing of Bobby Long while engaged in or working in furtherance of a Continuing Criminal Enterprise. Guilty.

Count Eighteen, killing of Anthony Carter while engaged in or working in furtherance of a Continuing Criminal Enterprise. Guilty.

Count Nineteen, killing of Dorothy Mae Armstrong while engaged in or working in furtherance of a Continuing Criminal Enterprise. Guilty.

Count Twenty, use of firearm in relation to killing of Bobby Long, Anthony Carter and Dorothy Mae Armstrong. Guilty.

Count Twenty-one, killing of Bobby Long to maintain or increase position in racketeering enterprise. Guilty.

Count Twenty-two, killing of Anthony Carter to maintain or increase position in racketeering enterprise. Guilty.

Count Twenty-three, killing of Dorothy Mae Armstrong to maintain or increase position in racketeering enterprise. Guilty.

Count Twenty-four, killing of Curtis Thorne while engaged in or working in furtherance of a Continuing Criminal Enterprise. Guilty.

Count Twenty-five, killing of Linwood Chiles while engaged in or working in furtherance of a Continuing Criminal Enterprise. Guilty.

Count Twenty-six, use of firearm in relation to killing of Curtis Thorne and Linwood Chiles and maiming of Priscilla Greene and Gwendolyn Greene. Guilty.

Count Twenty-seven, killing of Curtis Thorne to maintain or increase position in rack racketeering enterprise. Guilty.

Count Twenty-eight, killing of Linwood Chiles to maintain or increase position in racketeering enterprise. Guilty.

Count 29, maiming of Priscilla Greene to maintain or increase position in racketeering enterprise. Guilty.

Count Thirty, maiming of Gwendolyn Greene to maintain or increase position in racketeering enterprise. Guilty.

Count Thirty-two, possession of controlled substance with intent to distribute on or about 2-2-92. Guilty.

Count Thirty-three, possession of controlled substance with intent to distribute on or about 4-10-92. Guilty.

So say we all dated 2-3-93. Signed by the Foreperson, Margaret M. Griffiths. You may be

seated.

(Defendant Tipton resumed his seat.)

If defendant Cory Johnson will please stand.

(Defendant Johnson stood.)

Case number 3:92CR68-02:  United States of America versus Cory Johnson, also known as "O," also known as "C.O."  We the jury find as follows:

Count One, conspiracy to distribute controlled substance.  Guilty.

Question:  Do you find that the government has proven beyond a reasonable doubt that a Continuing Criminal Enterprise existed as charged in the indictment?  Answer:  Yes.

Count Two, Continuing Criminal Enterprise.  Guilty.

Count Eight, killing of Peyton Maurice Johnson while engaged in or working in furtherance of Continuing Criminal Enterprise.  Guilty.

Count Nine, use of firearm in relation to killing of Peyton Maurice Johnson.  Guilty.

Count Ten, killing of Peyton Maurice Johnson to maintain or increase position in racketeering enterprise.  Guilty.

Count Eleven, killing of Louis J. Johnson, Jr. while engaged in or working in furtherance of a Continuing Criminal Enterprise.  Guilty.

Count Twelve, use of firearm in relation to killing of Louis J. Johnson, Jr.  Guilty.

Count Thirteen, killing of Louis J. Johnson, Jr. to maintain or increase position in racketeering enterprise.  Guilty.

Count Fourteen, killing of Torrick Brown, Jr. to maintain or increase position in racketeering enterprise.  Guilty.

Count Fifteen, use of firearm in relation to killing of Torrick Brown, Jr. and maiming of Martha McCoy.  Guilty.

Count Sixteen, maiming of Martha McCoy to maintain or increase position in racketeering enterprise.  Guilty.

Count Seventeen, killing of Bobby Long while engaged in or working in furtherance of a Continuing Criminal Enterprise.  Guilty.

Count Eighteen, killing of Anthony Carter while engaged in or working in furtherance of a Continuing Criminal Enterprise.  Guilty.

Count Nineteen, killing of Dorothy Mae Armstrong while engaged in or working in furtherance of a Continuing Criminal Enterprise.  Guilty.

Count Twenty, use of firearm in relation to killing of Bobby Long, Anthony Carter and Dorothy Mae Armstrong.  Guilty.

Count Twenty-one, killing of Bobby Long to maintain or increase position in racketeering enterprise.  Guilty.

Count Twenty-two, killing of Anthony Carter to maintain or increase position in racketeering enterprise.  Guilty.

Count Twenty-three, killing of Dorothy Mae Armstrong to maintain or increase position in

3262

racketeering enterprise.  Guilty.

Count Twenty-four, killing of Curtis Thorne while engaged in or working in furtherance of a Continuing Criminal Enterprise.  Guilty.

Count Twenty-five, killing of Linwood Chiles while engaged in or working in furtherance of a Continuing Criminal Enterprise.  Guilty.

Count Twenty-six, use of a firearm in relation to killing of Curtis Thorne and Linwood Chiles and maiming of Priscilla Greene and Gwendolyn Greene.  Guilty.

Count Twenty-seven, killing of Curtis Thorne to maintain or increase position in racketeering enterprise.  Guilty.

Count Twenty-eight, killing of Linwood Chiles to maintain or increase position in racketeering enterprise.  Guilty.

Count Twenty-nine, maiming of Priscilla Greene to maintain or increase position in racketeering enterprise.  Guilty.

Count Thirty, maiming of Gwendolyn Greene to maintain or increase position in racketeering enterprise.  Guilty.

Count Thirty-one, distribution of controlled substance, guilty.

3263

Count Thirty-two, possession of controlled substance with intent to distribute it on or about 2-2-92.  Guilty.

So say we all, dated 2-3-93, signed by the Foreperson, Margaret M. Griffiths.

You may be seated.

(Defendant Johnson resumed his seat.

If defendant Roane will please stand.

(Defendant Roane stood.)

Case number 3:92CR68-03:  United States of America versus James H. Roane, Jr., also known as "J.R."  We the jury find as follows:

Count One, conspiracy to distribute controlled substance, guilty.

Question:  Do you find that the government has proven beyond a reasonable doubt that a Continuing Criminal Enterprise existed as charged in the indictment?  Answer:  Yes.

Count Two, Continuing Criminal Enterprise.

Guilty.

Count Five, killing of Douglas Moody while engaged in or working in furtherance of a Continuing Criminal Enterprise.  Guilty.

Count Six, use of firearm in relation to killing of Douglas Moody.  Guilty.

Count Seven, killing of Douglas Moody to maintain or increase position in racketeering enterprise.  Guilty.

Count Eight, killing of Peyton Maurice Johnson while engaged in or working in furtherance of a Continuing Criminal Enterprise.  Guilty.

Count Nine, use of firearm in relation to killing of Peyton Maurice Johnson.  Guilty.

Count Ten, killing of Peyton Maurice Johnson to maintain or increase position in racketeering enterprise.  Guilty.

Count Eleven, killing of Louis J. Johnson, Jr. while engaged in or working in furtherance of a Continuing Criminal Enterprise.  Guilty.

Count Twelve, use of firearm in relation to killing of Louis J. Johnson, Jr.  Guilty.

Count Thirteen, killing of Louis J. Johnson, Jr. to maintain or increase position in racketeering enterprise.  Guilty.

Count Fourteen, killing of Torrick Brown, Jr. to maintain or increase position in racketeering enterprise.  Guilty.

Count Fifteen, use of firearm in relation to killing of Torrick Brown, Jr. and maiming of Martha McCoy.  Guilty.

Count Sixteen, maiming of Martha McCoy to maintain or increase position in racketeering enterprise.  Guilty.

Count Thirty-two, possession of controlled substance with intent to distribute on or about 2-2-92.  Guilty.

So say we all.  Dated 2-3-93, signed by the Foreperson, Margaret Griffiths.

You may be seated.

(Defendant Roane resumed his seat.)

If defendant Reavis will please stand.

(Defendant Reavis stood.)

Case number 3:92CR68-07:  United States of America versus Sandra Reavis.  We the jury find as follows:

Count One, conspiracy to distribute controlled substance.  Guilty.

So say we all dated 2-3-93, signed by the Foreperson, Margaret Griffiths.

You may be seated.

(Defendant Reavis resumed her seat.)

Ladies and gentlemen of the jury, are these your verdicts?

(Affirmative response.)

THE CLERK:  Do counsel wish the jury polled?

MR. BAUGH:  Yes.

THE CLERK:  Jurors, if these are your verdicts as I call your name please respond by answering yes.

Victor M. Catlett.

THE JUROR:  Yes.

John E. Coleman, Sr.

THE JUROR:  Yes.

Edward Cooke.

THE JUROR:  Yes.

Debra J. Dabney.

THE JUROR:  Yes.

Nina S. Eike.

THE JUROR:  Yes.

Bonita S. Faircloth.

THE JUROR:  Yes.

Margaret M. Griffiths.

THE JUROR:  Yes.

Charles V. Guthrie, Sr.

THE JUROR:  Yes.

Jerome Harrison.

THE JUROR:  Yes.

Connie E. Harvey.

THE JUROR:  Yes.

Frances P. Hodson.

THE JUROR:  Yes.

Thomas C. Jackson.

THE JUROR:  Yes.

THE COURT:  All right.  Ladies and gentlemen, I'm going to ask you to come back on next Monday morning at 10 o'clock.  We will get started with the sentencing phase of the trial.  You all may be excused now.  10 o'clock on Monday morning. Everyone remain seated while the jury leaves the courtroom.)

(The jury left the courtroom.)

MR. BAUGH:  Before the jury leaves the building, I have something I would like to say.

THE COURT:  Have Bill hold on to them.

(Bench conference held off the record per Mr. Baugh's request.)

All right, is anybody here from probation?

(Probation Officers Gill and Ault conferred with Court off the record.)

All right, I'm going to set a sentencing date for Ms. Reavis.  There is no need for the other three defendants to be held.  They can be removed at this

time.

MR. COOLEY: Judge, has the counsel been

3268

given some opportunity to discuss with the Court, either with or without the defendants being present, the timing, scheduling for next week?

THE COURT: Oh, sure. Defendants other than Reavis can be removed.

MR. VICK: Mr. White had filed a motion asking for the government's witness list as to the sentencing phase of this. I don't know what the Court's pleasure is in that regard, but we can provide one by 5 o'clock tomorrow afternoon if necessary.

THE COURT: Well, as soon as you can, get it to them.

MR. VICK: We can probably even get it sooner than that.

MR. BAUGH: Will we each have to file a motion?

THE COURT: No. Everybody should get one. All right, Mr. Wagner, how about April 14th for sentencing?

MR. WAGNER: That's fine, Your Honor.

THE COURT: Mr. Vick, April 14th?

MR. VICK: April 14th is fine with the government, Your Honor.

MR. PARCELL: Will that be at ten?

3269

THE COURT: No, we will do it at 9:30.

(Defendant and counsel executing sentencing documents.)

MR. PARCELL: Judge, may we leave our stuff here in the next two days?

THE CLERK: Judge Merhige has a docket here in the morning.

THE COURT: I'm sorry, you have to clear it up. Judge Merhige has something.

MR. GEARY: Is there any gag order in effect from now until Monday?

MR. BAUGH: That's a good idea. We so move.

MR. GEARY: Yes.

MR. VICK: We don't intend to talk about the case at all.

MR. GEARY: We have "reliable authority" reports all the time and it can only come from the United States Attorney's Office.

THE COURT: I don't want members of the U.S. Attorney's Office or any of the lawyers to make any comments to the press about this. We still have a very sensitive phase to go through and you should know better than that. And I'm on record.

THE COURT: All right. Ms. Reavis, could

3270

you stand up a minute, please?

(Defendant Reavis stood.)

Ms. Reavis, your matter has been set for sentencing to commence at 9:30 a.m. on April 14th in this courtroom. In the interim, somebody from the Probation Office will be in touch with you. I urge you to cooperate with them as much as you possibly can. All right. That completes the matter. Ms. Reavis may be removed from the courtroom.

(The defendant was removed from the courtroom.)

All right, I'm going to adjourn Court. We can talk scheduling back here.

(In Chambers.).

THE COURT: All right, tell those folks to get in here.

(Counsel assembled in chambers.)

THE COURT: Somebody wanted to talk about scheduling?

MR. BAUGH: I was going to make the suggestion, Your Honor, that being as how it would give us one day apiece, if we break early. Ours looks like about a day, and we are number three.

MR. VICK: Judge, in aggravation, I would think that, and we will need to get together on this, but we have got a list of about six witnesses, none

3271

of whom will be very long.

THE COURT: You are talking about a day between each presentation?

MR. BAUGH: A day for each presentation.

MR. VICK: I expect we will be handing it to the defense mid-afternoon Monday, I would think.

MR. COOLEY: You are assuming opening statements?

MR. VICK: Well, that's right.

THE COURT: We will assume a full day.

MR. VICK: For us on Monday.

MR. WHITE: Because Judge, you know, we are bringing people down from New York and I just want to know, we are going to have them all here on Monday, but for purposes of making sure we are prepared and ready to go forward, we should count on Monday?

THE COURT: Tipton gets started on Tuesday. We do the openings, and if we fall short we will just put it over until Tuesday.

MR. COOLEY: How long for you?

MR. WHITE: I would say no more than a day, Judge. Six witnesses, tops.

MR. COOLEY: I think ours is three to five hours, probably, of testimony.

MR. BAUGH: Ours is a day.

3272

MR. VICK: Full day?

MR. BAUGH:  Yes.

THE COURT:  We are talking about maybe Thursday or Friday for closing up.

MR. WHITE:  Friday, probably, I would think.

THE COURT:  That's fine.  You know, if we fall short or if you go over, it is no problem.  We will adjust.  But it looks like Friday for closing.

MR. BAUGH:  Thank you.

(Proceedings adjourned at 5:35 p.m.)