No. _____

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

## IN RE COREY JOHNSON,

## Movant.

_____

## CAPITAL CASE

## MOTION FOR AUTHORIZATION TO FILE A SUCCESSIVE MOTION
## PURSUANT TO 28 U.S.C. §§ 2255(h)(2)

Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Skadden Arps Slate Meagher & Flom, LLP
1140 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

# TABLE OF CONTENTS

INTRODUCTION ...........................................................................................1

PROCEDURAL HISTORY...........................................................................2

      A.    CONVICTIONS AND SENTENCING. ...............................................2

      B.    DIRECT APPEAL.............................................................................4

      C.    INITIAL § 2255 MOTION. ..............................................................4

      D.    PRIOR APPLICATIONS FOR AUTHORIZATION. .............................5

ARGUMENT .................................................................................................6

      I.    MR. JOHNSON'S MOTION MEETS THE REQUIREMENTS OF § 2255. .........7

      A.    MR. JOHNSON'S MOTION IS TIMELY.........................................9

      B.    *DAVIS* ANNOUNCED A NEW RULE. ...........................................9

      C.    *DAVIS*'S RULE IS CONSTITUTIONAL IN NATURE. ...................11

      D.    THE SUPREME COURT MADE *DAVIS* RETROACTIVE TO CASES ON COLLATERAL REVIEW. ...........................................11

      E.    *DAVIS*'S NEW RULE WAS PREVIOUSLY UNAVAILABLE TO MR. JOHNSON. ..................................................................13

CONCLUSION.............................................................................................14

CERTIFICATE OF COMPLIANCE............................................................15

CERTIFICATE OF SERVICE .....................................................................16

i

APPENDIX 1

Motion to Vacate Conviction Under 28 U.S.C. § 2255 Pursuant to *United States v. Davis*, __U.S.__, 139 S. Ct. 2319 (2019)......................................... 1a

APPENDIX 2

Verdict, *United States v. Johnson,* No. 3:92CR68-02
(E.D. Va. Feb. 3, 1993)...........................................................................38a

*United States v. Roane,* No. 3:92CR68-02, Trial Tr. vol. 15
(E.D. Va. Feb. 1, 1993)...........................................................................44a

*United States v. Roane,* No. 3:92CR68-02, Trial Tr. vol. 16
(E.D. Va. Feb. 2, 1993).........................................................................134a

*United States v. Roane,* No. 3:92CR68-02, Trial Tr. vol. 17
(E.D. Va. Feb. 3, 1993).........................................................................204a

*United States v. Roane,* No. 3:92CR68-02, Trial Tr. vol. 18
(E.D. Va. Feb. 3, 1993).........................................................................232a

*United States v. Roane,* No. 3:92CR68-02, Trial Tr. vol. 22
(E.D. Va. Feb. 12, 1993).......................................................................300a

Second Superseding Indictment, *United States v. Roane,* No. 3:92CR68-02
(E.D. Va. July 2, 1992).........................................................................364a

Special Findings, *United States v. Johnson,* No. 3:92CR68-02
(E.D. Va. Feb. 16, 1993).......................................................................386a

Decision Forms, *United States v. Johnson,* No. 3:92CR68-02
(E.D. Va. Feb. 15, 1993).......................................................................400a

## APPENDIX 3A

Application for Authorization to File a Successive Motion under 28 U.S.C.
§ 2255 Pursuant to *Sessions v. Dimaya,* __U.S.__, 138 S. Ct. 1204
(2018), *In re Johnson,* No. 19-1 (4th. Cir. Apr. 16, 2019).........................412a

Motion to Vacate Conviction Under 28 U.S.C. § 2255 Pursuant to *Sessions
v. Dimaya,* __U.S.__, 138 S. Ct. 1204 (2018), *United States v.
Johnson,* No. 3:92CR68-02 (E.D. Va. Apr. 16, 2019) ..............................446a

United States' Response to Application to File Successive § 2255, *In re
Johnson,* No. 19-1 (4th. Cir. Apr. 24, 2019) .............................................465a

Motion for Leave to File Reply to United States' Response to Motion for
Authorization Pursuant to 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(A),
*In re Johnson,* No. 19-1 (4th. Cir. May 2, 2019)......................................483a

Reply to United States' Response to Motion for Authorization Pursuant to
28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(A), *In re Johnson,* No. 19-1
(4th. Cir. May 2, 2019) ...........................................................................487a

Order Denying Motion Under 28 U.S.C. § 2244 for an Order Authorizing
the District Court to Consider a Second or Successive Application for
Relief under 28 U.S.C. § 2255, *In re Johnson,* No. 19-1 (4th. Cir. May
14, 2019) ................................................................................................501a

## APPENDIX 3B

Application for Authorization to File a Successive Motion under 28 U.S.C.
§ 2255 Pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015),
*In re Johnson,* No. 16-13 (4th. Cir. June 17, 2016)...................................502a

Motion to Vacate Conviction Under 28 U.S.C. § 2255 Pursuant to *Johnson
v. United States,* 135 S. Ct. 2551 (2015), *United States v. Johnson,*
No. 3:92CR68-02 (E.D. Va. June 17, 2016) .............................................522a

United States' Response to Application for Successive § 2255, *In re Johnson,* No. 16-13 (4th. Cir. June 21, 2016) ...........................................554a

Order Denying Motion Under 28 U.S.C. § 2244 for an Order Authorizing the District Court to Consider a Second or Successive Application for Relief under 28 U.S.C. § 2255, *In re Johnson,* No. 16-4 (4th. Cir. June 22, 2016) ...............................................................................................575a

APPENDIX 3C

Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255 Pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015), *In re Johnson,* No. 16-4 (4th Cir. May 19, 2016).....................................576a

Motion to Vacate Conviction Under 28 U.S.C. § 2255 Pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015), *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. May 19, 2016) .............................................593a

United States' Response to Application for Successive § 2255, *In re Johnson,* No. 16-4 (4th. Cir. June 1, 2016) ...............................................623a

Order Denying Motion Under 28 U.S.C. § 2244 for an Order Authorizing the District Court to Consider a Second or Successive Application for Relief under 28 U.S.C. § 2255, *In re Johnson,* No. 16-4 (4th. Cir. June 6, 2016) ...............................................................................................669a

APPENDIX 3D

Motion to Vacate Conviction Under 28 U.S.C. § 2255, *United States v. Cory Johnson,* No. 3:92CR68-02 (E.D. Va. June 1, 1998)................................670a

Memorandum in Support of Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 (E.D. Va. June 15, 1998).................683a

First Amendment to Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 and to Memorandum in Support of Petition, *United States v. Cory Johnson,* No. 3:92CR68-02 (E.D. Va. Sept. 23, 1998) ...................................................................................981a

Motion for Leave to Amend and Second Amendment to Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 and to Memorandum in Support of Petition, *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. Mar. 15, 1999) ......................................................998a

Petitioner Johnson's Third Amendment to Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 and to Memorandum in Support of Petition, *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. Oct. 1, 1999)...............................................................................1005a

Order Dismissing Motion to Vacate Conviction Under 28 U.S.C. § 2255, *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. May 1, 2003)....1016a

## APPENDIX 4

Presentence Investigation Report, *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. Apr. 23, 1993)...........................................1141a

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Chaidez v. United States*,
    568 U.S. 342 (2013)...................................................................................9

*In re Hammoud*,
    931 F.3d 1032 (11th Cir. 2019) ..............................................................13

*In re Hubbard*,
    825 F.3d 225 (4th Cir. 2016) ....................................................................8

*Johnson v. United States*,
    135 S. Ct. 2551 (2015)..............................................................................5

*Lambrix v. Singletary*,
    520 U.S. 518 (1997).................................................................................10

*Miller v. United States*,
    735 F.3d 141 (4th Cir. 2013) ..................................................................12

*In re Mullins*,
    942 F.3d 975 (10th Cir. 2019) ................................................................13

*Roane v. United States*,
    520 U.S. 1253 (1997)................................................................................4

*San-Miguel v. Dove*,
    291 F.3d 257 (4th Cir. 2002) ..................................................................11

*Schriro v. Summerlin*,
    542 U.S. 348 (2004).................................................................................12

*Sessions v. Dimaya*,
    138 S. Ct. 1204 (2018)..............................................................................5

vi

*Shepard v. United States*,
    544 U.S. 13 (2005)..................................................................................................6

*Smith v. United States*,
    508 U.S. 223 (1993).............................................................................................10

*Teague v. Lane*,
    489 U.S. 288 (1989)...............................................................................................9

*Tyler v. Cain*,
    533 U.S. 656 (2001).............................................................................................11

*United States v. Davis*,
    139 S. Ct. 2319 (2019).......................................................1, 2, 6, 8, 9, 10, 11

*United States v. Dixon*,
    789 F. App'x 371 (4th Cir. 2020)...................................................................12

*United States v. Littlejohn*,
    No. 19-4344, 2020 WL 639642 4th Cir. Feb. 11, 2020)..............................11

*United States v. MacDonald*,
    641 F.3d 596 (4th Cir. 2011) ...........................................................................8

*United States v. Mathis*,
    932 F.3d 242 (4th Cir. 2019), *cert. denied*,
    *Uhuru v. United States*, 140 S. Ct. 639 (2019)............................................12

*United States v. Reece*,
    938 F.3d 630 (5th Cir. 2019) ........................................................10, 12, 13

*United States v. Roane*,
    378 F.3d 382 (4th Cir. 2004) ...........................................................................4

*United States v. Simms*,
    914 F.3d 229 (4th Cir.) .....................................................................................6

Order, *United States v. Taylor*,
No. 19-7616 (Feb. 12, 2020 4th Cir.) .............................................................7

*United States v. Tipton*,
90 F.3d 861 (4th Cir. 1996) .........................................................................4

*Welch v. United States*,
136 S. Ct. 1257 (2016).............................................................................11, 12

*In re Williams*,
330 F.3d 277 (4th Cir. 2003) .......................................................................8

## STATUTES

18 U.S.C. § 924(c) ...........................................................................1, 2, 3

18 U.S.C. § 924(c)(3)..............................................................................1

18 U.S.C. § 924(e)(2)(b)(ii) ....................................................................5

18 U.S.C. § 1959(a) ...............................................................................3

21 U.S.C. § 846......................................................................................3

21 U.S.C. § 848(e)(1)(A) ........................................................................3

28 U.S.C. § 2244(b)(3)............................................................................7

28 U.S.C. § 2244(b)(3)(c) ........................................................................8

28 U.S.C. § 2255(f)(3) .............................................................................9

28 U.S.C. § 2255(h) .................................................................................7

28 U.S.C. § 2255(h)(2)..........................................................................8, 11

**INTRODUCTION**

Corey Johnson[1] respectfully asks this Court, pursuant to 28 U.S.C. § 2255(h)(2), to authorize him to file the attached successive motion for relief from criminal convictions that were based on a federal statute that the Supreme Court has ruled unconstitutional (hereafter, "2255 Motion").

This motion meets the requirements for authorization because it relies upon a new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause defining a "crime of violence" under 18 U.S.C. § 924(c)(3) is void for vagueness in violation of the Due Process Clause.[2] *See id*. at 2336.  In particular, the Court held that the residual clause unconstitutionally imposed criminal punishment based on an "estimation of the degree of risk posed by a crime's imagined 'ordinary case," in violation of the Due Process Clause.  Mr. Johnson was convicted of violations of § 924(c)(3) and other charges in 1993.

---

[1] Mr. Johnson's first name is "Corey" but it was misspelled as "Cory" in various prior pleadings before this Court.

[2] The "residual clause" in § 924(c)(3), which was found to be unconstitutionally vague in *Davis*, stated in relevant part that:  "[T]he term 'crime of violence' means an offense that is a felony and . . . (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Mr. Johnson readily makes the prima facie showing required for this Court to grant his request for authorization pursuant to 28 U.S.C. § 2255(h)(2). Moreover, the Supreme Court's holding in *Davis* relates directly to Mr. Johnson's § 924(c) convictions because, post-*Davis*, the purported predicate offenses on which his § 924(c) convictions may have rested no longer qualify as crimes of violence. 139 S. Ct. 2319. Specifically, these predicate crimes, including conspiracy to commit murder and assault in violation of 18 U.S.C. § 1959, and counseling, commanding, inducing or procuring the killing of someone in violation of 21 U.S.C. § 848(e), fail to meet the violent physical force and intent requirements of the categorical approach. *See* Appendix 1 at 18a-35a. Following *Davis*, none of Mr. Johnson's predicate crimes support a conviction under 18 U.S.C. § 924(c).

This Motion should be granted because Mr. Johnson meets the prima facie standard for authorization, thereby permitting him to have the full merits of his claim heard by the District Court.

## PROCEDURAL HISTORY

### A. Convictions and Sentencing.

In April 1992, Mr. Johnson and six co-defendants were charged in a 33-count indictment, including five counts under 18 U.S.C. § 924(c), which prohibits

"us[ing]" a firearm "during and in relation to any crime of violence or drug trafficking crime." (Counts 9, 12, 15, 20, and 26). The indictment also charged conspiracy to possess with intent to distribute more than 50 grams of cocaine base under 21 U.S.C. § 846 (Count 1), capital murder under 21 U.S.C. § 848(e)(1)(A), and killing and maiming in aid of racketeering under 18 U.S.C. § 1959(a).[3]

On February 3, 1993, the jury convicted Mr. Johnson of "Use of a Firearm in Relation to Killing and Maiming" in violation of § 924(c), as well as the other counts. *See* Appendix 2 (Verdict Form).[4] Following a penalty hearing in which the government relied largely on the same evidence presented at trial, the jury sentenced Mr. Johnson to death on the § 848 murder counts, and the Court subsequently imposed those sentences and sentenced Mr. Johnson to life in prison

---

[3] Each of Mr. Johnson's § 924(c) charges referred to at least two of these other charges as potential § 924(c) predicates. Count 9 referred to 21 U.S.C. § 846 and § 848, and 18 U.S.C. § 1959, as charged in Counts 1, 8, and 10. Count 12 referred to 21 U.S.C. § 846 and 848, and 18 U.S.C. § 1959, as charged in Counts 1, 11, and 13. Count 15 referred to 21 U.S.C. § 846 (not 848) and 18 U.S.C. § 1959 as charged in Counts 1, 14, and 16. Count 20 referred to 21 U.S.C. § 846 and § 848, and 18 U.S.C. § 1959 as charged in Counts 1, 17, 18, 19, 21, 22, and 23. Count 26 referred to 21 U.S.C. § 846 and §848, and 18 U.S.C. § 1959 as charged in counts 1, 24, 25, 27, 28, 29 and 30. Appendix 2 contains the Second Superseding Indictment.

[4] Appendix 2 contains the Verdict Form that the jury relied upon in returning its guilty verdicts, a transcript of the judge's instructions to the jury, and the relevant guilt and sentencing phase transcripts. The Presentence Report prepared in Mr. Johnson's case can be found in Appendix 4.

on the § 1959 murder counts and the § 848 Continuing Criminal Enterprise count, and to terms of years on the remaining § 1959 counts and the § 924(c) counts.

### B.    Direct Appeal.

Mr. Johnson timely appealed to the Fourth Circuit, raising issues relating to the guilt and penalty phases of his trial. This Court held that Mr. Johnson's conviction under 21 U.S.C. § 846 violated the Constitution's double jeopardy clause and therefore vacated Mr. Johnson's conviction under Count 1, but otherwise affirmed his convictions and death sentences. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996). The Supreme Court denied certiorari. *Roane v. United States*, 520 U.S. 1253 (1997).

### C.    Initial § 2255 Motion.

In 1998, Mr. Johnson filed a timely motion for collateral relief under § 2255, raising in the motion (and amendments to it) claims of error in both the guilt and penalty phases of his trial. The district court denied relief. *See* App. 3C at 1016a-1140a (*United States v. Roane*, No. 3:92CR68 (E.D. Va. May 1, 2003)). This Court affirmed the denial of relief. *See United States v. Roane*, 378 F.3d 382 (4th

Cir. 2004).  The Supreme Court denied certiorari.  *Johnson v. United States*, 546 U.S. 810 (2005).[5]

### D.    Prior Applications for Authorization.

*Johnson v. United States*, 135 S. Ct. 2551 (2015) held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), defining "violent felony" using language similar to that of the statute at issue in Mr. Johnson's case, was unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2557.  Then, in 2018, the Supreme Court held that the residual clause defining a "crime of violence" in 18 U.S.C. § 16(b) was also unconstitutionally vague.  *Sessions v. Dimaya*, 138 S. Ct. 1204, 1216 (2018).  Pursuant to these decisions, Mr. Johnson moved for authorization to pursue § 2255 relief, challenging his § 924(c) convictions on the ground that § 924(c)(3)(B) is also unconstitutionally vague.  However, in each instance, the Fourth Circuit summarily denied authorization.

Mr. Johnson files this motion for authorization based on the Supreme Court's holding in *Davis*, which unlike *Johnson and Dimaya*, relates directly to his convictions under § 924(c).

---

[5] Mr. Johnson's initial § 2255 motion was docketed under criminal case number 3:92CR68 and civil case number 3:97CV895.  Pursuant to Local Rule 22(d), that filing and three amended motions to it are attached in Appendix 3.

## ARGUMENT

On June 24, 2019, the Supreme Court held that the residual clause in the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was void for vagueness in violation of the Due Process Clause of the United States Constitution. *Davis*, 139 S. Ct. 2319. Based on *Davis*, a predicate crime must satisfy the elements-based, categorical approach required by § 924(c)(3)(A) in order for a conviction under § 924(c) to remain valid. As described in the accompanying motion to the District Court, when applying the categorical approach, the court determines only "whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir.) (en banc) *cert. denied*, 140 S. Ct. 304, 205 L. Ed. 2d 196 (2019). Furthermore, the requirements of § 924(c) are not satisfied unless certain documents in the record establish with "certainty" that the defendant was "necessarily" convicted of an offense that meets the elements-based test for "crimes of violence." *Shepard v. United States*, 544 U.S. 13, 21 (2005). As a result, in cases where it is unclear which of multiple offenses may have been the predicate offense for purposes of a § 924(c) conviction, the conviction cannot be

sustained if even *one* of the possible predicates is not categorically a crime of violence.[6]

In Mr. Johnson's case, the record does not conclusively establish the predicate offense upon which the jury relied in convicting Mr. Johnson of violations of § 924(c). And in any event, neither § 1959(a) nor § 848(e) qualifies as a categorical "crime of violence" under *Davis*, for the reasons set forth in the attached motion. Accordingly, following *Davis,* Mr. Johnson's § 924(c) convictions are legal nullities.

By virtue of the *Davis* decision, Mr. Johnson meets the requirements of 28 U.S.C. § 2255(h)(2) for this Court to grant authorization for Mr. Johnson to move for relief in the district court.

## I.    MR. JOHNSON'S MOTION MEETS THE REQUIREMENTS OF § 2255.

When presented with a Motion for Authorization, it is the role of this Court to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)(3)]." 28 U.S.C.

---

[6] This Court recently granted a certificate of appealability on the question of "whether an 18 U.S.C. § 924(c) (2018) conviction is subject to vacatur where the indictment charged multiple predicates, one of which is invalid." Order, *United States v. Taylor*, No. 19-7616 (Feb. 12, 2020 4th Cir.).

§ 2244(b)(3); § 2255(h); *United States v. MacDonald*, 641 F.3d 596, 609 (4th Cir. 2011) ("§ 2255(h) spells out the standard applicable to those in federal custody").

In particular, the movant is entitled to authorization if he makes a prima facie showing that the claim is timely and relies on a new rule of constitutional law that (i) is made retroactive to cases on collateral review by the Supreme Court; and (ii) was previously unavailable. 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(C). This Motion plainly satisfies each of these requirements and should be granted.

The question of whether Mr. Johnson would succeed on the merits before the District Court is not one for this Court to consider at this juncture. *See In re Hubbard*, 825 F.3d 225, 231 (4th Cir. 2016) ("It is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding."); *In Re Williams*, 330 F.3d 277, 282 (4th Cir. 2003) ("While this determination may entail a cursory glance at the merits—for example, an applicant cannot show that he would not have been convicted 'but for constitutional error' without adequately alleging some constitutional violation—the focus of the inquiry must always remain" on the prima facie standard).

Accordingly, Mr. Johnson respectfully submits that this Court's inquiry should be squarely focused on whether Mr. Johnson meets the standard set forth in 28 U.S.C. § 2255(h), which he does. First, the *Davis* holding relates directly to

Mr. Johnson's convictions and is a new rule of constitutional law. 139 S. Ct. 2319.

Second, the *Davis* holding was made retroactive to cases on collateral review by

the Supreme Court. *Id*. And third, the new rule of constitutional law set forth in

*Davis* was previously unavailable to Mr. Johnson. *Id*. For these reasons, Mr.

Johnson's Motion for Authorization should be granted.

### A.    Mr. Johnson's Motion is Timely.

Mr. Johnson's § 2255 Motion is timely. Under 28 U.S.C. § 2255(f), a

§ 2255 motion must be filed within a one-year limitations period. Where, as here,

the motion is pursuant to a "right [that] has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review," the one-

year limitations period runs from "the date on which the right asserted was initially

recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The Supreme Court

decided *Davis* on June 24, 2019. 139 S. Ct. 2319. Because this application has

been filed within one year of that date (*i.e.*, before June 24, 2020), the attached

§ 2255 Motion is timely.

### B.    *Davis* Announced a New Rule.

A "case announces a new rule if the result was not *dictated* by precedent

existing at the time the defendant's conviction became final." *Chaidez v. United

States*, 568 U.S. 342, 347 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301

(1989)).  "And a holding is not so dictated," the Court has made clear, "unless it would have been 'apparent to all reasonable jurists.'"  *Chaidez*, 568 U.S. at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)).

The rule set forth in *Davis* is plainly new.  Mr. Johnson's conviction became final in July 1996, when no precedent suggested—much less "*dictated*"—that the residual clause in § 924(c) might be unconstitutional.  *See* 139 S. Ct. 2319.  Prior to July 1996, the Supreme Court had construed the language of the residual clause of § 924(c)(3)(B), but had never held that it was constitutionally problematic.  *See, e.g.*, *Smith v. United States*, 508 U.S. 223, 227-28 (1993).

And although Mr. Johnson has argued in prior motions that earlier Supreme Court holdings had been a sufficient basis for a § 2255(h)(2) application, *Davis'* rule is new notwithstanding these prior holdings because (i) the result in *Davis* was not dictated by existing precedent when Mr. Johnson's conviction became final in 1996; and (ii) in any event, unlike prior opinions issued by the Court, the *Davis* ruling directly invalidates § 924(c)(3)(B).  *See, e.g.*, *United States v. Reece*, 938 F.3d 630 (5th Cir. 2019) ("[T]he *Davis* ruling resolved a circuit split regarding the residual clause's constitutionality, which evidences that the result in *Davis* was not apparent to all reasonable jurists.").

10

C.    *Davis*'s Rule is Constitutional In Nature.

There is no dispute that *Davis* announced a *constitutional* rule in holding

that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally void under

the Due Process Clause.  139 S. Ct. at 2326.  Because the Supreme Court held that

the statute itself is unconstitutional, the rule in *Davis* is constitutional in nature.

*United States v. Littlejohn*, No. 19-4344, 2020 WL 639642, at *1 n.1 (4th Cir. Feb.

11, 2020) ("The § 924(c) residual clause is unconstitutionally vague.");  *see also*

*Welch v. United States*, 136 S. Ct. 1257, 1261 (2016) (reaffirming that "the void-

for-vagueness doctrine" is "mandated by the Due Process Clause[] of the Fifth

Amendment").

D.    **The Supreme Court Made *Davis* Retroactive To Cases on Collateral Review.**

*Davis*'s new rule was also "made retroactive to cases on collateral review by

the Supreme Court."  28 U.S.C. § 2255(h)(2).  The Court makes a new rule of

constitutional law retroactive to cases on collateral review by explicitly declaring it

retroactive, or through a combination of holdings that "necessarily dictate

retroactivity of the new rule."  *Tyler v. Cain*, 533 U.S. 656, 666 (2001); *see also*

*San-Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002).

11

Here, the retroactive application of *Davis* is "necessarily dictate[d]" by a long line of Supreme Court cases holding that "[n]ew *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *see also Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Davis*'s new rule is "substantive" because it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351; s*ee also Reece*, 938 F.3d at 635 ("[T]he rule announced in *Davis* meets the standard for a new substantive rule.")

In particular, *Davis* establishes that, pursuant to the Due Process Clause, some convictions pursuant to § 924(c) cannot be considered crimes of violence. Thus, *Davis* renders some conduct that was formerly criminal no longer criminal under the §924(c) statute. *See, e.g.*, *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that after *Davis*, VICAR based on kidnapping under Virginia law is no longer a § 924(c) crime of violence), *cert. denied Uhuru v. United States*, 140 S. Ct. 639 (2019).

A decision is also "substantive" if it "alters . . . the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1264-165 (citation omitted). *Welch*'s reasoning applies with even more force here because *Davis* not only alters sentences, but renders a class of people once subject to § 924(c) liability entirely innocent.

12

In light of this precedent, it is clear that *Davis* is retroactive to cases on collateral appeal.  *See, e.g.*, *United States. v. Dixon*, 789 Fed. Appx. 371 (4th Cir. 2020) (granting a certificate of appealability where the parties agreed that *Davis* applies retroactively); s*ee also Reece*, 938 F.3d at 635 (holding that the rule announced in *Davis* meets the standard for a new substantive rule and applies retroactively.); *In re Mullins*, 942 F.3d 975 (10th Cir. 2019) (same); *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019) (same).

**E.    *Davis*'s New Rule Was Previously Unavailable To Mr. Johnson.**

The constitutional rule announced in *Davis* was not previously available to Mr. Johnson during direct review, which concluded in 1997, or during his prior § 2255 filings.  Indeed, prior to *Davis*, the Supreme Court had not applied the constitutional vagueness analysis to the residual clause in 18 U.S.C. § 924(c).

## CONCLUSION

For all the above reasons, Mr. Johnson respectfully requests that this Court grant his motion and allow him to present the attached 28 U.S.C. § 2255 motion before the district court.

Respectfully submitted,

/s/Donald P. Salzman
Donald P. Salzman
Darren M. Welch
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

14

**CERTIFICATE OF COMPLIANCE**

1.      This brief contains 2897 words, excluding the parts of the brief exempted

from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.      This brief complies with the font, spacing, and type size requirements set

forth in Local Rule 32(a)(5).

/s/ Donald P. Salzman

15

# CERTIFICATE OF SERVICE

I certify that on this <u>22d</u> day of May 2020, the foregoing document was served on all

parties or their counsel of record though the CM/ECF system and will be served electronically

via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov

Dated: May 22, 2020

/s/ Donald P. Salzman
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

# Appendix 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| **COREY JOHNSON,** | : | |
| | : | |
| **Movant** | : | |
| | : | |
| v. | : | **Case No. 3:92CR68** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent**. | : | |

**MOTION TO VACATE CONVICTION UNDER 28 U.S.C. § 2255 PURSUANT TO**
***UNITED STATES V. DAVIS*, __U.S.__, 139 S. Ct. 2319 (2019)**

Darren M. Welch, VA Bar #: 45985
Donald P. Salzman*
Austin K. Brown*
Kathleen Shelton*
Peyton Chaney*
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Ph: (202) 371-7804
Fax: (202) 661-8267
Email: darren.welch@skadden.com
* pro hac vice to be filed

*Counsel for Corey Johnson*

1a

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................1

STATEMENT OF RELEVANT FACTS ............................................................1

      A.     **Convictions and Sentencing** .................................................................1

      B.     **Direct Appeal** ...................................................................................3

      C.     **Initial § 2255 Motion** ......................................................................3

      D.     **Prior Applications for Authorization** ............................................4

ARGUMENT ......................................................................................................4

I.     MR. JOHNSON'S MOTION SATISFIES THE REQUIREMENTS OF § 2255. ............5

      A.     **Mr. Johnson's Claims under *Davis* Are Cognizable under § 2255(a).** ..............5

      B.     **Mr. Johnson's Motion is Timely Under § 2255(f).** ...........................6

      C.     ***Davis* Announced a New Rule.** ......................................................6

      D.     ***Davis*'s Rule is Constitutional In Nature.** .....................................7

      E.     **The Supreme Court Made *Davis* Retroactive To Cases on Collateral Review.** .......................................................................8

      F.     ***Davis*'s New Rule Was Previously Unavailable To Mr. Johnson.** ......9

II.    AFTER *DAVIS*, MR. JOHNSON'S § 924(C) CONVICTIONS CAN NO LONGER BE SUSTAINED. .......................................................................9

      A.     **Under the Modified Categorical Approach, a § 924(c) Conviction Based on Multiple Offenses is Invalid If There is Ambiguity as to Which Offense Supported the § 924(c) Conviction and at Least One of the Possible Predicates Is Not Categorically a "Crime of Violence."** ..............10

      B.     **Section 1959(a) is not categorically a "crime of violence" and thus cannot support a § 924(c) conviction.** ...........................................15

i

1.   *The jury was empowered to base Mr. Johnson's § 924(c) convictions on § 1959 conspiracy, which is not a categorical "crime of violence," and it may have done so.* ..........................................15

2.   *After* Davis, *Mr. Johnson's § 924(c) can no longer rest on § 1959 murder offenses.* ...............................................16

3.   *Maiming is not categorically a crime of violence and thus cannot support Mr. Johnson's 924(c) convictions.* ................................22

4.   *Mr. Johnson's 924(c) convictions cannot rest on assault resulting in serious bodily injury, which is not categorically a crime of violence.* ..........................................................23

C.   **Mr. Johnson's § 848(e) Convictions Also Fail to Qualify as Categorical "Crimes of Violence" under § 924(c).**..........................................23

III.   **BECAUSE ALL FIVE OF MR. JOHNSON'S § 924(C) CONVICTIONS ARE INVALID AFTER *DAVIS*, MR. JOHNSON IS ENTITLED TO BE RESENTENCED.**...............................26

**CONCLUSION AND PRAYER FOR RELIEF**...................................................................27

ii

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Borden v. United States*,
140 S.Ct. 1262 (2020)........................................................................................17

*Bourgeois v. Whitley,*
784 F.2d 718 (5th Cir. 1986) ......................................................................25, 26

*Chaidez v. United States*,
568 U.S. 342 (2013)............................................................................................6

*Davis v. United States,*
417 U.S. 333 (1974)............................................................................................6

*Descamps v. United States*,
570 U.S. 254 (2013), *appeal filed*, (4th Cir. Aug. 22, 2019) ......................11, 12

*Garcia v. Gonzales,*
455 F.3d 465 (4th Cir. 2006) ......................................................................10, 17

*In re Gomez*,
830 F.3d 1225 (11th Cir. 2016) ........................................................................13

*In re Hammoud*,
931 F.3d 1032 (11th Cir. 2019) ..........................................................................9

*In re Irby*,
858 F.3d 231 (4th Cir. 2017) ............................................................................20

*James v. United States,*
476 F.2d 936 (8th Cir. 1973) ............................................................................25

*Jerkins v. United States,*
530 F.2d 1203 (5th Cir. 1976) ..........................................................................25

*Johnson v. Mississippi,*
486 U.S. 578 (1988)..........................................................................................26

*Johnson v. United States*,
　　135 S. Ct. 2551 (2015).............................................................................4

*Johnson v. United States,*
　　559 U.S. 133 (2010)..............................................................................10

*Miller v. United States*,
　　735 F.3d 141 (4th Cir. 2013) ................................................................8

*Mills v. Maryland,*
　　486 U.S. 367 (1988)..............................................................................26

*In re Mullins*,
　　942 F.3d 975 (10th Cir. 2019) ..............................................................9

*Ortiz v. Lynch*,
　　796 F.3d 932 (8th Cir. 2015) ..............................................................12

*Popal v. Gonzales*,
　　416 F.3d 249 (3d Cir. 2005)................................................................17

*Roane v. United States*,
　　378 F.3d 382 (4th Cir. 2004) ................................................................4

*Rosemond v. United States,*
　　572 U.S. 65 (2014)..................................................................................9

*San-Miguel v. Dove,*
　　291 F.3d 257 (4th Cir. 2002) ................................................................8

*Schriro v. Summerlin*,
　　542 U.S. 348 (2004)................................................................................8

*Sessions v. Dimaya*,
　　138 S. Ct. 1204 (2018)............................................................................4

*Shepard v. United States*,
　　544 U.S. 13 (2005).......................................................................4, 11, 12

*Smith v. United States*,
　　508 U.S. 223 (1993)............................................................................7, 9

iv

*Taylor v. United States*,
    495 U.S. 575 (1990)...................................................................................................11, 20

*Tyler v. Cain*,
    533 U.S. 656 (2001)..........................................................................................................8

*United States v. Begay*,
    934 F.3d 1033 (9th Cir. 2019) .................................................................................18, 19

*United States v. Berry*,
    2020 WL 591569 (W. D. Va. Feb. 6, 2020) ....................................................................13

*United States v. Chapman*,
    666 F.3d 220 (4th Cir. 2012) ...................................................................................12, 24

*United States v. Clay*,
    627 F.3d 959 (4th Cir. 2010) .........................................................................................12

*United States v. Davis*,
    __U.S.__, 139 S. Ct. 2319 (2019).......................................................................1, 4, 7, 9, 10

*United States v. Davis*,
    No. 4:18-cr-00011, 2019 WL 3307235 (W.D. Va. July 23, 2019)....................................11

*United States v. Diaz-Ibarra*,
    522 F.3d 343 (4th Cir. 2008) .........................................................................................11

*United States v. Dixon*,
    789 F. App'x 371 (4th Cir. 2020) .....................................................................................9

*United States v. Evans*,
    848 F.3d 242 (4th Cir. 2017) .........................................................................................10

*United States v. Fleming*,
    739 F.2d 945 (4th Cir. 1984) .........................................................................................18

*United States v. Fuertes*,
    805 F.3d 485 (4th Cir. 2015) ...................................................................................10, 12

*United States v. Gomez,*
    690 F.3d 194 (4th Cir. 2012) .........................................................................................20

v

*United States v. Hager*,
721 F.3d 167 (4th Cir. 2013) ...................................................................16, 23

*United States v. Hodge*,
902 F.3d 420 (4th Cir. 2018) ...........................................................................25

*United States v. Knif*e,
592 F.2d 472 (8th Cir. 1979) ...........................................................................22

*United States v. Lettiere*,
2018 WL 3429927 (D. Mont. July 16, 2018) ..................................................13

*United States v. Littlejohn*,
No. 19-4344, 2020 WL 639642 n.1 (4th Cir., Feb. 11, 2020) ...........................7

*United States v. Mathis*,
932 F.3d 242 (4th Cir.) ................................................................................8, 11

*United States v. Mayo,*
901 F.3d 218 (3d Cir. 2018)..............................................................................21

*United States v. McCall*
2019 WL 4675762 (E.D. Va. Sept. 25, 2019)..............................................12, 16

*United States v. McNeal*,
818 F.3d 141 (4th Cir. 2016) ...........................................................................16

*United States v. Middleton*,
883 F.3d 485 (4th Cir. 2018) ...........................................................................16

*United States v. NJB*,
104 F.3d 630 (4th Cir. 1997) ...........................................................................24

*United States v. Parrish*,
767 F. App'x 440 (4th Cir. 2019) .....................................................................19

*United States v. Reece*,
938 F.3d 630 (5th Cir. 2019) .....................................................................7, 8, 9

*United States v. Roane*,
520 U.S. 1253 (1997)..........................................................................................3

vi

7a

*United States v. Roane*,
    No. 3:92CR68 (E.D. Va. May 1, 2003) ...............................................3

*United States v. Royal,*
    731 F.3d 333 (4th Cir. 2013) ..........................................................22

*United States v. Rumley*,
    952 F.3d 538 (4th Cir. 2020) ..........................................................21

*United States v. Runyon*,
    707 F.3d 475 (4th Cir. 2013) ..........................................................16

*United States v. Scott*,
    954 F.3d 74 (2d Cir. 2020).............................................................20

*United States v. Simms*,
    914 F.3d 229 (4th Cir. 2019) (en banc),
    *cert denied*, 140 S. Ct. 304 (2019) ...............................4, 9, 11, 15, 24

*United States v. Tipton*,
    90 F.3d 861 (4th Cir. 1996) .............................................................3

*United States v. Torres-Miguel*,
    701 F.3d 165 (4th Cir. 2012) ...............................................11, 21, 22

*United States v. Townsend,*
    886 F.3d 441 (4th Cir. 2018) ..........................................................16

*United States v. Tucker,*
    404 U.S. 443 (1972)........................................................................25

*United States v. Turner*,
    198 F.3d 425 (4th Cir. 1999) ..........................................................24

*United States v. Vann*,
    660 F.3d 771 (4th Cir. 2011) ..........................................................13

*Welch v. United States*,
    136 S. Ct. 1257 (2016).................................................................7, 8

## STATUTES

18 U.S.C. § 924(c)(1)(A) ..................................................................9

vii

8a

18 U.S.C. § 924(c)(3)................................................................................................9

18 U.S.C. § 924(e)(2)(B)(ii) ...................................................................................4

18 U.S.C. § 1111....................................................................................................18

18 U.S.C. § 1111(a) .........................................................................................18, 20

18 U.S.C. § 1959(a) ...............................................................................................15

21 U.S.C. § 848(e)(1)(A) .......................................................................................23

28 U.S.C. § 2255(f)..................................................................................................6

28 U.S.C. § 2255(f)(3) .............................................................................................6

28 U.S.C. § 2255(h)..................................................................................................8

## OTHER AUTHORITIES

U.S. Dep't of Justice, Violent Crimes in Aid of Racketeering: A Manual for Federal
    Prosecutors 30 (2006),
    https://www.justice.gov/sites/default/files/criminal/legacy/2010/11/12/2006vcar-
    manual.pdf ...............................................................................................................19

## INTRODUCTION

Movant, Corey Johnson,[1] through his undersigned counsel, hereby files a motion to set aside the judgment against him on Counts 9, 12, 15, 20, and 26, in the above captioned case, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Mr. Johnson's convictions under 18 U.S.C. § 924(c) must be vacated in light of the Supreme Court's recent decision in *United States v. Davis*, __U.S.__, 139 S. Ct. 2319 (2019), which held that the residual clause defining a "crime of violence" under 18 U.S.C. § 924(c)(3)(b) is void for vagueness in violation of the Due Process Clause. *Davis*, 139 S. Ct. at 2336.

In light of *Davis*, Mr. Johnson's § 924(c) convictions cannot be constitutionally sustained. For the reasons explained below, Mr. Johnson respectfully requests that the Court vacate his five convictions for using a firearm during and in relation to a "crime of violence" under § 924(c) (Counts 9, 12, 15, 20, and 26) and that he be resentenced on the remaining counts.

## STATEMENT OF RELEVANT FACTS

### A.    Convictions and Sentencing

In April 1992, Mr. Johnson and six co-defendants were charged in a 33-count indictment, including five counts under 18 U.S.C. § 924(c), which prohibits "us[ing]" a firearm "during and in relation to any crime of violence or drug trafficking crime." (Counts 9, 12, 15, 20, and 26). The indictment also charged conspiracy to possess with intent to distribute under 21 U.S.C.

---

[1] Mr. Johnson's first name is "Corey" but it was misspelled as "Cory" in the indictments and in prior pleadings before this Court.

1

§ 846, murder in furtherance of a continuing criminal enterprise under 21 U.S.C. § 848(e)(1)(A), and killing and maiming in aid of racketeering under 18 U.S.C. § 1959. Each of Mr. Johnson's § 924(c) charges referred to at least two of these other charges as potential § 924(c) predicates.[2]

The court's instructions to the jury described the potential § 924(c) predicates in general terms, referring the jury by number to the counts that they could consider as predicates for Mr. Johnson and his co-defendants. Jury Instructions 192a. To describe two of the underlying charges, the court informed the jury that Mr. Johnson was charged with "two very specific, very distinct types of homicide: Killing while engaged in or in furtherance of a Continuing Criminal Enterprise in violation of Title 21 Section 841(e) . . . and killing for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity in violation of Title 18 Section 1959." *Id.* at 188a. The jury was asked to limit its deliberations to these two very specific types of killings, because "[m]ost types of homicide, that is, murder in the first degree or the second degree, voluntary manslaughter, are crimes under state law, not federal law. And therefore, they cannot be tried by this Court." *Id.* Later, in describing § 1959 specifically, the court read the full language of the statute, *id.* at 190a, which criminalizes various conduct including conspiracy, and made clear to the jury that it could convict Mr. Johnson if the

---

[2]    Count 9 referred to 21 U.S.C. § 846 and § 848, and 18 U.S.C. § 1959, as charged in Counts 1, 8, and 10. Second Superseding Indictment 372a. Count 12 referred to 21 U.S.C. § 846 and 848, and 18 U.S.C. § 1959, as charged in Counts 1, 11, and 13. *Id.* at 374a. Count 15 referred to 21 U.S.C. § 846 (not 848) and 18 U.S.C. § 1959 as charged in Counts 1, 14, and 16. *Id.* at 375a–376a. Count 20 referred to 21 U.S.C. § 846 and § 848, and 18 U.S.C. § 1959, as charged in Counts 1, 17, 18, 19, 21, 22, and 23. *Id.* at 378a. Count 26 referred to 21 U.S.C. § 846 and §848, and 18 U.S.C. § 1959 as charged in counts 1, 24, 25, 27, 28, 29 and 30. *Id.* at 381a.

2

government could prove "that [he] did knowingly and intentionally commit or conspire to commit the crime charged in the particular count under consideration," *id.* at 191a.

On February 3, 1993, the jury convicted Mr. Johnson of "Use of a Firearm in Relation to Killing" and "Maiming" in violation of § 924(c), as well as all other counts. *See* Verdict 38a. The same jury then considered whether to impose the death penalty on Mr. Johnson and two others in this case. Following a penalty hearing in which the government relied largely on the same evidence presented at trial, the jury sentenced Mr. Johnson to death on the § 848 murder counts, and the Court subsequently imposed those sentences and sentenced Mr. Johnson to life in prison on the § 1959 murder counts and the § 848 Continuing Criminal Enterprise count, and to terms of years on the remaining § 1959 counts and the § 924(c) counts.

## B.    Direct Appeal

Mr. Johnson timely appealed to the Fourth Circuit, raising issues relating to the guilt and penalty phases of his trial. The Fourth Circuit held that Mr. Johnson's conviction under 21 U.S.C. § 846 violated the Constitution's double jeopardy clause and therefore vacated Mr. Johnson's conviction under Count 1, but otherwise affirmed his convictions and death sentences. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996). The Supreme Court denied certiorari. *United States v. Roane*, 520 U.S. 1253 (1997).

## C.    Initial § 2255 Motion

In 1998, Mr. Johnson filed a timely motion for collateral relief under § 2255, raising in the motion (and amendments to it) claims of error in both the guilt and penalty phases of his trial. This Court denied relief. *United States v. Roane*, No. 3:92CR68 (E.D. Va. May 1, 2003). The Fourth Circuit affirmed the denial of relief. *Roane v. United States*, 378 F.3d 382 (4th Cir. 2004). The Supreme Court denied certiorari. *Johnson v. United States*, 546 U.S. 810 (2005).

3

12a

### D.    Prior Applications for Authorization

*Johnson v. United States*, 135 S. Ct. 2551 (2015) held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), defining "violent felony" using language similar to that of the statute at issue in Mr. Johnson's case, was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Then, in 2018, the Supreme Court held that the residual clause defining a "crime of violence" in 18 U.S.C. § 16(b) was also unconstitutionally vague. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1216 (2018). Pursuant to these decisions, Mr. Johnson moved for authorization to pursue § 2255 relief, challenging his § 924(c) convictions on the ground that § 924(c)(3)(B) is also unconstitutionally vague. However, in each instance, the Fourth Circuit summarily denied authorization.

### ARGUMENT

On June 24, 2019, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B), the residual clause in the statute's definition of "crime of violence," was void for vagueness in violation of the Due Process Clause of the United States Constitution. *United States v. Davis*, 139 S. Ct. 2319 (2019). After *Davis*, a predicate crime must satisfy the elements-based, categorical approach required by § 924(c)(3)(A) in order for a conviction under 924(c) to remain valid. As described below, when applying the categorical approach, the court determines only "whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc), *cert denied*, 140 S. Ct. 304 (2019). Furthermore, the requirements of § 924(c) are not satisfied unless certain documents in the record establish with "certainty" that the defendant was "necessarily" convicted of an offense that meets the elements-based test for "crimes of violence." *Shepard v. United States*, 544 U.S. 13, 21 (2005). Indeed, in cases where it is unclear which of multiple

4

offenses may have been the predicate offense for purposes of a § 924(c) conviction, the conviction cannot be sustained if even *one* of the possible predicates is not categorically a crime of violence.  In Mr. Johnson's case, the record does not conclusively establish the predicate offense upon which the jury relied  in convicting Mr. Johnson of violations of § 924(c).  And in any event neither § 1959(a) nor § 848(e) qualifies as a categorical "crime of violence" under *Davis*, for the reasons set forth below.  Accordingly, following *Davis,* Mr. Johnson's § 924(c) convictions are legal nullities that were entered in excess of this Court's jurisdiction, and relief under § 2255 is warranted.

## I.    MR. JOHNSON'S MOTION SATISFIES THE REQUIREMENTS OF § 2255.

As an initial matter, Mr. Johnson's claims are cognizable under § 2255(a), and this Motion satisfies the requirements of 28 U.S.C. § 2255 because it is (1) timely, and raises cognizable claims relying upon the rule *Davis* announced, which is (2) a new rule, (3) that is constitutional in nature, (4) that the Supreme Court has made retroactive on collateral review, and (5) that was previously unavailable.

### A.    Mr. Johnson's Claims under *Davis* Are Cognizable under § 2255(a).

A federal prisoner may obtain relief under 28 U.S.C. § 2255(a) "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence."  Mr. Johnson's convictions under 18 U.S.C. § 924(c) violate the Due Process Clause of the Fifth Amendment and were imposed in excess of this Court's jurisdiction.  As shown below, Mr. Johnson's convictions on the § 924(c) charges violate Due Process because they rest on the unconstitutionally vague residual clause.  Moreover, as also explained in more detail below, Mr. Johnson now stands convicted of offenses that are not criminal, since all of his convictions under § 924(c) fail to satisfy the essential

5

14a

predicate "crime of violence" element of the statute. Because the crimes of violence the jury relied upon as the essential predicate offenses underlying the § 924(c) convictions—murder and maiming under § 1959—categorically cannot qualify as "crime[s] of violence" for purposes of § 924(c)(3)(A)'s elements clause, this Court had no jurisdiction to try Mr. Johnson on those offenses. Mr. Johnson's convictions, therefore, violate the laws of the United States and result in a fundamental miscarriage of justice. This is precisely the type of error that is cognizable under § 2255(a). *See Davis v. United States,* 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral relief under § 2255" (citation omitted)).

### B.    Mr. Johnson's Motion is Timely Under § 2255(f).

A § 2255 motion must be filed within a one-year limitations period. 28 U.S.C. § 2255(f). Where, as here, the motion is pursuant to a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The Supreme Court decided *Davis* on June 24, 2019. Because this application has been filed within one year of that date (*i.e.*, before June 24, 2020), it is timely.

### C.    *Davis* Announced a New Rule.

"[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). "And a holding is not so dictated,"

6

the Court has made clear, "unless it would have been 'apparent to all reasonable jurists.'" *Id.* at

347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)).

The rule set forth in *Davis* is plainly new.  Mr. Johnson's conviction became final in July

1996, when no precedent suggested—much less "*dictated*"—that the residual clause in § 924(c)

might be unconstitutional.  Prior to July 1996, the Supreme Court had construed the language of

the residual clause of § 924(c)(3)(B), but had never held that it was constitutionally problematic.

*See, e.g.*, *Smith v. United States*, 508 U.S. 223, 227-28 (1993).

And although Mr. Johnson has argued in prior motions that earlier Supreme Court

holdings were a sufficient basis for a § 2255(h)(2) application, *Davis*' rule is new

notwithstanding these prior holdings because (i) the result in *Davis* was not dictated by existing

precedent when Mr. Johnson's conviction became final in 1996; and (ii) in any event, unlike

prior opinions issued by the Court, the *Davis* ruling directly invalidates § 924(c)(3)(B).  *See, e.g.*,

*United States v. Reece*, 938 F.3d 630, 634 (5th Cir. 2019) ("The *Davis* ruling resolved a circuit

split regarding the residual clause's constitutionality, which evidences that the result in *Davis*

was not apparent to all reasonable jurists.").

**D.      *Davis*'s Rule is Constitutional In Nature.**

There is no dispute that *Davis* announced a *constitutional* rule in holding that the residual

clause set forth in § 924(c)(3)(B) is unconstitutionally void under the Due Process Clause.  139

S. Ct. at 2323–24, 2333.  Because the Supreme Court held that the statute itself is

unconstitutional, the rule in *Davis* is constitutional in nature.  *United States v. Littlejohn*, No. 19-

4344, 2020 WL 639642, at *1 n.1 (4th Cir., Feb. 11, 2020) ("The § 924(c) residual clause is

unconstitutionally vague."); *see also Welch*, 136 S.Ct. 1257, 1261 (2016) (reaffirming that "the

7

void-for-vagueness doctrine" is "mandated by the Due Process Clause[] of the Fifth Amendment").

        **E.**        **The Supreme Court Made *Davis* Retroactive To Cases on Collateral Review.**

*Davis*'s new rule was "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). The Court makes a new rule of constitutional law retroactive to cases on collateral review by explicitly declaring it retroactive, or through a combination of holdings that "necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001); *see also San-Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002).

Here, the retroactive application of *Davis* is "necessarily dictate[d]" by a long line of Supreme Court cases holding that "[n]ew *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *see also Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Davis*'s new rule is "substantive" because it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351; *see also Reece*, 938 F.3d at 635 ("[T]he rule announced in *Davis* meets the standard for a new substantive rule.")

In particular, *Davis* establishes that, pursuant to the Due Process Clause, some convictions pursuant to § 924(c) cannot be considered crimes of violence. Thus, *Davis* renders some conduct that was formerly criminal no longer criminal under the § 924(c) statute. *See, e.g.*, *United States v. Mathis*, 932 F.3d 242, 266-67 & n.25 (4th Cir.) (holding that after *Davis*, VICAR based on kidnapping under Virginia law is no longer a § 924(c) "crime of violence"), *cert. denied*, *Uhuru v. United States*, 140 S. Ct. 639 (2019).

A decision is also "substantive" if it "alters . . . the class of persons that the law punishes." *Welch* 136 S. Ct. at 1264–65 (citation omitted). *Welch*'s reasoning applies with even

8

more force here because *Davis* not only alters sentences, but renders a class of people once subject to § 924(c) liability entirely innocent.

Accordingly, it is clear that *Davis* is retroactive to cases on collateral appeal. *See, e.g.*, *United States v. Dixon*, 789 F. App'x 371 (4th Cir. 2020) (granting a certificate of appealability where the parties agreed that *Davis* applies retroactively); *see also Reece*, 938 F.3d at 635 (holding that the rule announced in *Davis* applies retroactively); *In re Mullins*, 942 F.3d 975 (10th Cir. 2019) (same); *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019) (same).

**F.    *Davis*'s New Rule Was Previously Unavailable To Mr. Johnson.**

The constitutional rule announced in *Davis* was not previously available to Mr. Johnson during direct review or during his prior § 2255 filings. He unsuccessfully attempted to raise constitutional vagueness challenges to his § 924(c) convictions before *Davis* in prior motions for authorization. Until *Davis*, the Supreme Court had not invalidated the residual clause set forth in § 924(c)(3)(B) as unconstitutionally vague, *Davis*, 139 S. Ct. at 2319, and therefore the constitutional rule was previously unavailable to Mr. Johnson.

**II.   AFTER *DAVIS*, MR. JOHNSON'S § 924(C) CONVICTIONS CAN NO LONGER BE SUSTAINED.**

Section 924(c) prohibits "us[ing]" a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). It is "a combination crime," meaning that it "punishes the temporal and relational conjunction of two separate acts." *Rosemond v. United States,* 572 U.S. 65, 75 (2014). Accordingly, the prosecution must make two showings: "the commission of an underlying crime and the use of a firearm." *Simms*, 914 F.3d at 237 (citing *Smith v. United States*, 508 U.S. 223, 227–28 (1993)).

After *Davis*, the essential underlying "crime of violence" element cannot be satisfied in Mr. Johnson's case. Section 924(c)(3) defines "crime of violence" as a felony that:

9

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  As described above, the Supreme Court invalidated § 924(c)(3)(B)—otherwise known as the residual clause—finding it unconstitutionally vague.  *Davis*, 139 S. Ct. at 2336.  Thus, the residual clause, which was cited by the Judge in his instructions to the jury, cannot support Mr. Johnson's § 924(c) convictions.

The surviving clause—often referred to as the elements clause—does not save Mr. Johnson's convictions.  To qualify as a "crime of violence" under the elements clause, the "use of . . . force" must satisfy two requirements.  First, the conduct must involve *violent* force—that is, "strong physical force" that is "capable of causing physical pain or injury to another person."  *Johnson v. United States,* 559 U.S. 133, 140 (2010).  Second, the use of such force must be *intentional*—not merely reckless or negligent.  *See Garcia v. Gonzales,* 455 F.3d 465, 469 (4th Cir. 2006) ("[R]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'" (citation omitted)).  Because at least one—if not all—of Mr. Johnson's convictions fail to satisfy the requirements of the elements clause, his § 924(c) convictions are a legal nullity that were entered in excess of this Court's jurisdiction, and relief under § 2255 is warranted.

A.    **Under the Modified Categorical Approach, a § 924(c) Conviction Based on Multiple Offenses is Invalid If There is Ambiguity as to Which Offense Supported the § 924(c) Conviction and at Least One of the Possible Predicates Is Not Categorically a "Crime of Violence."**

To determine whether a predicate crime constitutes a "crime of violence," the court applies the categorical approach.  *See United States v. Evans,* 848 F.3d 242, 245–46 (4th Cir.

10

19a

2017); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). Under this approach, the court determines only "whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *Simms*, 914 F.3d at 233. To conduct this analysis, a court must "look only to the statutory definitions—*i.e.*, the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]." *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also Simms,* 914 F.3d at 233. In other words, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by the statute, including the least culpable conduct, matches or is narrower than the "crime of violence" definition. *See United States v. Torres-Miguel,* 701 F.3d 165, 167 (4th Cir. 2012); *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008) ("[W]e look only to the statutory definition of the . . . crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'" (citation omitted)); *see also United States v. Davis*, No. 4:18-cr-00011, 2019 WL 3307235, at *9 (W.D. Va. July 23, 2019) ("[T]he key consideration is whether the state statute 'sweeps more broadly than the generic crime.' If the state statute is broader, and is applied to capture non-violent conduct, the conviction in question cannot serve as the predicate § 924(c) 'crime of violence' regardless of whether the defendant's actual conduct violates the generic form of the offense." (quoting *Descamps v. United States*, 570 U.S. 254, 260–61 (2013))), *appeal filed*, (4th Cir. Aug. 22, 2019). If the underlying offense "sweeps more broadly" than § 924(c)'s definition, it is not categorically a crime of violence and does not support a § 924(c) conviction.

If necessary, the court may employ the modified categorical approach, and consult a select few documents to help "'determine what crime, with what elements,' formed the basis of a defendant's conviction." *Mathis*, 932 F.3d at 264 (quoting *Mathis v. United States*, 136 S. Ct.

11

2243, 2249 (2016)).  These documents, known as *Shepard* documents, are generally limited to the indictment, jury instructions, and verdict form.  *See Shepard*, 544 U.S. at 25–26.  In these cases, the modified categorical approach "acts not as an exception [to the categorical approach], but instead as a tool," and the inquiry is similarly confined to the elements of the crime and not the facts of the case.  *Descamps v. United States*, 570 U.S. 254, 263 (2013).

Under the modified categorical approach, an offense cannot qualify as a § 924(c) predicate unless the *Shepard* documents establish with "certainty" that the defendant was "necessarily" convicted of an offense that meets the elements-based test for "crimes of violence." *Shepard*, 544 U.S. at 21.  In a case like this, "plausibility or even likelihood" that the defendant was convicted of a qualifying "crime of violence" is not enough.  *United States v. Clay*, 627 F.3d 959, 967 (4th Cir. 2010).  This high bar protects against the kind of "evidentiary enquiries into the factual basis for the conviction" that the categorical approach was designed to avoid. *Shepard*, 544 U.S. at 20; *see also Fuertes*, 805 F.3d at 498.

When it cannot be conclusively determined that the defendant was convicted of an offense the elements of which categorically qualify as a "crime of violence," the court should assume that he was convicted of the "least serious" offense criminalized by the underlying statutes.  *See United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012) (looking to "the least serious of the statutory conduct" to determine which crime a defendant pleaded guilty to); *see also United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc) ("[I]n trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced – in the absence of a special verdict [form] identifying the factual bases for conviction."); *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) ("[W]e must presume [Ortiz's]

12

conviction rested upon [nothing] more than the least of th[e] acts criminalized." (alterations in original) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1680 (2013))).

Accordingly, a § 924(c) conviction cannot be sustained if one of the possible predicates is not categorically a crime of violence. In *United States v. McCall*, for example, the court vacated a § 924(c) conviction post-*Davis* because the jury could have based its § 924(c) verdict on the offense that did not constitute a crime of violence. No. 3:10CR170-HEH, 2019 WL 4675762, at *6-7 (E.D. Va. Sept. 25, 2019). Likewise, in *United States v. Berry*, the court vacated a § 924(c) conviction post-*Davis* because "'there [wa]s no means of establishing whether the conviction was for attempt' – which *could* qualify as a crime of violence – 'as opposed to conspiracy' – which *does not* qualify as a crime of violence." No. 3:09-cr-00019, 2020 WL 591569, at *3 (W. D. Va. Feb. 6, 2020) (citation omitted). In *United States v. Lettiere*, the court vacated a § 924(c) conviction because the *Shepard* documents "arguably did not establish that he committed a crime of violence as defined by § 924(c)(3)(A)." No. CR 09-049-M-DWM, 2018 WL 3429927, at *4 (D. Mont. July 16, 2018). And, in *In re Gomez*, the Eleventh Circuit recognized that an ambiguous verdict necessarily undermines a § 924(c) conviction based on multiple offenses:

> [W]e can't know what, if anything, the jury found with regard to Gomez's connection to a gun and these crimes. That is because the jurors had multiple crimes to consider in a single count, so they could have convicted Gomez of the § 924(c) offense without reaching unanimous agreement on during which crime it was that Gomez possessed the firearm.

830 F.3d 1225, 1227 (11th Cir. 2016). Thus, a § 924(c) conviction based on multiple predicates cannot stand when one possible predicate offense does not categorically qualify as a crime of violence and the *Shepard* documents do not conclusively establish the basis of the § 924(c) conviction.

13

In Mr. Johnson's case, the *Shepard* documents do not establish with "certainty" which potential predicates support the jury's ultimate § 924(c) determinations. The indictment pointed to multiple possible underlying offenses under 18 U.S.C. § 1959(a) and 21 U.S.C. §§ 846 and 848(e)(1)(A). And the jury instructions only referred to the general terms used in the statute itself:

> It is charged in the indictment that . . . [the defendants] used a firearm during and in relationship – or in relation to the commission of a crime of violence or a drug-trafficking crime.

<center>***</center>

> In order to sustain its burden of proof of the crime of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime as charged in Counts Six, Nine, Twelve, Fifteen, Twenty, and Twenty-Six of the indictment, the government must prove the following two essential elements beyond a reasonable doubt: One, the defendant committed the crime as charged in the indictment; and two, during and in relation to the commission of *that* crime, the defendant knowingly used or carried a firearm.

<center>***</center>

> The offenses alleged in Counts . . . Eight, Ten, Eleven, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty-one, Twenty-two, Twenty-three, Twenty-four, Twenty-five, Twenty-seven, Twenty-eight, Twenty-nine, Thirty . . . are crimes of violence or drug trafficking crimes.

Jury Instructions, 191a–192a. Moreover, the § 924(c) counts on the special verdict form refer only to "killing"—which matches the language used to describe both § 1959(a) and § 848(e) on the verdict form.

In sum, under the modified categorical approach, Mr. Johnson's § 924(c) convictions are invalid because they were based on one or more crimes that do not qualify as a "crime of violence" after *Davis*. As set forth below, neither § 1959(a) nor § 848(e) qualifies as a categorical "crime of violence" under *Davis*, and Mr. Johnson's convictions cannot be sustained.

<center>14</center>

<center>23a</center>

**B.    Section 1959(a) is not categorically a "crime of violence" and thus cannot support a § 924(c) conviction.**

Section 1959 was identified as a possible underlying crime for each of Mr. Johnson's § 924(c) convictions.  This statute sets forth multiple crimes that are punishable when done "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity."  18 U.S.C. § 1959(a).  These crimes include (1) murder, (2) kidnapping, (3) maiming, (4) assault with a dangerous weapon, (5) assault resulting in serious bodily injury, (6) a threat to commit a crime of violence, (7) attempt to commit the foregoing, or (8) conspiracy to commit the foregoing.  *Id.*  Here, the jury instructions and other *Shepard* documents create grave uncertainty as to the predicate of Mr. Johnson's § 924(c) convictions, identifying as many as four types of § 1959 conduct—each of which categorically fails to qualify as a § 924(c) "crime of violence" following *Davis*.  Under the modified categorical approach, as described above in Section II.A, even one invalid predicate undermines Mr. Johnson's § 924(c) convictions.

1.    *The jury was empowered to base Mr. Johnson's § 924(c) convictions on § 1959 conspiracy, which is not a categorical "crime of violence," and it may have done so.*

Conspiracy does not qualify as a categorical "crime of violence" and thus cannot support a § 924(c) conviction.  The Fourth Circuit made this clear in *Simms*: "[T]o convict a defendant of [a conspiracy] offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the [statute at issue].  Such an agreement does not invariably require the actual, attempted, or threatened use of physical force." 914 F.3d at 233–34.

15

24a

As noted above, 18 U.S.C. § 1959 includes conspiracy to commit any of the multiple crimes listed in the statute.  In Mr. Johnson's case, the court also specifically instructed the jury that it could base its finding of guilt on the crime charged *or* on "conspir[acy] to commit the crime charged in the particular count under consideration."  Jury Instructions 191a.  It is impossible to tell whether the jury found Mr. Johnson guilty of § 924(c) based on conspiracy, the crime itself, *or* both.  However, this Court must assume that the jury followed the jury instructions, which unequivocally instructed that the § 924(c) conviction could be predicated on either the crime or the conspiracy.  *United States v. Runyon*, 707 F.3d 475, 497 (4th Cir. 2013) ("Our analysis is governed, first and foremost, by the 'almost invariable assumption of the law that jurors follow their instructions.'" (quoting *Richardson v. Marsh*, 481 U.S. 200, 206 (1987))); *see also United States v. Hager*, 721 F.3d 167, 189 (4th Cir. 2013) ("Without any evidence to the contrary, we must assume that the jury followed the instructions given to it by the court.").  In *McCall*, the court vacated the defendant's § 924(c) conviction because conspiracy could not qualify as a § 924(c) predicate and the "liability in [the § 924(c) count] could have been based on committing assault with a dangerous weapon by either unlawful or malicious wounding or brandishing *or conspiring* to commit those offenses."  2019 WL 4675762, at *7 (emphasis added).  Because conspiracy cannot qualify as a "crime of violence," all of Mr. Johnson's § 924(c) convictions are invalid.

>    2.    *After* Davis*, Mr. Johnson's § 924(c) can no longer rest on § 1959 murder offenses.*

Even if the jury instructions had not referred to § 1959 conspiracy, Mr. Johnson's § 1959 counts do not otherwise stand up to the categorical, elements-based approach required for § 924(c) convictions after *Davis*.  In the Fourth Circuit, a "crime of violence" requires intent.

16

*United States v. Townsend,* 886 F.3d 441, 444–45 (4th Cir. 2018) ("'Use' of force means to act

with a *mens rea* more culpable than negligence or recklessness."); *United States v. McNeal*, 818

F.3d 141, 154–55 (4th Cir. 2016) ("Although *Leocal* reserved the question of whether a reckless

application of force could qualify as a 'use' of force, we answered that question two years later

by ruling that recklessness was not enough."); *see also, e.g.*, *United States v. Middleton*, 883

F.3d 485, 497 (4th Cir. 2018) ("The difference in mental states distinguishes the reckless

causation of death . . . that cannot constitute a 'use . . . of physical force,' from the intentional

causation of injury . . . that constituted 'use of . . . physical force.'") (Floyd, J., concurrence in

part) (first and third alterations in original) (citations omitted); *Popal v. Gonzales*, 416 F.3d 249,

254 (3d Cir. 2005) (holding that a court may not assume a *mens rea* greater than "the minimum

culpability required for a conviction under" the predicate statute and finding that, because the

predicate statute "requires a *mens rea* of recklessness, rather than intent, it is not a crime of

violence under § 16(a)").[3]  Accordingly, a crime that could be committed without intent sweeps

more broadly than § 924(c) allows and cannot qualify as a "crime of violence" under the

elements clause.  *Garcia*, 455 F.3d at 468 ("[The predicate state statute] does not contain an

element that there be the intentional employment of physical force against a person or thing, and

thus is beyond the scope of 18 U.S.C. § 16(a)").  In Mr. Johnson's case, § 1959(a) fails under

this standard for several reasons.

---

[3]  The question of whether a crime that can be committed recklessly can qualify as a categorical
"crime of violence" is currently pending before the Supreme Court.  *See Borden v. United
States*, 140 S.Ct. 1262 (2020) (granting certiorari).

17

First, even a cursory review of the record here reveals that it is devoid of any reference to a specific "murder" statute to which the categorical, elements-based approach required by *Davis* could be applied. Indeed, neither the indictment, nor the jury instructions, nor the jury's verdict references a specific "murder" charge or statute.

To be sure, an elements-based analysis of a murder statute can only occur where there is a statute to analyze. And in this case, given the lack of any reference to a specific murder statute, it is <u>impossible</u> to determine whether Mr. Johnson was convicted of "murder" with the requisite *mens rea* to support his § 924(c) conviction after *Davis*. As a result, it cannot be said that he was convicted of a crime that is categorically a "crime of violence."

Second, even if Mr. Johnson's § 1959 conviction rested on the federal murder statute, 18 U.S.C. § 1111[4]—which it did not—that statute is not categorically a "crime of violence" because it does not require intent. Section 1111 encompasses second degree murders that do not require

---

[4]    The Court instructed the jury that a state murder statute could not support a conviction here: "[The defendants] have been charged with two very specific, very distinct types of homicide: Killing while engaged in or in furtherance of a Continuing Criminal Enterprise in violation of Title 21 Section 841(e) of the United States Code, and killing for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity in violation of Title 18 Section 1959 of the United States Code. / The reason you are being asked to limit your deliberations to these two very specific types of killings is that you are sitting as a jury in a federal court. In criminal cases, federal courts may try a defendant only for violations of federal law. Most types of homicide, that is murder in the first degree or the second degree, voluntary manslaughter, are crimes under state law, not federal law. And therefore, they cannot be tried by this Court. / As I am about to explain to you, if in your deliberations you find that a particular defendant has killed another person, that would not be enough for you to find that defendant guilty of a federal crime. Instead, you must be convinced beyond a reasonable doubt that each of the specific elements of a federal crime charged in the indictment has been proved by the government." Jury Instructions, 188a.

18

the government to prove that the killing was intentional.  This is true because the elements of

§ 1111 are (1) "unlawful killing of a human being" and (2) "malice aforethought," which does

not require the higher degree of *mens rea* demanded by § 924(c).  18 U.S.C. § 1111(a).  Instead,

the "malice aforethought" element of § 1111 requires only evidence of conduct that is "reckless

and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury

is warranted in inferring that defendant was aware of a serious risk of death or serious bodily

harm."  *United States v. Fleming*, 739 F.2d 945, 947–48 (4th Cir. 1984) (quoting *United States v.*

*Black Elk*, 579 F.2d  49, 51 (8th Cir. 1978)); *United States v. Begay*, 934 F.3d 1033, 1040 (9th

Cir. 2019) ("[S]econd-degree murder may be committed recklessly—with a depraved heart

mental state—and need not be committed willfully or intentionally."); U.S. Dep't of Justice,

Violent Crimes in Aid of Racketeering: A Manual for Federal Prosecutors 30 (2006),

https://www.justice.gov/sites/default/files/criminal/legacy/2010/11/12/2006vcar-manual.pdf

("The government need not show a subjective intent to kill" to establish malice aforethought.).

And because it can be committed without intent, murder under § 1111 is not categorically a

"crime of violence."  *Begay*, 934 F.3d at 1041 ("Because second-degree murder [as defined in

§ 1111] can be committed recklessly, rather than intentionally, it does not categorically

constitute a crime of violence.").

While this Court has ruled that some second degree murder statutes qualify as "crimes of

violence," those rulings referenced specific statutes that were susceptible to the required

elements-based analysis and rested upon the conclusion that the statute required intent.  In *In re*

19

*Irby*, for example, the defendant was convicted of <u>retaliatory murder under 18 U.S.C. § 1513</u>.[5]

Section 1513 "makes it an offense to intentionally kill another person in retaliation." *In re Irby*,

858 F.3d 231, 234 (4th Cir. 2017). Given the identification of a specific murder statute for

analysis in *Irby,* this Court was able to determine that each element—including the *mens rea*

element—satisfied the requirements of "crime of violence." *Id.* But such an analysis is

impossible here, where neither the Government, nor Mr. Johnson, nor this Court, has any way to

determine the elements of the "murder" referenced by the jury in its verdict. Similarly, in *United*

*States v. Parrish*, the defendant was convicted of second degree murder under North Carolina

law, which "is proved by intentional conduct." 767 F. App'x 440, 442 (4th Cir. 2019) (citation

omitted). Again, nothing in the record relating to Mr. Johnson's case references a murder statute

that categorically qualifies as a crime of violence. For that reason, cases like *Irby* do not

control—and are in fact irrelevant to—this court's analysis of Mr. Johnson's convictions.

Third, homicide under § 1959(a)(1) also encompasses felony murder—including felony

murders in which the underlying homicide is committed by another person and the felony

murders are based on an underlying felony that does not involve the use or threatened use of

violent physical force. For example, burglary lacks an element requiring the intentional use of

force but may serve as a predicate felony for a felony murder under both state and federal law.

*Taylor*, 495 U.S. at 597 (". . . considered solely in terms of [its] statutory elements, [burglary]

do[es] not necessarily involve the use or threat of force against a person"); *see also, e.g.,* 18

---

[5]    The defendant in <u>*Irby* was also convicted of 18 U.S.C. § 1111, which the court described as</u>
<u>setting forth the punishment for a violation of § 1513</u>. *In re Irby*, 858 F.3d 231, 234 (4th Cir.
2017).

20

U.S.C. § 1111(a) (defining murder to include murder "committed in the perpetration of, or attempt to perpetrate, any . . . burglary").  Because intent is not required, § 1959(a)(1) sweeps more broadly than §924(c) and cannot categorically qualify as a crime of violence.

Finally, both §§ 1959(a)(1) and 1959(a)(2) categorically fail to qualify as "crime[s] of violence" under § 924(c)(1)(A) since they cover acts of omission that do not require *any* physical force—much less the "violent force" that is a prerequisite to the constitutional application of the elements clause.  Homicide under § 1959(a)(1)—like a wide range of other offenses under state and federal law—can be violated by an act of omission.  *See, e.g., United States v. Gomez,* 690 F.3d 194, 200–01 (4th Cir. 2012) (holding that statute categorically fails to qualify as a "crime of violence" under elements clause because "a defendant may be found guilty" under the statute "by committing an affirmative act or by neglecting to act, neither of which necessarily requires the use of physical force"); *United States v. Scott*, 954 F.3d 74, 87 (2d Cir. 2020) (holding "that New York first-degree manslaughter is not a crime of violence under the force clause of ACCA because it can be committed by inaction").  For example, a wide range of acts of omission that can be committed without any force at all could lead to a homicide conviction under § 1959(a)— from "the deliberate failure to provide food or medical care" to leaving someone locked in a dangerous place.  *See, e.g.*, *Torres-Miguel,* 701 F.3d at 169–70 (citing examples); *United States v. Mayo,* 901 F.3d 218, 227 (3d Cir. 2018) (holding that offense did not category qualify as a "crime of violence" under elements clause because convictions under it "have been upheld not because a defendant used physical force against the victim, but because serious bodily injury occurred, as with the deliberate failure to provide food or medical care").  *But see United States v. Rumley*, 952 F.3d 538 (4th Cir. 2020) (explaining—though in dicta—"that the intentional infliction of bodily harm requires a use of physical force, *even if* the means used are indirect").

21

30a

While there are many ways in which force could be used to violate §§ 1959(a)(1) or 1959(a)(2), the plain language of the statute is broad enough to cover myriad acts of omission that do not involve *any* force—much less the "violent force" that is a prerequisite to constitutional application of the elements clause.  And under the categorical approach, a § 924(c) conviction cannot rest on a statute that reaches conduct that is not categorically a "crime of violence."

      3.      *Maiming is not categorically a crime of violence and thus cannot support Mr. Johnson's 924(c) convictions.*

A similar analysis of Mr. Johnson's "maiming" charges leads to the same conclusion.  The indictment fails to identify a particular statute defining maiming, and the jury instructions say even less about maiming than they do about murder.  In fact, the relevant counts are referenced numerically and never described.  As a result, it is <u>impossible</u> to determine whether Mr. Johnson was convicted of crimes that would categorically qualify as "crimes of violence."

Additionally, maiming under § 1959(a)(2) suffers from the same defects as murder, described in Section II.B.2: it can be committed by acts of omission that do not require any physical force whatsoever.  Maiming is an assault, which itself does not require actual violent physical force.  *See United States v. Royal,* 731 F.3d 333, 341 (4th Cir. 2013).  Moreover, the intent element of maiming does not convert  assault into a "violent felony" because it can be accomplished merely by *causing* injury rather than the use of strong physical force.  *See Torres-Miguel,* 701 F.3d at 168 ("Not to recognize the distinction between a use of force and a result of injury is not to recognize the 'logical fallacy . . . that simply because all conduct involving a risk of the use of physical force also involves a risk of injury then the converse must also be true.'" *Id.* at 169.)

22

4.    *Mr. Johnson's 924(c) convictions cannot rest on assault resulting in serious bodily injury, which is not categorically a crime of violence.*

Count 16 charged Mr. Johnson with "assault resulting in serious bodily injury." Second Superseding Indictment 376a. Because no intent is required for such a conviction, this is not categorically a crime of violence and thus does not support a conviction under § 924(c)(1)(A). *See United States v. Knif*e, 592 F.2d 472, 482 (8th Cir. 1979) ("Section 113(f) requires only that the assault shall have resulted in serious bodily harm; the assault need not have been committed with a dangerous weapon, or with intent to do bodily harm." (citation omitted)).

### C.    Mr. Johnson's § 848(e) Convictions Also Fail to Qualify as Categorical "Crimes of Violence" under § 924(c).

Section 848(e)[6] applies to "any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results." 21 U.S.C. § 848(e)(1)(A). A violation of § 848(e) for "counsel[ing], command[ing], induc[ing], procur[ing], *or* caus[ing]" a killing categorically fails to qualify as a "crime of violence," and § 848(e) therefore cannot support Mr. Johnson's § 924(c) convictions.

The available *Shepard* documents—the indictment, the jury instructions, and the verdict form—fail to establish the alleged § 924(c) predicate. The indictment alleged that Mr. Johnson both "killed" and "counseled, commanded, induced, procured, and caused" the killing. The jury instructions add to this ambiguity, allowing the jury to convict Mr. Johnson if he "*either*

---

[6]    Section 848(e) was identified as a possible underlying crime for all of Mr. Johnson's § 924(c) charges but Count 15.

23

intentionally killed, *or* counseled, commanded, induced, procured, *or* caused" the killing.  Jury Instructions 189a (emphasis added).  The jury was never directed to pick one versus the other, and the Court "must assume that the jury followed the instructions given to it by the court." *Hager*, 721 F.3d at 189.  Even the special verdict form left the matter vague, simply referring to the "killing" generally without identifying the role Mr. Johnson was found to have played.[7]  Under the modified categorical approach, this ambiguity ultimately invalidates Mr. Johnson's § 924(c) convictions.

"[C]ounsel[ing], command[ing], induc[ing], procur[ing], *or* caus[ing]" does not qualify as a "crime of violence" because it does not require the necessary use of force.  Like conspiracy, "counseling" or "commanding" only requires interaction with others regarding the underlying actions.  And like conspiracy, such an interaction with a third-party "does not invariably require the actual, attempted, or threatened use of physical force." *Simms*, 914 F.3d at 234.  Because the jury could have convicted Mr. Johnson of carrying a firearm while counseling his co-defendant, the court must assume that Mr. Johnson's § 848(e) conviction rested on this predicate offense— the "least serious of the disjunctive statutory conduct." *Chapman*, 666 F.3d at 228.  And under the categorical approach, the Court must assume that Mr. Johnson's § 924(c) convictions were predicated on § 848(e)'s "counsels, commands, induces" language, which is not categorically a "crime of violence."[8]

---

[7]  In order to be construed as consistent with the jury instructions, the word "killing" must be considered short hand for both clauses of § 848(e).  This Court must assume that the jury followed the jury instructions, which unequivocally instructed that the § 924(c) conviction could be predicated on any of the possible § 848(e) conduct listed.  *Hager*, 721 F.3d at 189.

[8]  Counts Nine, Twelve, Twenty, and Twenty-Six included § 848(e) as a possible predicate.

24

While § 848(e) can be categorized as a drug trafficking crime, it can be relied on as either a predicate drug trafficking crime or an underlying crime of violence under § 924(c). *See United States v. Turner*, 198 F.3d 425, 432 (4th Cir. 1999) (concluding that § 848(e)(1)(A) is "a substantive crime of violence"); *United States v. NJB*, 104 F.3d 630, 635 (4th Cir. 1997) (". . . § 848(e) clearly sets forth a separate substantive violent offense . . . ."). And the *Shepard* documents in Mr. Johnson's case fall far short of establishing with "certainty" how § 848(e) was considered by the jury. In the jury instructions, the court never identifies which counts were drug trafficking crimes, merely stating generally that "[t]he offenses alleged . . . are crimes of violence *or* drug trafficking crimes." Jury Instructions 192a (emphasis added). Moreover, the Presentence Investigation Report (PSR) confirms that the § 924(c) convictions relied on "crimes of violence." Indeed, the government itself concluded in the PSR that Mr. Johnson was convicted under § 924(c) based on "Use of a Firearm in Relation to a Crime of Violence." *See* PSR ¶¶ 72, 74, 76, 84, 89 (Counts 9, 12, 15, 20, 26), Apr. 22, 1993; *see id.* ¶ 50 (explaining that "Offense Conduct" descriptions are "based totally on the Government's set of facts" and interviews with Assistant United States Attorney Howard C. Vick Jr.).

The Fourth Circuit has rejected reliance on predicate crimes not expressly designated as such in the PSR, citing to the doctrine of expression *unius est exclusion alterius*. *United States v. Hodge*, 902 F.3d 420, 428 (4th Cir. 2018) ("Where the PSR specifically designates certain convictions as ACCA predicates and declines to designate others, it notifies the defendant that only the designated predicates will be used to support the ACCA enhancement." *Id.* at 427. "Requiring defendants to object to these excluded convictions in anticipation of arguments the Government might make in a subsequent proceeding would undermine the adversarial

25

34a

process . . . ." *Id.* at 428.).  As a result, the court must assume that Mr. Johnson's § 924(c) convictions were based on purported "crimes of violence."

### III.    BECAUSE ALL FIVE OF MR. JOHNSON'S § 924(C) CONVICTIONS ARE INVALID AFTER *DAVIS*, MR. JOHNSON IS ENTITLED TO BE RESENTENCED.

In light of the foregoing analysis*,* Mr. Johnson's five § 924(c) convictions are unconstitutional and never should have been before the jury in the first instance.  Where, as here, a defendant has been sentenced on multiple convictions, one of which subsequently is invalidated, "the real question," the Supreme Court has said, is "whether the sentence…might have been different if the [jury] had known that at least two of [Mr. Johnson's] previous convictions had been unconstitutionally obtained."  *United States v. Tucker,* 404 U.S. 443, 448 (1972).  Relying upon *Tucker,* courts have held that a defendant must be resentenced on any valid convictions "unless it can be ascertained from the record that a [jury's] sentence on a valid conviction was not affected" by invalid convictions.  *Bourgeois v. Whitley,* 784 F.2d 718, 721 (5th Cir. 1986); *see also Jerkins v. United States,* 530 F.2d 1203, 1204 (5th Cir. 1976) (same); *James v. United States,* 476 F.2d 936 (8th Cir. 1973) (same).

The bar is heightened where, as here, "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special 'need for reliability in the determination that death is the appropriate punishment' in any capital case." *Johnson v. Mississippi,* 486 U.S. 578, 584 (1988) (citation omitted).  That is because "[t]he decision to exercise the power of the State to execute a defendant is unlike any other decision citizens and public officials are called upon to make." *Mills v. Maryland,* 486 U.S. 367, 383 (1988).  And the Supreme Court has made clear that "[t]he *possibility* that [a defendant's]

26

jury conducted its task improperly certainly is great enough to require resentencing." *Id.* at 384 (emphasis added).

Here, it cannot be ascertained from the record that the jury's death sentence "was not affected" by the unconstitutional § 924(c) convictions. *Whitley,* 784 F.2d at 721. The record fails to eliminate, as it must, the "possibility" that the "jury conducted its task improperly." *Mills*, 486 U.S. at 383. Instead, the record shows that the government relied almost exclusively on evidence from the guilt phase of the trial and "did not put on a great deal of evidence" during the penalty phase. *See* Trial Tr. Vol. XXII, 303a, 306a–307a. In doing so, the government urged the jury to rely upon its findings "in your guilt phase verdict." *Id.* at 307a. Thus, the jury's decision to impose the death penalty was impacted by the invalid § 924(c) convictions. It is inconceivable that the cumulative weight of the five § 924(c) counts upon which the jury was instructed to reach a verdict—but none of which actually constituted a crime—did not impact the jury's decision to impose a sentence of death.

In light of the Eighth Amendment's requirement of reliability in capital sentencing, the "possibility" that the jury improperly relied upon the unconstitutional § 924(c) convictions in sentencing him to death requires that Mr. Johnson be resentenced on the remaining counts.

## CONCLUSION AND PRAYER FOR RELIEF

For all the reasons set forth above, Mr. Johnson respectfully asks this Court to vacate his convictions and sentences on Counts 9, 12, 15, 20, and 26, the invalid charges under 18 U.S.C. § 924(c).

Mr. Johnson further requests the following relief:

a) That this Court vacate Mr. Johnson's sentences on all of the remaining counts and order a new sentencing proceeding on those counts.

27

b) That this Court grant him leave to amend this motion, including by submitting a supplemental memorandum of law to support it.

c) That this Court schedule a status conference on this motion at the Court's earliest convenience, and order that he be personally present at such conference.

d) Any other relief that may be necessary to correct Mr. Johnson's invalid conviction and sentence and put him back in the position he would have been in were it not for having been convicted of non-existent crimes.

Dated: May 22, 2020                                 Respectfully submitted,


/s/Darren M. Welch
Darren M. Welch, VA Bar #: 45985
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Ph: (202) 371-7804
Fax: (202) 661-8267
Email: darren.welch@skadden.com


Donald P. Salzman*
Austin K. Brown*
Kathleen Shelton*
Peyton Chaney*
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
Ph: (202) 371-7983
Fax: (202) 661-9063
Email: donald.salzman@skadden.com
* pro hac vice to be filed


*Counsel for Corey Johnson*

28

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|                          |   |           |
|--------------------------|---|-----------|
| In re: COREY JOHNSON     | ) |           |
|                          | ) | No. 20-8  |
| Movant                   | ) |           |
|                          | ) |           |

**United States' Response to Application to File Successive § 2255**

Defendant received death sentences in 1993 on seven counts under 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. These seven counts held defendant accountable for the drug-trafficking-related murders of seven people—Peyton Maurice Johnson; Louis J. Johnson, Jr.; Bobby Long; Anthony Carter; Dorothy Mae Armstrong; Curtis Thorne; and Linwood Chiles—in, respectively, counts 8, 11, 17, 18, 19, 24, and 25. Defendant was also convicted for his role in the murder of an eighth person, Torrick Brown, Jr., in count 14, and in an assault resulting in serious bodily injury to Martha McCoy in count 16.

In addition to his seven death sentences under § 848(e)(1)(A), and his convictions and sentences on other counts, defendant was also convicted of, among other offenses, five counts under § 924(c). The § 924(c) counts are consecutive to defendant's death sentences and the sentences for other counts.

Defendant now argues that his five § 924(c) counts are invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019), because, according to him, the predicate offenses in those § 924(c) counts depend on § 924(c)(3)(B), which *Davis*

1

invalidated as unconstitutionally vague.  Defendant also contends that, if his

§ 924(c) offenses are invalid, they might have somehow affected his death

sentences, requiring a new capital sentencing.  But defendant's application for a

successive § 2255 should be denied.  His § 924(c) convictions remain valid, and

even if he could vacate those convictions, no capital resentencing would be

justified.

This Court has previously denied three applications that defendant has filed

challenging his § 924(c) convictions under a constitutional vagueness theory.  *See*

*In re Johnson*, No. 16-4, Doc. 10; *In re Johnson*, No. 16-13, Doc. 8; *In re Johnson*,

No. 19-1, Doc. 13.  This Court should deny this new application as well because,

just as in defendant's prior applications, the constitutionality of § 924(c)(3)(B)

makes no difference in defendant's case.  None of his § 924(c) convictions depend

on § 924(c)(3)(B).  Even when a defendant invokes a new rule of constitutional

law that the Supreme Court has made retroactive on collateral review, a defendant

"must make a 'plausible' claim for relief."  *In re Irby*, 858 F.3d 231, 233 (4th Cir.

2017).  This Court will not "authorize a successive § 2255 motion that is plainly

barred as a matter of law."  *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014).

As described below, and as the attachments to this pleading show,

defendant's indictment charged (Attach. 1)—and the jury instructions provided

(Attach. 2)—that each of defendant's § 924(c) counts have *both* still-valid drug-

trafficking *and* still-valid crime-of-violence predicates.  The court instructed the

2

jury that all of the charged predicates are crimes of violence or drug trafficking crimes. (Attach. 2, Tr. at 5,947.) The jury then convicted defendant of every one of the predicate offenses charged in the § 924(c) counts against him. The existence of the valid drug-trafficking predicates alone suffices to uphold his § 924(c) convictions. But in addition, each § 924(c) conviction rests on a valid drug-trafficking predicate *and* on a valid predicate that satisfies § 924(c)(3)(A). There is no rational way to interpret the jury verdicts without concluding that the jury accepted predicates that unquestionably are unaffected by *Davis*. Defendant participated in the series of murders with Richard Tipton and James Roane, and as this Court explained in defendant's direct appeal, the murders that formed the basis of the § 924(c) convictions were "all in relation to their drug-trafficking operation," and the murders occurred "because their victims were suspected of treachery or other misfeasance, or because they were competitors in the drug trade, or because they had personally offended one of the 'partners.'" *United States v. Tipton*, 90 F.3d 861, 868 (4th Cir. 1996).

Convictions under 21 U.S.C. § 846 and 21 U.S.C. § 848(e)(1)(A) remain valid predicates under § 924(c) after *Davis*, and defendant's present application for permission to file a successive § 2255—like his three previous applications—offers no persuasive argument that § 846 and § 848(e)(1)(A) are not valid predicates. With those predicates alone, defendant's claim fails.

3

Defendant centers his argument for relief on his claim that the VICAR predicates that were also listed in the § 924(c) counts could not validly serve as predicates under § 924(c)(3)(A).  Although defendant does not acknowledge it, after his last application, this Court held that VICAR murder satisfies § 924(c)(3)(A), *see United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019), and seven of the VICAR predicates (counts 10, 13, 14, 21, 22, 23, 27, and 28) charged VICAR murder.  But even if defendant were right—and he is not—that his claim about the jury instructions suffice in a successive § 2255 to invalidate the VICAR predicates, or that the three predicates that charged VICAR assault with serious bodily injury and VICAR maiming fail to satisfy § 924(c)(3)(A), none of this would matter.  The § 846 and § 848(e)(1)(A) predicates would suffice— particularly when a defendant is raising a procedurally defaulted claim in an application for a successive § 2255.

Even on direct appeal—much less when considering a procedurally defaulted claim in a successive § 2255—this Court and other courts have rejected § 924(c) challenges under plain error when a defendant went to trial and his § 924(c) conviction had one valid predicate and one invalid predicate, and the jury would have found the defendant guilty, relying on just the valid predicate.  *See, e.g., United States v. Steward*, 793 F. App'x 188, 190 (4th Cir. 2019) ("Because there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of

4

violence to the § 924(c) charge, we conclude that there is no reason to vacate the § 924(c) conviction."); *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016) ("[E]ven assuming that a Hobbs Act robbery is not a crime of violence, Appellants' verdicts may be sustained because the jury found Appellant guilty of possessing, and conspiring to possess, a firearm in furtherance of the drug trafficking crime of which they were convicted in Count 2."). The analysis in *Steward* and *Hare* follows a well-settled body of precedent from this Court finding similar errors in alternative theories of liability under § 924(c) to be harmless. *See, e.g., United States v. Robinson*, 627 F.3d 941, 954–55 (4th Cir. 2010) (erroneous "use" instruction in § 924(c) harmless given alternative "possession" instruction, even if "use" and "possession" theories created distinct offenses and even though jury returned general verdict); *United States v. Hastings*, 134 F.3d 235, 243–44 (4th Cir. 1998) (erroneous "use" instruction for § 924(c) count harmless given valid "carry" theory).

Although no special verdict specifically identifies the predicate offenses that the jury found, that makes no difference here because the jury convicted defendant of all of the predicate offenses, including the drug-trafficking predicates, and there is no rational way for the jury to have concluded that the drug-related shootings failed to be committed during and in relation to each of the charged drug-trafficking predicates. *See, e.g., United States v. Jefferson*, 674 F.3d 332, 361 (4th Cir. 2012) ("[I]f the evidence that the jury 'necessarily credited in order to convict

5

the defendant under the instructions given … is such that the jury must have convicted the defendant on the legally adequate ground in addition to or instead of the legally inadequate ground, the conviction may be affirmed.'") (citation omitted).

Other courts have following this Court's precedent above in analyzing errors at trial for convictions under § 924(c).  *See, e.g., United States v. Wilson*, – F.3d –, 2020 WL 2603219, at *10 (3d Cir. May 22, 2020) ("The District Court instructed the jury that *either* conspiracy *or* armed bank robbery would count as a predicate crime for a § 924(c) conviction, as long as the jury found that the defendant had used or carried the gun to further the crime.  And the jury convicted both defendants on both bank-robbery counts.  So the instruction about conspiracy did not matter.  Even if it was erroneous, any error was harmless.") (citations omitted).

## I.     Background

Defendant and two codefendants were sentenced to death in 1993 after more than three weeks of trial and sentencing proceedings.  Defendant was convicted on counts 1, 2, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32.  His convictions and death sentences were affirmed on direct appeal.  *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996), *cert. denied*, 520 U.S. 1253 (1997).  And his challenges to his convictions and death sentences were also denied under § 2255.  *United States v. Roane*, 378 F.3d 382 (4th Cir.

6

2004), *cert. denied*, 546 U.S. 810 (2005).  Defendant remains today subject to valid death sentences.

Defendant's criminal conduct was exceptionally serious—even for homicide defendants.  As this Court noted in defendant's direct appeal, the jury convicted him "of all seven of the capital murders with which he was charged under [21 U.S.C.] § 848(e)." *Tipton*, 90 F.3d at 869.  Defendant was "also convicted of conspiracy to possess cocaine base with the intent to distribute (21 U.S.C. § 846), engaging in a CCE (21 U.S.C. § 848(a)), eleven counts of committing acts of violence (including the seven killings charged under § 848(e)) in aid of racketeering activity (18 U.S.C. § 1959), five counts of using a firearm in relation to a crime of violence or drug trafficking offense (18 U.S.C. § 924(c)), and two counts of possession of cocaine base with the intent to distribute (21 U.S.C. § 841(a)(1))." *Tipton*, 90 F.3d at 869-70.

Notably, as both defendant's indictment and the jury instructions reflected, defendant's five convictions under § 924(c) each had multiple predicate offenses that included both crimes of violence and drug-trafficking offenses.  Defendant's § 924(c) offenses are as follows:

| *§ 924(c) count* | *Date* | *Predicate offenses* | |
|---|---|---|---|
| Count 9 | Jan. 14, 1992 | Count 1 | (21 U.S.C. § 846) |
| | | Count 8 | (21 U.S.C. § 848(e)(1)(A), murder of Peyton Maurice Johnson) |

7

|  |  | Count 10 | (18 U.S.C. § 1959, VICAR murder of Peyton Maurice Johnson) |
|---|---|---|---|
| Count 12 | Jan. 29, 1992 | Count 1 | (21 U.S.C. § 846) |
|  |  | Count 11 | (21 U.S.C. § 848(e)(1)(A), murder of Louis J. Johnson, Jr.) |
|  |  | Count 13 | (18 U.S.C. § 1959, VICAR murder of Louis J. Johnson, Jr.) |
| Count 15 | Feb. 1, 1992 | Count 1 | (21 U.S.C. § 846) |
|  |  | Count 14 | (18 U.S.C. § 1959, VICAR murder of Torrick Brown, Jr.) |
|  |  | Count 16 | (18 U.S.C. § 1959, VICAR assault with serious bodily injury of Martha McCoy) |
| Count 20 | Feb. 1, 1992 | Count 1 | (21 U.S.C. § 846) |
|  |  | Count 17 | (21 U.S.C. § 848(e)(1)(A), murder of Bobby Long) |
|  |  | Count 18 | (21 U.S.C. § 848(e)(1)(A), murder of Anthony Carter) |
|  |  | Count 19 | (21 U.S.C. § 848(e)(1)(A), murder of Dorothy Mae Armstrong) |
|  |  | Count 21 | (18 U.S.C. § 1959, VICAR murder of Bobby Long) |
|  |  | Count 22 | (18 U.S.C. § 1959, VICAR murder of Anthony Carter) |
|  |  | Count 23 | (18 U.S.C. § 1959, VICAR murder of Dorothy Mae Armstrong) |
| Count 26 | Feb. 19, 1992 | Count 1 | (21 U.S.C. § 846) |
|  |  | Count 24 | (21 U.S.C. § 848(e)(1)(A), murder of Curtis Thorne) |
|  |  | Count 25 | (21 U.S.C. § 848(e)(1)(A), murder of Linwood Chiles) |
|  |  | Count 27 | (18 U.S.C. § 1959, VICAR murder of Curtis Thorne) |

Count 28    (18 U.S.C. § 1959, VICAR murder of Linwood Chiles)

Count 29    (18 U.S.C. § 1959, VICAR maiming of Priscilla Green)

Count 30    (18 U.S.C. § 1959, VICAR maiming of Gwendolyn Green)

In his application for a successive § 2255 motion, defendant challenges only his convictions under § 924(c)—counts 9, 12, 15, 20, and 26. As explained below, all five of defendant's § 924(c) convictions remain valid, regardless of *Davis*.

## II.    Analysis

All but one of defendant's § 924(c) convictions listed as a predicate offense a count under § 848(e)(1)(A) on which defendant received a death sentence. Section 848(e)(1)(A) readily satisfies both the definition of a drug-trafficking crime in § 924(c)(2) and the definition of a crime of violence in § 924(c)(3)(A), both of which are unaffected by *Davis*.

### 1.    *Section 848(e)(1)(A) counts as a drug-trafficking crime under § 924(c)(2) and as a crime of violence under § 924(c)(3)(A).*

At the time of defendant's conviction, the classification of a predicate offense as a crime of violence or drug-trafficking offense was properly deemed a question of law for the court. *See, e.g., United States v. Adkins*, 937 F.3d 947, 950 n.1 (4th Cir. 1991) ("Whether an offense is a 'crime of violence' is a question of law for the court, and not a question of fact for the jury. . . . Any error in submitting the issue to the jury benefited Adkins . . . by giving him a 'bite at the apple' to which he was not entitled."); *see also United States v. McNeal*, 818 F.3d

9

141, 151 (4th Cir. 2016). In *Davis*, the Supreme Court agreed that the classification of a predicate offense as a crime of violence is a question of law, determined using the categorical approach. 139 S. Ct. at 2327–31. Courts therefore determine as a matter of law that an offense, such as Hobbs Act robbery, is categorically a crime of violence. *Mathis*, 932 F.3d at 265–66. Juries are not asked to decide whether they agree on that classification.

A.    *Section 848(e)(1)(A) satisfies § 924(c)(2).*

Section 924(c)(2) defines a "drug trafficking crime" for purposes of § 924(c) as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) or chapter 705 of title 46." An offense under § 848(e)(1)(A) falls within that definition. And as this Court and other courts of appeals have held, the definition of a "drug trafficking crime" in § 924(c)(2) is not unconstitutionally vague. *See, e.g., United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016); *Navarro v. United States*, 679 F. App'x 973, 974 (4th Cir. 2017); *Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016); *United States v. Parnell*, 652 F. App'x 117, 122 (3d Cir. 2016); *see also Bell v. United States*, 2020 WL 2217255, at *4 (D. Md. May 7, 2020) ("Courts in this circuit have consistently found that convictions under 924(c) which are based on drug-trafficking crimes are undisturbed by" constitutional vagueness doctrine in cases like *Davis*). Hence, defendant cannot show that a conviction under § 848(e)(1)(A) fails to qualify as a valid predicate after *Davis*.

10

B.    *Section 848(e)(1)(A) satisfies § 924(c)(3)(A).*

An offense under § 848(e)(1)(A) also counts as a crime of violence under § 924(c)(3)(A).  The overlap here is not unusual.  Many offenses that fell under § 924(c)(3)(A) would have satisfied § 924(c)(3)(B) before § 924(c)(3)(B) was invalidated.

Under 21 U.S.C. § 848(e)(1)(A), the government must prove that the defendant killed a person.  Although § 848(e)(1)(A) has three distinct ways in which a connection is drawn between the killing and the drug trafficking, *United States v. Hager*, 721 F.3d 167, 179–80 (4th Cir. 2013), the government must still prove an intentional killing for every violation of § 848(e)(1)(A).  Such proof satisfies § 924(c)(3)(A).

This Court has repeatedly held that an offense that requires proof of a murder satisfies, as a matter of law, § 924(c)(3)(A).  *See, e.g., Mathis*, 932 F.3d at 264-65 (VICAR murder satisfies § 924(c)(3)(A)); *In re Irby*, 858 F.3d 231, 236, 238 (4th Cir. 2017) (second-degree retaliatory murder is a crime of violence under § 924(c)(3)(A)); *cf. United States v. Allred*, 942 F.3d 641 (4th Cir. 2019) (knowingly engaging in conduct that causes bodily injury in violation of witness retaliation statute satisfies ACCA's elements clause); *United States v. Battle*, 927 F.3d 160, 167 (4th Cir. 2019) (Maryland conviction for assault with intent to murder satisfies ACCA's elements clause "because the offense contemplates an intentional causation of bodily injury").

11

Insofar as defendant argues that § 848(e)(1)(A) could be violated by a bare omission, this Court has rejected such arguments. *See, e.g., United States v. Rumley*, 952 F.3d 538, 551 (4th Cir. 2020).

This Court and the Supreme Court have recognized that crimes of violence and violent felonies encompass crimes "characterized by extreme physical force, such as murder, forcible rape, and assault and battery with a dangerous weapon." *United States v. Bryant*, 949 F.3d 168, 181 (4th Cir. 2020) (quoting *In re Irby*, 858 F.3d at 236; *Johnson v. United States*, 559 U.S. 133, 140-41 (2010)). Indeed, given that "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*," *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019), it follows that the force need to kill a person suffices. Other courts agree. *United States v. Jones*, 906 F.3d 1325 (11th Cir. 2018) (Florida second-degree murder is a violent felony under the ACCA's elements clause); *Hylor v. United States*, 896 F.3d 1219 (11th Cir. 2018) (Florida attempted first-degree murder is a violent felony under the ACCA's elements clause); *United States v. Teague*, 884 F.3d 726, 728-29 (7th Cir. 2018) (Illinois second-degree murder is a crime of violence under the elements clause of the career-offender guideline); *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017) (both murder and attempted murder under Illinois law are violent felonies under the ACCA's elements clause); *United States v. Peeples*, 879 F.3d 282, 286-87 (8th Cir. 2018) (Iowa attempted murder satisfies elements clause of career-offender

12

guideline).  Indeed, court have held that voluntary manslaughter offenses count as crimes of violence under various elements clauses.  *See, e.g., United States v. Smith*, 882 F.3d 460 (4th Cir. 2018) (voluntary manslaughter under North Carolina law satisfies the ACCA's elements clause); *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc) (voluntary manslaughter under Missouri law satisfied the pre-2015 elements clause of U.S.S.G. § 2L1.2).

In short, § 848(e)(1)(A) satisfies § 924(c)(3)(A).

C.      *Aiding and abetting liability does not alter which predicate offenses qualify, and defendant has never contended otherwise.*

Defendant does not contend that aiding and abetting liability would disqualify his predicate offenses and has waived any such claim.  *United States v. Powell*, 666 F.3d 180, 185 n.4 (4th Cir. 2011).  Regardless, such a claim would be meritless.  "Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery."  *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016).  Thus, "an aider and abettor of a Hobbs Act robbery necessarily commits a crime that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"  *Id.*

This Court recently confirmed that accessory liability for a crime of violence is itself a crime of violence, rejecting a defendant's argument that § 924(e)(2)(B)(ii) requires "that the defendant himself used the necessary force."

13

*United States v. Dinkins*, 928 F.3d 349, 359 (4th Cir. 2019); *see also Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189–90 (2007) (noting that "every jurisdiction" has abolished distinctions between principals and aiders and abettors and concluding aiding and abetting thus matched the generic definition of theft). As this Court explained in *United States v. Brayboy*, 789 F. App'x 384, 385 (4th Cir. 2020), other circuits to have addressed this question agree. *See, e.g., United States v. Richardson*, 948 F.3d 733, 741–42 (6th Cir. 2020); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Deiter*, 890 F.3d 1203, 1215–16 (10th Cir. 2018); *see also United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019); *United States v. Grissom*, 760 F. App'x 448, 454 (7th Cir. 2019); *see also United States v. Buie*, – F.3d –, 2020 WL 2781311, at *4 (6th Cir. May 29, 2020).

## 2.    *Defendant's conviction under 21 U.S.C. § 846 qualifies as a drug-trafficking offense under § 924(c)(2).*

As already discussed above, the Supreme Court's constitutional vagueness doctrine does not invalidate the definition in § 924(c)(2), and an offense under § 846 readily satisfies that definition. Defendant does not contend otherwise. Thus, once it is accepted that § 848(e)(1)(A) and § 846 are valid predicates for § 924(c), it follows that each of defendant's § 924(c) offenses has at least one or more valid predicates.

14

### 3. *Defendant's VICAR convictions satisfy § 924(c)(3)(A).*

This Court has already held that a VICAR murder offense satisfied § 924(c)(3)(A). *Mathis*, 932 F.3d at 264-65. Likewise, in *United States v. Keene*, 955 F.3d 391 (4th Cir. 2020), this Court described the relationship between a particular VICAR enumerated offense—there, assault with a dangerous weapon— and the state law referenced in the VICAR statute. As this Court explained, under the VICAR statute in § 1959, "the statutory language at issue requires only that the defendant's *conduct*, presently before the court, constitute one of the enumerated federal offenses as well as the charged state crime." *Id*. at 393. Under this approach, a defendant's VICAR offense can be no broader than the enumerated federal offense, and every instance of defendant's VICAR offenses of assault resulting in serious bodily injury and maiming satisfy § 924(c)(3)(A) under authority like *Allred* and *Battle*. *See also Cisneros v. United States*, 2019 WL 6048044, at *4 (W.D. N.C. Nov. 14, 2019) ("Assault with a dangerous weapon or assault resulting in serious bodily injury therefore categorically qualifies as a crime of violence under § 924(c)'s force clause."); *cf. United States v. Bates*, – F.3d –, 2020 WL 2761051, at *3 (11th Cir. May 28, 2020) (assault resulting in bodily injury or assault with a dangerous weapon under 18 U.S.C. § 111(b) satisfies § 924(c)(3)(A)) (collecting cases from five other circuits); *United States v. Gobert*, 943 F.3d 878 (9th Cir. 2019) (assault with a dangerous weapon under 18 U.S.C. § 113(a)(3) satisfies § 924(c)(3)(A)).

15

Defendant's argument for disqualifying the VICAR predicates seems to be principally to invoke a portion of the VICAR jury instructions that referred to conspiracy. But as discussed below, defendant cannot show that the jury relied on a conspiracy theory of liability. In any event, for the reasons discussed below, defendant cannot show any entitlement to relief even without reaching the validity of the VICAR counts.

### 4. *Because § 848(e)(1)(A) and § 846 are valid predicates for § 924(c), defendant's application for a successive petition must be denied.*

Given the validity of the § 848(e)(1)(A) and the § 846 predicates, defendant would not be entitled to relief even on direct appeal. Those predicates alone would suffice to uphold defendant's § 924(c) convictions—even assuming that this Court rejected the government's arguments about the § 1959 offenses.

Even on direct appeal, when there is no special verdict form to establish harmlessness, the United States can satisfy its burden of showing harmlessness beyond a reasonable doubt of an alternative theory of liability when the jury's verdict shows that they would have convicted relying solely on a valid theory of guilt. *See, e.g., Jefferson*, 674 F.3d at 361 ("[I]f the evidence that the jury 'necessarily credited in order to convict the defendant under the instructions given … is such that the jury must have convicted the defendant on the legally adequate ground in addition to or instead of the legally inadequate ground, the conviction may be affirmed.'") (citation omitted).

16

And when a defendant raises a claim like defendant's on direct appeal under plain error, defendant would even more clearly would lose, as illustrated by *Steward*, *Robinson*, and *Hastings*.

But in seeking permission to file a successive § 2255 on a claim that he procedurally defaulted, defendant faces a far greater obstacle to relief than a defendant on direct appeal. Collateral review "is an extraordinary remedy" that "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citation omitted). Once direct review is completed, "a presumption of finality and legality attaches to the conviction and sentence," *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) (citation omitted), and courts are "entitled to presume" that the defendant's conviction and sentence are lawful, *United States v. Frady*, 456 U.S. 152, 164 (1982).

Because defendant long ago exhausted his direct appeal, harmlessness standards are less stringent on collateral review. *See, e.g., United States v. Smith*, 723 F.3d 510, 512 (4th Cir. 2013) (citing *Brecht*, 507 U.S. at 623); *cf. Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015) ("In a collateral proceeding, the test is different. For reasons of finality, comity, and federalism, habeas petitioners 'are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'") (quoting *Brecht*, 507 U.S. at 637; *United States v. Lane*, 474 U.S. 438, 449 (1986)). Moreover, defendant must also overcome

17

procedural default. *Bousley*, 523 U.S. at 621–22; *United States v. Fugit*, 703 F.3d 248, 253–54 (4th Cir. 2012).

Defendant also cannot obtain relief in a successive § 2255 for a nonconstitutional claim about jury instructions. Indeed, if his challenge is not viewed as a type of instructional error, but as a challenge to the sufficiency of his § 924(c) convictions, then his claim again fails. Where a single count rests on multiple factual theories of liability, and a defendant challenges the sufficiency of the evidence, courts simply review the trial record to determine if the evidence was sufficient as to any one of the alternative theories. *See Griffin v. United States*, 502 U.S. 46, 56–57 (1991); *see also United States v. Moye*, 454 F.3d 390, 401 (4th Cir. 2006) (en banc) (So long as there is sufficient evidence supporting one of several alternative factual theories of liability, "*Griffin* prevents [an appellate court] from tampering with the jury's verdict"). An error in the jury instructions would not suffice to grant an acquittal. *See Musacchio v. United States*, 136 S. Ct. 709 (2016).

Finally, the relief that defendant request is also unfounded, even if he had a valid challenge to the § 924(c) offenses. He did not receive a death sentence on the § 924(c) counts, and he offers no argument that the existence of the § 924(c) counts—as opposed to the facts supporting those counts—affected the death sentence imposed for his convictions under § 848. Even if defendant could vacate the § 924(c) counts—and he cannot—such a ruling should have no effect on his

18

death sentence. *See, e.g., United States v. Chaney*, 911 F.3d 222, 226 (4th Cir. 2018) (affirming district court's ruling removing invalid conviction under 18 U.S.C. § 922(g)(1) while leaving carjacking conviction and sentence undisturbed) (citing *United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007)).

## III.    Conclusion

For the reasons stated above, this Court should deny defendant's application for permission to file a successive § 2255 motion.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:  _____/s/_____
Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

19

## Certificate of Service and Compliance

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27.  I also certify that on June 2, 2020, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

<div style="text-align: right">

      /s/
_____

Richard D. Cooke

Assistant United States Attorney

U.S. Attorney's Office

Eastern District of Virginia

919 East Main Street, Suite 1900

SunTrust Building

Richmond, Virginia 23219

(804) 819-5471

richard.cooke@usdoj.gov

</div>

USCA4 Appeal: 20-2 Doc: 3-3 Doc: 6-2 Filed: 05/20/2016 08/2020 Filed: 06/08/2020 Pg: 1 of 22 Pg: 84 of 277     Total Pages:(21 of 45)



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



JUL 2 0 1992

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>RICHARD TIPTON aka Whittey )<br>(Counts 1-7, 11-30, 32-33) )<br><br>CORY JOHNSON aka "O" aka "CO" )<br>(Counts 1, 2, 8-32) )<br><br>JAMES H. ROANE, JR., aka "J.R." )<br>(Counts 1, 2, 5-16, 32) )<br><br>VERNON LANCE THOMAS )<br>aka Anthony Mack aka "V" )<br>(Counts 1, 2, 11-16, 24-30, 32) )<br><br>JERRY R. GAITERS )<br>(Counts 1, 17-23, 32) )<br><br>STERLING HARDY )<br>(Counts 1, 14-16, 32) )<br><br>SANDRA REAVIS )<br>(Count 1) )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL NO. 3:92CR68<br><br>21 USC § 846<br>Conspiracy<br>(Count 1)<br><br>21 USC § 848<br>Continuing Criminal Enterprise<br>(Count 2)<br><br>21 USC § 848(e)(1)(A) & 18 USC § 2<br>Murder in Furtherance of CCE<br>(Counts 3,5,8,11,17,18,19,24,25)<br><br>18 USC § 924(c)<br>Use of Firearm in Relation to Crime of<br>Violence or Drug Trafficking Crime<br>(Counts 6,9,12,15,20,26)<br><br>18 USC §§ 1959 & 2<br>Violent Crimes in Aid of Racketeering<br>(Counts 4,7,10,13,14,16,21-23,27-30)<br><br>21 USC § 841(a)(1)<br>Distribution of Crack<br>(Count 31)<br><br>21 USC § 841(a)(1) & 18 USC § 2<br>Possession w/Intent to Distribute Crack<br>(Counts 32-33) |

115

00085

## SECOND SUPERSEDING INDICTMENT

### JULY 1992 TERM - At Richmond

### COUNT ONE

THE GRAND JURY CHARGES that from on or about January, 1989, the exact date being unknown to the grand jury, and continuously thereafter up to and including the filing of this indictment, in the Eastern District of Virginia, and elsewhere, the defendants, RICHARD TIPTON, aka Whittey, CORY JOHNSON, aka "O," aka "CO", VERNON LANCE THOMAS, aka Anthony Mack, aka "V", JAMES H. ROANE, JR., aka "J.R.", JERRY GAITERS, STERLING HARDY, and SANDRA REAVIS, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the grand jury to commit the following offenses against the United States of America:

1. To knowingly, intentionally, and unlawfully possess with the intent to distribute, and to distribute, a Schedule II narcotic controlled substance, that is, at least fifty (50) grams or more of a mixture or substance described in Title 21, United States Code, Section 841(b)(1)(A)(ii), which contains cocaine base, in violation of Title 21, United States Code, Section 841(a)(1).

### WAYS, MANNERS, AND MEANS OF THE CONSPIRACY

The ways, manners, and means by which the conspirators carried out the purpose of the conspiracy includes, but are not limited to, the following:

1. It was part of the conspiracy that defendants and co-conspirators would cause cocaine to be purchased in New York City, and elsewhere, and transported to Richmond, Virginia, where the cocaine was to be distributed.

2

00086

2.    It was further part of the conspiracy that once the defendants and co-defendants would receive cocaine in Richmond, Virginia, they would cook the cocaine in such a way to make it cocaine base ("crack" or "cook-em-up"), which cocaine was intended to be distributed on the streets of Richmond, Virginia.

3.    It was further part of the conspiracy that the defendants and co-defendants would induce other individuals to work for them selling the crack cocaine on the streets of Richmond, Virginia.

4.    It was further part of the conspiracy to engage in a pattern of violent activity, including murder, assaults, and threats of violence to further the goals of the conspiracy.  To that end, members of the conspiracy bought, possessed, and transferred firearms, which firearms were used in their violent activities.

## OVERT ACTS

In furtherance of this conspiracy, and to bring about the objects and goals of the conspiracy, the defendants, co-conspirators, and unindicted co-conspirators committed overt acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

1.    In or about December, 1991, defendants RICHARD TIPTON, aka Whittey, and CORY JOHNSON, aka "O," aka "CO", assaulted an individual known to the grand jury over a cocaine debt.

2.    On or about January 5, 1992, RICHARD TIPTON, aka Whittey, murdered Douglas A. Talley.

3

3. On or about January 13, 1992, RICHARD TIPTON, aka Whittey, and JAMES H. ROANE, JR., aka "J.R." murdered Douglas Moody.

4. On or about January 13, 1992, an individual known to the grand jury, disposed of the knife used by JAMES ROANE, JR., aka "J.R.", to kill Doug Moody.

5. On or about January 14, 1992, members of the conspiracy caused an individual known to the grand jury to purchase one Glock handgun and two Tech 9mm handguns from Southern Gun World in Richmond, Virginia.

6. On or about January 14, 1992, JAMES ROANE, JR., aka "J.R." and CORY JOHNSON, aka "O," aka "CO", murdered Peyton Maurice Johnson.

7. On or about January 15, 1992, CORY JOHNSON, aka "O," aka "CO", distributed a certain amount of cocaine base ("crack" or "cook em up") in Richmond, Virginia.

8. On or about January 29, 1992, RICHARD TIPTON aka Whittey, JAMES ROANE, JR., aka "J.R.", and CORY JOHNSON, aka "O," aka "CO", VERNON LANCE THOMAS, aka Anthony Mack, aka "V", murdered Louis J. Johnson, Jr., in Richmond, Virginia.

9. On or about January 31, 1992, CORY JOHNSON, aka "O," aka "CO", assaulted an individual known to the grand jury over a drug debt, and solicited that individual to kill Dorothy Armstrong.

10. On or about February 1, 1992, JAMES ROANE, JR., aka "J.R.", RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", VERNON

4

00088

LANCE THOMAS, aka Anthony Mack, aka "V",and STERLING HARDY murdered Torrick Brown and shot Martha McCoy in Richmond, Virginia.

11. On or about February 1, 1992, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS murdered Bobby Long, Anthony Carter, and Dorothy Mae Armstrong aka Mousey, in Richmond, Virginia.

12. On or about February 2, 1992, defendants RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", STERLING HARDY, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", JAMES H. ROANE, JR., aka "J.R.", and JERRY GAITERS possessed with the intent to distribute crack cocaine.

13. On or about February 13, 1992, STERLING HARDY solicited the murders of certain individuals.

14. On or about February 19, 1992, RICHARD TIPTON, aka Whittey, CORY JOHNSON, aka "O," aka "CO", and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", murdered Curtis Thorne, Linwood Chiles, and shot, seriously wounding, Gwendolyn Green and Priscilla Green, in Richmond, Virginia.

15. On or about April 10, 1992, RICHARD TIPTON, aka Whittey, possessed with the intent to distribute crack cocaine in Richmond, Virginia.

(In violation of Title 21, United States Code, Section 846).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES that from at least January, 1991, and continuously thereafter up to and including the date of the filing of this indictment, in the Eastern District of Virginia, and elsewhere, the defendants RICHARD TIPTON,

5

00089

aka Whittey, CORY JOHNSON, aka "O", aka "CO," JAMES H. ROANE, JR., aka "JR," and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", unlawfully, intentionally, and knowingly, did engage in a Continuing Criminal Enterprise, that is, they did violate Title 21, United States Code, Section 841 and 846, including, but not limited to, those violations alleged in the instant indictment, which are realleged and incorporated by reference herein, and did commit other violations of said statutes, which violations were part of a continuing series of violations of said statutes undertaken by RICHARD TIPTON, aka Whittey, CORY JOHNSON, aka "O", aka "CO," JAMES H. ROANE, JR., aka "JR," and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", in concert with at least five other persons with respect to whom they occupied positions of organizer, supervisor, and manager, and from which continuing series of violations the defendant, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O", aka "CO," JAMES H. ROANE, JR., aka "JR," and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", obtained substantial income and resources.

(In violation of Title 21, United States Code, Section 848.)

## COUNT THREE

THE GRAND JURY FURTHER CHARGES that on or about January 5, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendant RICHARD TIPTON aka Whittey, while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Douglas A. Talley, and such killing resulted.

<div align="center">6</div>

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES that on or about January 5, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendant, RICHARD TIPTON aka Whittey, did knowingly, intentionally, and unlawfully cause the murder of Douglas Talley, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES that on or about January 13, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON aka Whittey, and JAMES H. ROANE, JR., aka "J.R.", while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Douglas Moody, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

7

00091

## COUNT SIX

THE GRAND JURY FURTHER CHARGES that on or about January 13, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON, aka Whittey, and JAMES H. ROANE, JR., aka "J.R.", did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is, a violation of Title 21, United States Code, Section 846 and 848, and Title 18, United States Code, Section 1959, as set forth in Counts One, Five and Seven of this Indictment. (In violation of Title 18, United States Code, Sections 924(c) and 2.)

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES that on or about January 13, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, and JAMES H. ROANE, JR., aka "J.R.", did knowingly, intentionally, and unlawfully cause the murder of Douglas Moody, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

8

00092

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES that on or about January 14, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", and while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Peyton Maurice Johnson, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT NINE

THE GRAND JURY FURTHER CHARGES that on or about January 14, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants JAMES H. ROANE, JR., aka "J.R.", and CORY JOHNSON, aka "O," aka "CO", did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is a violation of Title 21, United States Code, Sections 846 and 848, and Title 18, United States Code, Section 1959, as set forth in Counts One, Eight and Ten of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2.)

9

## COUNT TEN

THE GRAND JURY FURTHER CHARGES that on or about January 14, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, JAMES H. ROANE, JR., aka "J.R." and CORY JOHNSON, aka "O," aka "CO", did knowingly, intentionally, and unlawfully cause the murder of Peyton Maurice Johnson, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES that on or about January 29, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Louis J. Johnson, Jr., and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

10

00094

## COUNT TWELVE

THE GRAND JURY FURTHER CHARGES that on or about January 29, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is a violation of Title 21, United States Code, Sections 846 and 848, and Title 18, United States Code, Section 1959, as set forth in Counts One, Eleven and Thirteen of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2.)

## COUNT THIRTEEN

THE GRAND JURY FURTHER CHARGES that on or about January 29, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", did knowingly, intentionally, and unlawfully cause the murder of Louis J. Johnson, Jr., as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in

11

00095

narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT FOURTEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and STERLING HARDY, did knowingly, intentionally, and unlawfully cause the murder of Torrick Brown, Jr., as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT FIFTEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and STERLING HARDY, did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court

12

00096

of the United States, that is a violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 1959, as set forth in Counts One, Fourteen and Sixteen of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2.)

## COUNT SIXTEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and STERLING HARDY, did knowingly, intentionally, and unlawfully commit assault resulting in serious bodily injury to Martha McCoy, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT SEVENTEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21

13

00097

USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Bobby Long, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT EIGHTEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Anthony Carter, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT NINETEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded,

14

00098

induced, procured, and caused the intentional killing of Dorothy Mae Armstrong, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT TWENTY

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is a violation of Title 21, United States Code, Sections 846 and 848, and Title 18, United States Code, Section 1959, as set forth in Counts One, Seventeen, Eighteen & Nineteen and Twenty-One through Twenty-Three of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2.)

## COUNT TWENTY-ONE

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, did knowingly, intentionally, and unlawfully cause the murder of Bobby Long, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity,

15

00099

and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT TWENTY-TWO

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, did knowingly, intentionally, and unlawfully cause the murder of Anthony Carter, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT TWENTY-THREE

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, did knowingly, intentionally, and unlawfully cause the murder of Dorothy Mae Armstrong, as consideration for the receipt of, and as consideration for a promise and

16

00100

agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT TWENTY-FOUR

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Curtis Thorne, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT TWENTY-FIVE

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly,

17

00101

intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Linwood Chiles, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT TWENTY-SIX

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is a violation of Title 21, United States Code, Section 846 and 848, and Title 18, United States Code, Section 1959, as set forth in Counts One, Twenty-Four, Twenty-Five and Twenty-Seven through Thirty of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2.)

## COUNT TWENTY-SEVEN

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", did knowingly, intentionally, and unlawfully cause the murder of Curtis Thorne, as consideration for the receipt of, and as

18

00102

consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT TWENTY-EIGHT

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", did knowingly, intentionally, and unlawfully cause the murder of Linwood Chiles, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT TWENTY-NINE

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", did knowingly, intentionally, and

00103

unlawfully cause the maiming of Priscilla Green, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT THIRTY

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", did knowingly, intentionally, and unlawfully cause the maiming of Gwendolyn Green, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT THIRTY-ONE

THE GRAND JURY FURTHER CHARGES that on or about January 15, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendant, CORY

20

JOHNSON, aka "O," aka "CO", did knowingly and intentionally distribute a Schedule II narcotic controlled substance, that is, a mixture and substance described in Title 21, United States Code, Section 841(b)(1)(A)(ii), which contains cocaine base, commonly known as "crack," or "cook em up."

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.)

## COUNT THIRTY-TWO

THE GRAND JURY FURTHER CHARGES that on or about February 2, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", STERLING HARDY, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", JAMES ROANE, JR., aka "J.R.", and JERRY GAITERS, did knowingly and intentionally possess with the intent to distribute a Schedule II narcotic controlled substance, that is, more than fifty (50) grams of a mixture and substance described in Title 21, United States Code, Section 841(b)(1)(A)(ii), which contains cocaine base, commonly known as "crack," or "cook em up."

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.)

## COUNT THIRTY-THREE

THE GRAND JURY FURTHER CHARGES that on or about April 10, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD

21

00105

TIPTON aka Whittey, did knowingly and intentionally possess with the intent to distribute a Schedule II narcotic controlled substance, that is, more than fifty (50) grams of a mixture and substance described in Title 21, United States Code, Section 841(b)(1)(A)(ii), which contains cocaine base, commonly known as "crack," or "cook em up."

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.)

A TRUE BILL:

/S/ *Christopher F. Snead*
**FOREPERSON**

RICHARD CULLEN
UNITED STATES ATTORNEY

By:

Howard C. Vick, Jr.
Assistant United States Attorney

William Parcell
Special Assistant U.S. Attorney

22

00106

3221

As I've outlined for you, those offenses are in Counts Four, Seven, Ten, Thirteen, Fourteen, Sixteen, Twenty-one, Twenty-two, Twenty-three, Twenty-seven, Twenty-eight, Twenty-nine, and Thirty of the indictment.

"Racketeering activity" means any act or threat involving murder or dealing in narcotic or other dangerous drugs. An enterprise includes any group of individuals associated in fact which is engaged in or the activities of which affect interstate commerce. The phrase "anything of pecuniary value" means anything of value in the form of money or negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.

It is charged in the indictment that within the Eastern District of Virginia, between on or about January 13th, 1992 and on or about February 19th, 1992, the defendants Richard Tipton, Cory Johnson, James H. Roane, Jr., Vernon Lance Thomas, and Sterling Hardy used a firearm during and in relationship -- or in relation to the commission of a crime of violence or a drug-trafficking crime.

Now again, as I mentioned with respect to some of the charges I discussed earlier, no single

05945

3222

defendant is charged in each of these counts. The verdict form will assist you in keeping track of which defendants are charged in which counts and in giving individual consideration to each defendant for each count against him or her.

Let me read the firearms statute. And the firearms violations are contained in Counts Six, Nine, Twelve, Fifteen, Twenty, and Twenty-six. Title 18 United States Code Section 924(c)(1) provides in pertinent part: Whoever during and in relation to any crime of violence or drug trafficking crime for which he may be prosecuted in a Court of the United States uses or carries a firearm shall be guilty of a crime against the United States.

In order to sustain its burden of proof of the crime of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime as charged in Counts Six, Nine, Twelve, Fifteen, Twenty, and Twenty-six of the indictment, the government must prove the following two essential elements beyond a reasonable doubt: One, the defendant committed the crime as charged in the indictment; and two, during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm.

05946

3223

The term "crime of violence" means an offense that is a felony and has as one of its essential elements the use, the attempted use, or threatened use of physical force against the person or property of another, or an offense that by its very nature involves a substantial risk that such physical force may be used in committing the offense.

The term "drug trafficking crime" means an offense that is a felony and involves the distribution, manufacture, or importation of any controlled substances, or the conspiracy to distribute, import, or manufacture controlled substances. The offenses alleged in Counts Three, Four, Five, Seven, Eight, Ten, Eleven, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty-one, Twenty-two, Twenty-three, Twenty-four, Twenty-five, Twenty-seven, Twenty-eight, Twenty-nine, Thirty, Thirty-one, Thirty-two, and Thirty-three are crimes of violence or drug trafficking crimes.

Title 18 United States Code Section 92(1)(a)(3) defines firearm is including any weapon which will or is designed to, or may readily be converted to expel a projectile by the action of an explosive, the frame or receiver of any such weapon. You need not find that the firearm was loaded or that it was operable

05947

No. 20-8

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

**IN RE COREY JOHNSON,**

**Movant.**

_____

### CAPITAL CASE

### MOTION FOR LEAVE TO FILE REPLY TO
### UNITED STATES' RESPONSE TO MOTION FOR AUTHORIZATION
### TO FILE A SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2255(h)(2)

_____

Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

Pursuant to Federal Rule of Appellate Procedure 27, Movant Corey Johnson respectfully requests leave to file the attached Reply to the United States' Response to the Motion for Authorization (Appendix A).[1]  Although the Federal Rules of Appellate Procedure and this Court's local rules do not address the filing of a reply in support of a Motion for Authorization under Local Rule 22(d), the Federal Rules of Appellate Procedure generally permit a party seeking relief an opportunity to reply to any opposition.  *See, e.g.*, Fed. R. App. P. 27(a)(4) (permitting reply to response to a motion); Fed. R. App. P. 28(c) (permitting a reply brief).  Given that the Government's Response did not address the primary issues presented by Mr. Johnson, namely the prima facie standard that governs requests to file successive § 2255 motions, and focused instead on a fact-based analysis that is not only premature but also inapposite to § 924(c) analysis, a reply is appropriate.

<div align="right">

Respectfully submitted,


/s/Donald P. Salzman
Donald P. Salzman
Austin K. Brown
Kathleen Shelton

</div>

---

[1] Mr. Johnson's counsel conferred by email with the Government on June 9, 2020. The Government does not object to the filing of a reply brief, except to the extent any new arguments are raised.

<div align="center">1</div>

Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com


Counsel for Corey Johnson

2

# CERTIFICATE OF COMPLIANCE

1. This motion contains 190 words, excluding the parts of the motion exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

2. This motion complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5) and (a)(6).

/s/ Donald P. Salzman

3

# CERTIFICATE OF SERVICE

I certify that on this 9th day of June 2020, the foregoing document was

served on all parties or their counsel of record though the CM/ECF system and will

be served electronically via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov


Dated: June 9, 2020      /s/ Donald P. Salzman
              Skadden, Arps, Slate, Meagher &
              Flom LLP
              1440 New York Avenue, N.W.
              Washington, D.C. 20005
              (202) 371-7983
              donald.salzman@skadden.com

              Counsel for Corey Johnson

# Appendix A

No. 20-8

---

I**N THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

I**N RE COREY JOHNSON,**

**Movant.**

---

**CAPITAL CASE**

**REPLY TO UNITED STATES' RESPONSE TO MOTION FOR
AUTHORIZATION PURSUANT TO 28 U.S.C. §§ 2255(h)(2)**

---

Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

# TABLE OF CONTENTS

Page

I.    Mr. Johnson's Motion Meets the Prima Facie Showing of § 2255..................2

II.   The Modified Categorical Approach Controls The Analysis Where the Predicates for § 924(c) Convictions Cannot Be Identified with Certainty.....................................................................................................4

    A.    The Modified Categorical Approach is Used to Determine the Predicates Upon Which § 924(c) Convictions Rest............................5

    B.    The Government's Factually Based Harmless Error Analysis is Inapposite. .......................................................................................7

CONCLUSION ...........................................................................................................11

i

# TABLE OF AUTHORITIES

**Page**

### CASES

*Brecht v. Abrahamson*,
    507 U.S. 619 (1993)......................................................................................8

*In re Gomez*,
    830 F.3d 1225 (11th Cir. 2016) .................................................................11

*In re Hammoud*,
    931 F.3d 1032 (11th Cir. 2019) ...................................................................3

*In re Hoffner*,
    870 F.3d 301 (3d Cir. 2017) .........................................................................3

*In re Hubbard*,
    825 F.3d 225 (4th Cir. 2016) ....................................................................1, 3

*In re Irby*,
    858 F.3d 231 (4th Cir. 2017) .......................................................................3

*Mathis v. United States*,
    136 S. Ct. 2243 (2016).................................................................................5

*In re Mullins*,
    942 F.3d 975 (10th Cir. 2019) .....................................................................2

*Shepard v. United States*,
    544 U.S. 13 (2005)..............................................................................5, 9, 10

*Smith v. United States*,
    508 U.S. 223 (1993)...................................................................................10

*Taylor v. United States*,
    495 U.S. 575 (1990).....................................................................................4

*Uhuru v. United States*,
    140 S. Ct. 639 (2019)...................................................................................5

*United States v. Berry*,
    No. 3:09-cr-00019, 2020 WL 591569 (W. D. Va. Feb. 6, 2020)...................6

*United States v. Boykin*,
    669 F.3d 467 (4th Cir. 2012) .................................................................8, 9

*United States v. Castillo-Marin*,
    684 F.3d 914 (9th Cir. 2012) ....................................................................8

*United States v. Chapman*,
    666 F.3d 220 (4th Cir. 2012) .................................................................5, 7

*United States v. Clay*,
    627 F.3d 959 (4th Cir. 2010) ....................................................................5

*United States v. Dantzler*,
    771 F.3d 137 (2d Cir. 2014) .....................................................................8

*United States v. Davis*,
    139 S. Ct. 2319 (2019).........................................................................1, 2

*United States v. Dixon*,
    789 Fed. Appx. 371 (4th Cir. 2020) ...........................................................2

*United States v. Evans*,
    848 F.3d 242 (4th Cir. 2017) ....................................................................4

*United States v. Fuertes*,
    805 F.3d 485 (4th Cir. 2015) ............................................................4, 9, 10

*United States v. Hare*,
    820 F.3d 93 (4th Cir. 2016) ....................................................................10

*United States v. Hastings*,
    134 F.3d 235 (4th Cir. 1998) ....................................................................9

*United States v. Jefferson*,
    674 F.3d 332 (4th Cir. 2012) ....................................................................9

*United States v. Lettiere*,
    No. CR 09-049-M-DWM, 2018 WL 3429927 (D. Mont. July 16,
    2018) ....................................................................................................6

*United States v. MacDonald*,
    641 F.3d 596 (4th Cir. 2011) ....................................................................2

iii

*United States v. Mathis*,
 932 F.3d 242 (4th Cir. 2019) ........................................................................4

*United States v. McCall*,
 No. 3:10CR170-HEH, 2019 WL 4675762 (E.D. Va. Sept. 25, 2019) ...........5

*United States v. Robinson*,
 627 F.3d 941 (4th Cir. 2010) ........................................................................9

*United States v. Savoires*,
 430 F.3d 376 (6th Cir. 2005) ......................................................................11

*United States v. Simms*,
 914 F.3d 229 (4th Cir.) (en banc) *cert. denied*, 140 S. Ct. 304 (2019) ...4, 6, 7

*United States v. Steward*,
 793 F. App'x 188 (4th Cir. 2019) ..................................................................9

*United States v. Vann*,
 660 F.3d 771 (4th Cir. 2011) .....................................................................5, 7

*United States v. Wilson*,
 Nos. 18-1079 & 18-1097, 2020 WL 2603219 (3d. Cir. May 22, 2020) .........9

*In re Williams*,
 330 F.3d 277 (4th Cir. 2003) .....................................................................1, 3

## STATUTES

§ 2255 ...................................................................................................................3

§ 2255(h)(2) ..........................................................................................................2

§ 848(e) .............................................................................................................6, 11

§ 924(c)(3)(B) .......................................................................................................3

18 U.S.C. § 1959 ............................................................................................6, 10, 11

18 U.S.C. § 924(c) ...............................................................1, 3, 4, 5, 6, 7, 8, 9

2244(b)(3)(C) .......................................................................................................2

28 U.S.C. § 2244(b)(3) .........................................................................................2

§ 924(2) ..................................................................................................6

The United States' Response to Mr. Johnson's Motion for Authorization (hereafter "Response") inappropriately focuses exclusively on the merits of Mr. Johnson's claims, and does not address the prima facie elements governing this Court's consideration of the Motion. Ignoring his prima facie showing and reframing collateral questions that would be considered by the district court, the Government erects a series of procedural strawmen. The Government's effort to shift attention from Mr. Johnson's claim under *United States v. Davis*, 139 S. Ct. 2319 (2019)—which clearly "warrant[s] a fuller exploration by the district court"—is ultimately unavailing. *In re Hubbard*, 825 F.3d 225, 232 (4th Cir. 2016) (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)). This Court should grant Mr. Johnson's Motion because he clears what this Court has called the "relatively low bar" that a movant must overcome at this stage by satisfying each of the § 2255 requirements and setting forth a "plausible" claim on the merits. *Hubbard*, 825 F.3d at 230-31. In addition, the Government's fact-based plain error review does not apply, and, under the modified categorical approach, Mr. Johnson's 18 U.S.C. § 924(c) convictions can no longer stand.

## I.  MR. JOHNSON'S MOTION MEETS THE PRIMA FACIE SHOWING OF § 2255.

This Court's inquiry is to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)(3)]."  28 U.S.C. § 2244(b)(3); 2255(h); *United States v. MacDonald*, 641 F.3d 596, 609 (4th Cir. 2011) ("[Section] 2255(h) spells out the standard applicable to those in federal custody.").  The Government utterly fails to address the prima facie elements governing this Court's evaluation of the Motion for Authorization; namely, whether a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" applies to Mr. Johnson's claim.  §§ 2255(h)(2), 2244(b)(3)(C).  The Government all but concedes that the answer to this question is unequivocally, "yes."

*Davis* certainly relates directly to Mr. Johnson's convictions and is a new rule of constitutional law.  139 S. Ct. 2319.  Furthermore, the Supreme Court made *Davis* retroactively applicable to cases on collateral review.  § 2255(h)(2); s*ee*, *e.g.*, *United States v. Dixon*, 789 Fed. Appx. 371 (4th Cir. 2020) (granting certificate of appealability where parties agreed *Davis* applies retroactively); *see also In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) ("We conclude that the Supreme Court has made *Davis* retroactively applicable to cases on collateral review.").  Because *Davis* was made available *after* Mr. Johnson's direct review concluded in 1997, he satisfies the threshold for a Motion for Authorization.

The Government ignores that this Court's inquiry should be merely a glancing one, instead delving deep into the merits of Mr. Johnson's claim. For this Court to follow the Government's lead, it would reach beyond established precedent. *See Hubbard*, 825 F.3d at 231 ("It is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding."); *see also In re Hammoud*, 931 F.3d 1032, 1040–41 (11th Cir. 2019) (reaffirming that the district court in the first instance will consider the merits of a § 2255 motion); *In re Hoffner*, 870 F.3d 301, 309 (3d Cir. 2017) ("It is for the district court to evaluate the merits of the second or successive habeas petition in the first instance.").

Moreover, the Government's argument about the constitutionality of § 924(c)(3)(B) has no support. As Mr. Johnson showed in his Motion for Authorization, his § 924(c) convictions are directly impacted by *Davis*, which held that the residual clause of § 924(c)(3)(B) is unconstitutional. *See* Motion for Authorization, ECF No. 2-1, at 15–16. Likewise, the Government's assertion that none of Mr. Johnson's convictions depended on § 924(c)(3)(B) is incorrect as a matter of fact and the law. The Government merely cites to *In re Irby* to establish that Mr. Johnson "must make a 'plausible' claim for relief" 858 F.3d 231, 233 (4th Cir. 2017), yet proceeds to make a merits argument that is properly suited for the district court. *See, e.g.*, *Hubbard*, 825 F.3d at 231; *Williams*, 330 F.3d at 282

3

("While this determination may entail a cursory glance at the merits—for example, an applicant cannot show that he would not have been convicted 'but for constitutional error' without adequately alleging some constitutional violation—the focus of the inquiry must always remain" on the prima facie standard).

## II.   THE MODIFIED CATEGORICAL APPROACH CONTROLS THE ANALYSIS WHERE THE PREDICATES FOR § 924(C) CONVICTIONS CANNOT BE IDENTIFIED WITH CERTAINTY.

The Government's analysis is not only premature, but it also ignores the categorical approach, a well-established standard in Fourth Circuit and Supreme Court caselaw. As detailed in Mr. Johnson's proposed Motion to Vacate, this Court applies the categorical approach to determine whether a crime constitutes a valid § 924(c) predicate. *See United States v. Evans*, 848 F.3d 242, 245-46 (4th Cir. 2017); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). To conduct this analysis, courts "must look only to the statutory definitions"—*i.e.*, the elements—of a defendant's offense and "not to the particular facts underlying [the offense]." *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also United States v. Simms*, 914 F.3d 229, 233 (4th Cir.) (en banc) *cert. denied*, 140 S. Ct. 304 (2019). If necessary, the court may employ the modified categorical approach, and consult a select few documents to help "'determine what crime, with what elements,' formed the basis of a defendant's conviction." *United States v. Mathis*,

4

932 F.3d 242, 264 (4th Cir. 2019) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)), *cert. denied, Uhuru v. United States*, 140 S. Ct. 639 (2019).

Applying the modified categorical approach, the record does not establish Mr. Johnson's § 924(c) predicates with the requisite "certainty," the fact-based, plain error analysis proposed by the Government does not apply, and Mr. Johnson's § 924(c) convictions must be vacated.

### A.   The Modified Categorical Approach is Used to Determine the Predicates Upon Which § 924(c) Convictions Rest.

Under the modified categorical approach, an offense cannot qualify as a § 924(c) predicate unless the *Shepard* documents—indictment, jury instructions, and verdict—establish with "certainty" that the defendant was "necessarily" convicted of an offense that qualifies as a valid § 924(c) predicate. *Shepard v. United States*, 544 U.S. 13, 21, 25-26 (2005); *United States v. Clay*, 627 F.3d 959, 966 (4th Cir. 2010) ("plausibility or even likelihood" is not enough).

When the *Shepard* documents do not conclusively establish the predicate, the court must assume that the defendant was convicted of the "least serious" offense. *United States v. Vann*, 660 F.3d 771, 775 (4th Cir. 2011) (en banc); *United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012). A § 924(c) conviction cannot be sustained if one of the possible predicates is not categorically a crime of violence. *United States v. McCall*, No. 3:10CR170-HEH, 2019 WL 4675762, at *6–7 (E.D. Va. Sept. 25, 2019) (vacating § 924(c) conviction post-

5

*Davis* because jury could have based § 924(c) verdict on an offense not constituting crime of violence); *United States v. Berry*, No. 3:09-cr-00019, 2020 WL 591569, at *3 (W. D. Va. Feb. 6, 2020) (same); *United States v. Lettiere*, No. CR 09-049-M-DWM, 2018 WL 3429927, at *4 (D. Mont. July 16, 2018) (same).

Here, the *Shepard* documents fall far short of establishing with "certainty" the predicates upon which the § 924(c) convictions relied, identifying as many as four types of § 1959 conduct and just as many types of § 848(e) conduct. Without wading into the kind of merits discussion provided in Mr. Johnson's proposed Motion to Vacate and reserved for the District Court, even a brief glance at these two statutes demonstrates that his § 924(c) convictions can no longer be sustained. First, the jury instructions allowed the jury to convict Mr. Johnson under § 924(c) based on § 1959 conspiracy. Jury Instructions, ECF No. 2-3, at 191a. But the Fourth Circuit has made clear that conspiracy does not qualify as a categorical "crime of violence" and thus cannot support a § 924(c) conviction. *Simms*, 914 F.3d at 233-34.[1] Second, according to the jury instructions, Mr. Johnson could have been guilty of § 924(c) based on § 848(e) if he "*either* intentionally killed, *or* counseled, commanded, induced, procured, *or* caused" the killing. Jury Instructions, ECF No. 2-3, at 189a (emphasis added). Like conspiracy,

---

[1]   Conduct described in 18 U.S.C. § 1959, even if drug-related, cannot constitute a "drug-trafficking crime" under the narrow definition found in § 924(2).

6

"counseling" or "commanding" only requires interaction with others regarding the underlying actions.  And like conspiracy, such an interaction with a third-party "does not invariably require the actual, attempted, or threatened use of physical force." *Simms*, 914 F.3d at 234.  Because the jury could have convicted Mr. Johnson of carrying a firearm for either of these offenses and neither qualifies as a valid § 924(c) predicate, even an inquiry beyond a cursory glance shows that the § 924(c) convictions are no longer supported.[2]  *See Chapman*, 666 F.3d at 228; *Vann*, 660 F.3d at 774-75 (4th Cir. 2011) (en banc).

### B. The Government's Factually Based Harmless Error Analysis is Inapposite.

The Government argues that ambiguity "makes no difference," urging this Court to ignore the binding precedent in the Supreme Court and this Circuit requiring the modified categorical approach (which forbids a factual inquiry) and instead conduct a fact-based harmless error analysis.  But harmless error analysis does not allow the Court to simply switch to a fact-based inquiry when faced with an error requiring the modified categorical approach.

When evaluating the kind of *Shepard* error described above, this Circuit and others have remained faithful to the modified categorical approach, rejecting any

---

[2]   Mr. Johnson's proposed Motion to Vacate discusses the fact that these are not the only potential predicates that no longer support a § 924(c) conviction following *Davis*.

7

alternative factual inquiry. *See United States v. Boykin*, 669 F.3d 467, 472 (4th Cir. 2012) (applying modified categorical approach and looking only to approved *Shepard* documents even on plain error review); *United States v. Dantzler*, 771 F.3d 137, 148 (2d Cir. 2014) (same); *United States v. Castillo-Marin*, 684 F.3d 914, 926 (9th Cir. 2012) (same). Although these cases involved plain error on direct appeal, the analysis still applies here because the third prong of plain error analysis—the prejudice inquiry—assessed in those cases is identical to the harmless error inquiry on collateral review. Both ask whether the error had a "substantial and injurious effect" on the outcome of the proceeding. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993) (citation omitted). In conducting this "substantial and injurious effect" inquiry, this Court in *Boykin* and its sister circuits in *Dantzler* and *Castillo-Marin* refused to engage in a fact-based analysis. *See Boykin*, 669 F.3d at 472; *Dantzler*, 771 F.3d at 148; *Castillo-Marin*, 684 F.3d at 919–20. Instead, these three courts faithfully followed the modified categorical approach and, without looking to the facts, concluded that the defendant's substantial rights were affected because the *Shepard* error resulted in an increase in sentence. Likewise, Mr. Johnson's substantial rights were affected in this case, because not only did the § 924(c) charges here add numerous consecutive years to his sentence, they resulted in invalid convictions.

8

In refusing to adhere to the correct harmless error analysis in *Boykin*, and instead asking the Court to presume, based on the *facts* of the case, that Mr. Johnson's § 924(c) convictions *could* have rested on valid predicates, the Government does an end run around the categorical/modified categorical approach, which forbids "evidentiary enquiries into the factual basis" to determine what the jury *could* have found. *Shepard*, 544 U.S. at 20; *Fuertes*, 805 F.3d at 498 (explaining in context of a § 924(c) analysis that "[t]he point of the categorical inquiry is not to determine whether the defendant's *conduct could* support a conviction for a crime of violence, but to determine whether the defendant *was in fact* convicted of a crime that qualifies as a crime of violence" (citation omitted)).

And the harmless error cases cited by the Government are inapposite because none evaluated an element requiring the application of the categorical/modified categorical approach. *See United States v. Robinson*, 627 F.3d 941, 954 (4th Cir. 2010); *United States v. Hastings*, 134 F.3d 235, 243-44 (4th Cir. 1998); *United States v. Jefferson*, 674 F.3d 332, 361 (4th Cir. 2012).[3]

---

[3]  Although *United States v. Steward*, 793 F. App'x 188, 190 (4th Cir. 2019) (per curiam), *petition for cert. docketed*, No. 19-8043 (U.S. Mar. 18, 2020) involved the § 924(c) "crime of violence" element, it is an unpublished decision with little reasoning, altogether failed to address the application of the categorical/modified categorical approach, and is neither binding nor persuasive. *United States v. Wilson*, Nos. 18-1079 & 18-1097, 2020 WL 2603219 (3d. Cir. May 22, 2020), suffers from identical flaws.

The fact-based analysis proposed by the Government would defeat the purpose of the elements-based categorical/modified categorical approach. *See Shepard*, 544 U.S. at 20; *see also Fuertes*, 805 F.3d at 498. Adopting its inquiry would result in the very fact-based approach that the Supreme Court rejected in *Davis* for the § 924(c) "crime of violence" definition.

Here, the *Shepard* documents do not establish that Mr. Johnson was necessarily convicted of a § 924(c) conviction based on a valid predicate. Under *Chapman* and *Vann*, the predicate is assumed to be the "least serious" offense, for example, § 1959 conspiracy. In turn, Mr. Johnson was wrongfully convicted of a § 924(c) offense—an error that is plainly harmful.

Moreover, the jury instructions allowed for a non-unanimous verdict on the underlying offense, underscoring the ambiguity and harmfulness of the *Shepard* errors. Despite the Government's claims, being convicted of the underlying offenses does not lend credence to Mr. Johnson's § 924(c) convictions.[4] Section 924(c) is an entirely separate offense that requires, as an additional element, the use of a firearm *during and in relation to* the underlying predicate offense. *See Smith v. United States*, 508 U.S. 223, 227-28 (1993). The court specifically instructed Mr. Johnson's jury that it could base § 924(c) guilt on a range of

---

[4]   The Government's citation to *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016), is equally unpersuasive because the special verdict form "clearly show[e]d" the predicates underlying the § 924(c) verdict.

10

possible predicates under § 1959 and § 848(e), Jury Instructions, ECF No. 2-3, at 189a, 191a, without requiring unanimity on any one underlying offense. Some jurors could have convicted based on use of firearm during and in relation to § 1959 conspiracy (no longer a valid offense post-*Davis*), while others could have convicted based on § 848(e) counseling or on § 1959 maiming. *See In re Gomez*, 830 F.3d 1225, 1227–28 (11th Cir. 2016) (describing such ambiguity and finding it harmful); *United States v. Savoires*, 430 F.3d 376, 380-81(6th Cir. 2005) (same). The real risk of a non-unanimous verdict only exacerbates the harmfulness of the *Shepard* error here. Mr. Johnson's ambiguous verdict is harmful error that renders his § 924(c) convictions void.

## CONCLUSION

For all the above reasons, Mr. Johnson respectfully requests that this Court grant his motion and authorize the district court to consider his § 2255 Motion.

Respectfully submitted,

/s/Donald P. Salzman
Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

11

Counsel for Corey Johnson

## CERTIFICATE OF COMPLIANCE

1.      This brief contains 2,537 words, excluding the parts of the brief exempted

from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.      This brief complies with the font, spacing, and type size requirements set

forth in Local Rule 32(a)(5) and (a)(6).

<u>/s/ Donald P. Salzman</u>

# CERTIFICATE OF SERVICE

I certify that on this 9th day of June 2020, the foregoing document was served on all parties or their counsel of record though the CM/ECF system and will be served electronically via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov

Dated: June 9, 2020                    /s/ Donald P. Salzman
                                       Skadden, Arps, Slate, Meagher &
                                       Flom LLP
                                       1440 New York Avenue, N.W.
                                       Washington, D.C. 20005
                                       (202) 371-7983
                                       donald.salzman@skadden.com

                                       Counsel for Corey Johnson

14

No. 20-8

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

**IN RE COREY JOHNSON,**

**Movant.**

_____

**CAPITAL CASE**

**MOTION TO HOLD IN ABEYANCE PENDING DECISION BY
THIS COURT IN *TAYLOR V. UNITED STATES***

_____

Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

This Court recently granted a certificate of appealability on the question of "whether an 18 U.S.C. § 924(c) (2018) conviction is subject to vacatur where the indictment charged multiple predicates, one of which is invalid." Order, *United States v. Taylor*, No. 19-7616 (Feb. 12, 2020 4th Cir.). In light of this, Mr. Johnson requests that his case be held in abeyance until *United States v. Taylor* is resolved by this Court.[1]

Respectfully submitted,

/s/Donald P. Salzman
Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

---

[1] Mr. Johnson's counsel conferred by email with the Government on June 9, 2020. The Government has no objection to the filing of this motion but opposes the request to hold in abeyance and plans to file a response on June 10, 2020.

**CERTIFICATE OF COMPLIANCE**

1.     This motion contains 113 words, excluding the parts of the motion exempted

from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.     This motion complies with the font, spacing, and type size requirements set

forth in Local Rule 32(a)(5) and (a)(6).

/s/ Donald P. Salzman

# CERTIFICATE OF SERVICE

I certify that on this 9th day of June 2020, the foregoing document was served on all

parties or their counsel of record though the CM/ECF system and will be served electronically

via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov

Dated: June 9, 2020                              /s/ Donald P. Salzman
                                                 Skadden, Arps, Slate, Meagher & Flom LLP
                                                 1440 New York Avenue, N.W.
                                                 Washington, D.C. 20005
                                                 (202) 371-7983
                                                 donald.salzman@skadden.com

                                                 Counsel for Corey Johnson

3

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|                          |   |          |
|--------------------------|---|----------|
| In re: COREY JOHNSON     | ) |          |
|                          | ) | No. 20-8 |
| Movant                   | ) |          |
|                          | ) |          |

## United States' Response to Motions to Hold in Abeyance and Leave to File Reply

Defendant requests that this Court hold in abeyance his application for permission to file a successive motion under 28 U.S.C. § 2255 pending this Court's ruling in *United States v. Taylor*, No. 19-7616. In *Taylor* a defendant is challenging his guilty plea to a count charging a violation of 18 U.S.C. § 924(c) where there is one valid predicate and one that the government concedes is not valid. For several reasons, defendant's request to hold his application in abeyance pending the ruling in *Taylor* should be denied.

*First*, under 28 U.S.C. § 2244(b)(3)(D), "The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion." Of course, in adjudicating an application for permission to file a successive motion under 28 U.S.C. § 2255, this Court has concluded that the 30-day deadline is neither mandatory nor jurisdictional. *See In re Vial*, 115 F.3d 1192, 1194 n.3 (4th Cir. 1997) (en banc). But that is not to say that the 30-day window should be simply discarded or ignored, and this Court has

1

not done so.  The provision is "hortatory," *In re Siggers*, 132 F.3d 333, 336 (6th

Cir. 1997), and courts properly "make a diligent, good-faith effort to comply with

the 30-day time limit," *Rodriguez v. Superintendent, Bay State Correctional

Center*, 139 F.3d 270, 273 (1st Cir. 1998), abrogated in part on other grounds*,

Bousley v. United States*, 523 U.S. 614 (1998).  Defendant's prior applications

raising a constitutional vagueness challenge to his § 924(c) convictions were

decided within the 30-day period, and this application, which also raises a

constitutional vagueness challenge, should be too.

 *Second*, the pending appeal in *Taylor* involves a defendant's challenge to a

§ 924(c) with multiple predicate offenses after a guilty plea—not a trial as in this

case.  The defendant's arguments in *Taylor* turn on precedent interpreting the

effect of guilty pleas.  Although, as the United States argues in *Taylor*, the

defendant's admissions there to a valid predicate should foreclose relief for

multiple reasons, the arguments there naturally center on the effect of guilty pleas.

But defendant did not plead guilty.  As the United States has already explained in

its response to defendant's application, this Court and the Supreme Court have

existing precedent governing alternative theories of guilt at trial, and that precedent

forecloses relief here given, at a minimum, the drug-trafficking predicates that are

unaffected by any constitutional vagueness challenge.  Even on direct appeal,

defendant's unpreserved claim of error that there were other (purportedly)

defective predicates would fail.  *See, e.g., United States v. Steward*, 793 F. App'x

<div align="center">2</div>

188, 190 (4th Cir. 2019) ("Because there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of violence to the § 924(c) charge, we conclude that there is no reason to vacate the § 924(c) conviction."); *United States v. Robinson*, 627 F.3d 941, 954–55 (4th Cir. 2010) (erroneous "use" instruction in § 924(c) harmless given alternative "possession" instruction, even if "use" and "possession" theories created distinct offenses and even though jury returned general verdict); *United States v. Wilson*, – F.3d –, 2020 WL 2603219, at *10 (3d Cir. May 22, 2020) ("The District Court instructed the jury that *either* conspiracy *or* armed bank robbery would count as a predicate crime for a § 924(c) conviction, as long as the jury found that the defendant had used or carried the gun to further the crime. And the jury convicted both defendants on both bank-robbery counts. So the instruction about conspiracy did not matter. Even if it was erroneous, any error was harmless.") (citations omitted). Moreover, the harmlessness standard poses an even greater hurdle to relief on collateral review. *See, e.g., United States v. Smith,* 723 F.3d 510, 512 (4th Cir. 2013).

Notably, contrary to what defendant claims, the harmlessness of any purported error is a proper basis to deny authorization to file a successive § 2255. "[W]hile the prima facie showing is a *necessary condition* to receive prefiling authorization, the statute does not *limit* this court to considering *only* this necessary

3

condition." *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018) (citing *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)).

*Third*, in *Taylor,* the United States has agreed that one of the predicates for the § 924(c) count to which the defendant pleaded guilty no longer qualifies as a valid predicate—conspiracy to commit Hobbs Act robbery.  Here, in contrast, defendant fails to show that any of the predicates are invalid.  Although the Supreme Court has now invalidated § 924(c)(3)(B), this Court's recent precedent establishes that all of the predicate offenses in this case satisfy either § 924(c)(2) or § 924(c)(3)(A).

*Fourth*, defendant seeks to have his case held in abeyance because of arguments that he invokes for the first time in a reply brief.  Unsurprisingly, these new arguments focus on precedent governing pleas that were raised in *Taylor*, such as *United States v. Vann*, 660 F.3d 771, 775 (4th Cir. 2011) (en banc), and seek to build a bridge to support his request to hold this application in abeyance.  But new arguments raised in a reply brief are waived.  *See, e.g., United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013).  These new arguments also make little sense. According to defendant's reply brief, juries do not decide whether a defendant committed a particular predicate offense; rather, somehow that question is answered by applying the categorical approach.  That is wrong.

Although a number of defendants, like the one in *Taylor*, have made this argument, it is obviously mistaken.  It is of course true that the *classification* of a

4

federal crime as a crime of violence under § 924(c)(3) is a question of law answered by the court using the categorical approach. *See, e.g., United States v. Adkins*, 937 F.3d 947, 950 n.1 (4th Cir. 1991) ("Whether an offense is a 'crime of violence' is a question of law for the court, and not a question of fact for the jury. . . . Any error in submitting the issue to the jury benefited Adkins . . . by giving him a 'bite at the apple' to which he was not entitled."). But the jury decides the *factual* question of whether a defendant committed a particular predicate offense. *See, e.g., United States v. Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002) ("In Hopkins' case, the jury was explicitly instruction on [18 U.S.C.] § 111(b) as the predicate offense, and the evidence was more than sufficient for the jury to find a violation of each and every element."). And the jury decides whether the requisite relationship has been established between the firearm and the predicate offense. *See, e.g., United States v. Lomax*, 293 F.3d 701, 705(4th Cir. 2002). These are not questions of law answered by a court under the categorical approach, and as questions of fact, errors in the jury instructions on those questions are subject to ordinary harmlessness analysis. Defendant's attempt to invoke the categorical approach to preclude a harmlessness inquiry is the legal equivalent of throwing a "Hail Mary" when no viable path to victory remains. But this Court does not "authorize a successive § 2255 motion that is plainly barred as a matter of law." *In re Vassell*, 751 F.3d at 271.

5

The United States does not object to defendant filing a reply brief. But this Court should decline to hold his application in abeyance pending *Taylor* and should decline to permit defendant to pursue new arguments that attempt to convert defendant's arguments into those made in *Taylor*.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/

Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

6

## Certificate of Service and Compliance

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27. I also certify that on June 10, 2020, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

<div align="right">

/s/

Richard D. Cooke

Assistant United States Attorney

U.S. Attorney's Office

Eastern District of Virginia

919 East Main Street, Suite 1900

SunTrust Building

Richmond, Virginia 23219

(804) 819-5471

richard.cooke@usdoj.gov

</div>

No. 20-8

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

### IN RE COREY JOHNSON,

### Movant.

_____

### CAPITAL CASE

### MOTION FOR LEAVE TO FILE REPLY TO
### UNITED STATES' RESPONSE TO MOTION TO HOLD IN ABEYANCE
### PENDING DECISION BY THIS COURT IN *TAYLOR V. UNITED STATES*

_____

Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

Pursuant to Federal Rule of Appellate Procedure 27, Movant Corey Johnson respectfully requests leave to Reply to the United States' Response to the Motion for Authorization.[1]  Although the Federal Rules of Appellate Procedure and this Court's local rules do not address the filing of a reply in support of a Motion for Authorization under Local Rule 22(d), the Federal Rules of Appellate Procedure generally permit a party seeking relief an opportunity to reply to any opposition. *See, e.g.*, Fed. R. App. P. 27(a)(4) (permitting reply to response to a motion); Fed. R. App. P. 28(c) (permitting a reply brief).  Mr. Johnson respectfully requests permission to file a reply to briefly address certain improper and misleading arguments presented by the Government.

Respectfully submitted,

/s/Donald P. Salzman
Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983

---

[1] Mr. Johnson's counsel conferred by email with the Government on June 12, 2020.  The Government has no objection to the filing of this motion.

1

donald.salzman@skadden.com

Counsel for Corey Johnson

## CERTIFICATE OF COMPLIANCE

1.      This motion contains 144 words, excluding the parts of the motion exempted

from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.      This motion complies with the font, spacing, and type size requirements set

forth in Local Rule 32(a)(5) and (a)(6).

/s/ Donald P. Salzman

3

## CERTIFICATE OF SERVICE

I certify that on this 12th day of June 2020, the foregoing document was served on all parties or their counsel of record though the CM/ECF system and will be served electronically via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov

Dated: June 12, 2020

/s/ Donald P. Salzman
Skadden, Arps, Slate, Meagher &
Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

4

No. 20-8

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

**IN RE COREY JOHNSON,**

**Movant.**

_____

**CAPITAL CASE**

**REPLY TO UNITED STATES' RESPONSE TO MOTION TO HOLD IN ABEYANCE PENDING DECISION BY THIS COURT IN *TAYLOR V. UNITED STATES***

_____

Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

The Government's Response to Mr. Johnson's Motion to Hold in Abeyance (hereafter "Response") rests on reasoning that is irrelevant to Mr. Johnson's motion—and, at times, plainly wrong.[1]

First, the Government is incorrect that granting Mr. Johnson's Motion to Hold in Abeyance will somehow discard the 30-day deadline to rule on Mr. Johnson's Motion for Authorization. The Government takes the position that this Court may exceed the 30-day window, Response, ECF No. 16, at 1, and this Court has, in fact, held cases in abeyance when subject to the deadline for motions for authorization. *See In re Vial*, 115 F.3d, 1192, 1194 n.3 (4th Cir. 1997); *In re Phillips*, 879 F.3d 542, 543 (4th Cir. 2018) (placing defendant's motion in abeyance for two years, pending review of a district court's decision).

Second, the Government attempts to dismiss *Taylor* because it involves a guilty plea. However, this Court applies the modified categorical approach to jury trials in the same way that it applies to guilty pleas. *See United States v. Vann*, 660 F.3d 771 (4th Cir. 2011) (*en banc*) ("[I]n trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be

---

[1] The Government's assertion that Mr. Johnson has pursued new arguments in his Reply is equally wrong. *See, e.g.*, Motion for Authorization to File a Successive Motion Pursuant to 28 U.S.C. §§ 2255(h)(2), ECF No. 2-1, at 11, 15–16.

1

sentenced—in the absence of a special verdict form identifying the factual bases

for conviction—to a term of imprisonment exceeding the statutory maximum for

the 'least-punished' of the disjunctive statutory conduct.");[2] *see also, e.g.*, *United*

*States v. Mathis*, 932 F.3d 242, 266-67 (applying the modified categorical

approach to jury trial); *United States v. McCall*, No. 3:10CR170-HEH, 2019 WL

4675762, at *6-7 (E.D. Va. Sept. 25, 2019) ("[T]he potential that McCall may have

been found guilty by the jury based on co-conspirator liability is precisely why the

Virginia offenses may not serve as valid predicate violent felonies for § 924(c) in

this case.").

Finally, the Government's Response yet again improperly focuses on a

merits analysis, without acknowledging that such arguments are inappropriate for

this Court and have no bearing on Mr. Johnson's Motion to Hold in

Abeyance. The Government's assertions that Mr. Johnson's claims are not related

to *Taylor* are misleading and wrong. This Court has repeatedly acknowledged that

the question in *Taylor* is important and relevant to cases involving multiple

---

[2] "[I]f Vann had gone to trial in the underlying cases, any resulting conviction could only be used as an ACCA predicate conviction if the jury had returned a special verdict (or answered an interrogatory) specifically finding him guilty of violating subsection (a)(2) of the Statute." *Id*. at 776.

predicate offenses.  *See, e.g.*, Order, *In re Timothy Wallace*, No. 20-254 (May 29, 2020 4th Cir.) (holding case in abeyance pending decision in *Taylor*); Order, *United States v. Myers*, No. 20-6336 (Apr. 1 2020 4th Cir.) (same); Order, *United States v. Triggs*, No. 16-7774 (Mar. 9, 2020 4th Cir.) (same).

For the reasons set forth above, Mr. Johnson respectfully requests that his case be held in abeyance until *United States v. Taylor* is resolved by this Court.

Respectfully submitted,


/s/Donald P. Salzman
Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com


Counsel for Corey Johnson

**CERTIFICATE OF COMPLIANCE**

1.      This motion contains 532 words, excluding the parts of the motion exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.      This motion complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5) and (a)(6).

<p style="text-align:right">/s/ Donald P. Salzman</p>

## CERTIFICATE OF SERVICE

I certify that on this 12th day of June 2020, the foregoing document was served on all parties or their counsel of record though the CM/ECF system and will be served electronically via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov

Dated: June 12, 2020

/s/ Donald P. Salzman
Skadden, Arps, Slate, Meagher &
Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

FILED: July 15, 2020

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 20-8
(3:92-cr-00068-DJN-2)

———————————

In re: COREY JOHNSON, a/k/a O, a/k/a CO

Movant

———————————

O R D E R

———————————

Upon consideration of submissions relative to the movant's motion to hold in

abeyance, the court grants the motion and places this case in abeyance pending a

decision by this court in *United States v. Taylor*, No. 19-7616.

Entered at the direction of Judge Motz with the concurrence of Judge Floyd.

Judge Wilkinson voted to deny authorization to file a successive motion under 28

U.S.C. § 2255.

For the Court

/s/ Patricia S. Connor, Clerk

No. 20-8

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

**IN RE COREY JOHNSON,**

**Movant.**

---

**CAPITAL CASE**

**MOTION TO HOLD IN ABEYANCE PENDING DECISION BY
THIS COURT IN *UNITED STATES V. DICKERSON***

---

<div align="right">

Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

</div>

*Counsel for Movant*

Corey Johnson, through his undersigned counsel, respectfully moves this Court to hold his case—specifically, Mr. Johnson's Motion for Authorization to File a Successive Motion Pursuant to 28 U.S.C. § 2255(h)(2) (hereafter, "2255 Motion")—in abeyance pending this Court's pending decision in *United States v. Dickerson*, No. 20-6578. In support thereof, Mr. Johnson states as follows.

1.      This motion arises from Mr. Johnson's challenge pursuant to § 2255(h)(2) to his convictions for violating 18 U.S.C. § 924(c) because a new rule of constitutional law was announced in *United States v. Davis*, 139 S. Ct. 2319 (2019). In Mr. Johnson's case, the record does not conclusively establish the predicate offense upon which the jury relied in convicting Mr. Johnson under § 924(c). Instead, the indictment pointed to multiple possible underlying offenses under 18 U.S.C. § 1959(a) and 21 U.S.C. §§ 846 and 848(e)(1)(A).

2.      Mr. Johnson had requested that his case be held in abeyance pending a decision in *United States v. Taylor*, No. 19-7616, as to which the Fourth Circuit granted a certificate of appealability on the question of whether a § 924(c) conviction is subject to vacatur where the indictment charged multiple predicates, one of which is invalid ("ambiguous record issue," which arises when the record is silent on which of the offenses necessarily served as the basis for the § 924(c) convictions). *See Johnson*, Doc. 13 (Motion to Hold in Abeyance Pending Decision filed June 9, 2020). This Court granted that motion. *See Johnson*, Doc.

20 (Order granting filed July 15, 2020). However, this Court ultimately did not decide the ambiguous record issue, instead ruling in such a way that obviated the need to address the issue. *See United States v. Taylor*, No. 19-7616, 2020 WL 6053317, at *1 n.1 (4th Cir. Oct. 14, 2020).

3.     Although *Taylor* did not decide the ambiguous record issue, this Court has pending before it another case in which that issue is the only one presented: *United States v. Dickerson*, No. 20-6578. Having placed Mr. Dickerson's case in abeyance for *Taylor*, *see* No. 20-6578, Doc. 9 (Order granting abeyance, filed May 26, 2020), this Court took the case out of abeyance on October 20 when it issued a formal briefing order in the case. *See Dickerson*, No. 20-6578, Doc. 13 (Briefing Order filed October 20, 2020). The formal opening brief and appendix are presently due on November 30.

4.     Because *Dickerson* will resolve the major substantive issue in Mr. Johnson's case concerning the continued validity of his § 924(c) convictions, Mr. Johnson respectfully requests that this Court hold his case in abeyance until *United States v. Dickerson* is resolved by this Court.[1]

---

[1]    In accordance with Fourth Circuit Local Rule 27(a), Mr. Johnson's counsel conferred by email with the Government on October 28, 2020. The Government indicated that it will oppose Mr. Johnson's Motion.

Respectfully submitted,


/s/Donald P. Salzman
Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com


Counsel for Corey Johnson

3

## CERTIFICATE OF COMPLIANCE

1.      This motion contains 440 words, excluding the parts of the motion exempted

from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.      This motion complies with the font, spacing, and type size requirements set

forth in Local Rule 32(a)(5) and (a)(6).

<u>/s/ Donald P. Salzman</u>

# CERTIFICATE OF SERVICE

I certify that on this 30th day of October 2020, the foregoing document was served on all parties or their counsel of record though the CM/ECF system and will be served electronically via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov


Dated: October 30, 2020

/s/ Donald P. Salzman
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

FILED: November 3, 2020

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-8
(3:92-cr-00068-DJN-2)
_____

In re: COREY JOHNSON, a/k/a O, a/k/a CO

Movant

_____

O R D E R
_____

For reasons appearing to the court, this case is placed in abeyance pending a

decision by this court in *U.S. v. Juan Ortiz-Orellana*, No. 16-4844.

For the Court

<u>/s/ Patricia S. Connor, Clerk</u>

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: COREY JOHNSON | ) ) ) | No. 20-8 |
| Movant | ) ) ) |  |

**United States' Response to Motion to Hold in Abeyance**
**And Request to Take Successive § 2255 Application Out of Abeyance**

On May 22, 2020, defendant applied for permission to file a successive

motion under 28 U.S.C. § 2255, challenging his five convictions under 18 U.S.C.

§ 924(c).  Defendant contends that his § 924(c) counts are invalid under *United*

*States v. Davis*, 139 S. Ct. 2319 (2019), because, according to him, the predicate

offenses for those § 924(c) counts depend on § 924(c)(3)(B) (the "residual

clause"), which *Davis* invalidated as unconstitutionally vague.  But *Davis* offers no

valid basis for relief.  Defendant's § 924(c) convictions remain valid

notwithstanding the unconstitutionality of the residual clause.  This Court should

accordingly deny defendant's request to hold his application in abeyance for a

ruling in *United States v. Dickerson*, no. 20-6578, which will not change the proper

result here no matter how this Court resolves it.  Proceeding to resolve the motion

is particularly appropriate in light of 28 U.S.C. § 2244(b)(3)(D), which provides

that "[t]he court of appeals shall grant or deny the authorization to file a second or

successive application not later than 30 days after the filing of the motion."

1

Moreover, although this Court separately on November 3, 2020, *sua sponte* placed defendant's application in abeyance pending this Court's decision in *United States v. Ortiz-Orellana*, no. 16-4844, the appeal in *Ortiz-Orellana* involves no § 924(c) convictions with multiple predicates and otherwise has no relevance here. The United States respectfully requests that defendant's application not be held in abeyance for a ruling in *Ortiz-Orellana*.

## I.

Following a jury trial, Defendant Corey Johnson received seven death sentences for his role in a drug organization that carried out at least ten murders. Defendant's seven death sentences were imposed for convictions under 21 U.S.C. § 848(e)(1)(A), which prohibits a murder committed by a person engaging in a continuing criminal drug enterprise. He did not receive a death sentence on the § 924(c) convictions.

In addition to the murder convictions under § 848(e)(1)(A) and the § 924(c) counts, defendant was also convicted of conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848(a); five counts of committing violent crimes in aid of racketeering (VICAR), in violation of 18 U.S.C. § 1959; and two counts of possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Tipton*, 90 F.3d 861, 869–70 (4th Cir. 1996).

2

In the first of the murders of which defendant was convicted (count 8) occurred in mid-January 1992.  Defendant used a semi-automatic weapon to gun down Peyton Johnson, rival drug dealer, at a tavern.  *Tipton*, 90 F.3d at 868.  Less than two weeks later, on January 29, 1992, defendant murdered Louis Johnson (count 11).  *Id*. at 869.  For that offense, defendant approached Louis Johnson in an alley and began shooting at him because defendant believed him to have previously threatened defendant while acting as a bodyguard for a rival drug dealer.  *Id*.  While Louis Johnson lay on the ground, either defendant or another codefendant shot him twice at close range.  *Id*.

The third, fourth, and fifth murders (counts 17, 18, and 19) occurred on February 1, 1992.  These murders began with a drug debt owed by Dorothy Mae Armstrong and ended in her death by gunfire.  Defendant located Armstrong at her brother's home, approached the home, and opened fire on Armstrong and Anthony Carter.  *Id*.  Armstrong's brother, Bobby Long, fled out the front door but was fatally shot by defendant in the front yard.  *Id*.

The sixth and seventh murders (counts 24 and 25) occurred in early February 1992 and resulted in the deaths of Curtis Thorne and Linwood Chiles.  Defendant, along with codefendant Richard Tipton, shot Chiles at close range after instructing him to place his head on the steering wheel of his car.  *Id*.; *United States v. Roane*, 378 F.3d 382, 389 n.6 (4th Cir. 2004).  Defendant and Tipton also murdered Thorne by gunfire.  Thorne's autopsy report indicated he had been hit by bullets

3

from two different directions.  *Id.*  Two other passengers in the car, Gwen and

Priscilla Greene, were also critically wounded in this attack.  *Id.*

A jury found defendant guilty of all seven § 848(e)(1)(A) murders discussed

above, as well as eleven counts of committing violent crimes in aid of racketeering

activity under 18 U.S.C. § 1959.  Two of those counts (counts 29 and 30) related to

the maiming of Gwen and Priscilla Greene during the attack on Chiles and Thorne.

Two other convictions under § 1959 stemmed from defendant's murder of Torrick

Brown (count 14) and wounding of Martha McCoy (count 16).  Defendant, Roane,

and Lance Thomas located Brown at his apartment on the evening of February 1,

1992, and, armed with semi-automatic weapons, opened fire on Brown as he

approached his doorway, killing him.  *Tipton*, 90 F.3d at 869.

In defendant's present application for permission to file a successive § 2255

challenges solely his convictions under § 924(c), which run consecutively to his

death sentences.  The predicate offenses for his § 924(c) counts are as follows, and

the jury returned separate guilty verdicts on each predicate offense:

| *§ 924(c) count* | *Date* | *Predicate offenses* | |
|---|---|---|---|
| Count 9 | Jan. 14, 1992 | Count 1 | (21 U.S.C. § 846) |
| | | Count 8 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Peyton Maurice Johnson) |
| | | Count 10 | (18 U.S.C. § 1959, VICAR murder of Peyton Maurice Johnson) |
| Count 12 | Jan. 29, 1992 | Count 1 | (21 U.S.C. § 846) |

4

|            |               | Count 11 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Louis J. Johnson, Jr.) |
|            |               | Count 13 | (18 U.S.C. § 1959, VICAR murder of Louis J. Johnson, Jr.) |
| Count 15   | Feb. 1, 1992  | Count 1  | (21 U.S.C. § 846) |
|            |               | Count 14 | (18 U.S.C. § 1959, VICAR murder of Torrick Brown, Jr.) |
|            |               | Count 16 | (18 U.S.C. § 1959, VICAR assault with serious bodily injury of Martha McCoy) |
| Count 20   | Feb. 1, 1992  | Count 1  | (21 U.S.C. § 846) |
|            |               | Count 17 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Bobby Long) |
|            |               | Count 18 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Anthony Carter) |
|            |               | Count 19 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Dorothy Mae Armstrong) |
|            |               | Count 21 | (18 U.S.C. § 1959, VICAR murder of Bobby Long) |
|            |               | Count 22 | (18 U.S.C. § 1959, VICAR murder of Anthony Carter) |
|            |               | Count 23 | (18 U.S.C. § 1959, VICAR murder of Dorothy Mae Armstrong) |
| Count 26   | Feb. 19, 1992 | Count 1  | (21 U.S.C. § 846) |
|            |               | Count 24 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Curtis Thorne) |
|            |               | Count 25 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Linwood Chiles) |
|            |               | Count 27 | (18 U.S.C. § 1959, VICAR murder of Curtis Thorne) |
|            |               | Count 28 | (18 U.S.C. § 1959, VICAR murder of Linwood Chiles) |

5

> Count 29    (18 U.S.C. § 1959, VICAR
>             maiming of Priscilla Green)
> Count 30    (18 U.S.C. § 1959, VICAR
>             maiming of Gwendolyn Green)

## II.

As this Court explained in defendant's direct appeal, the murders that formed the basis of the § 924(c) convictions were "all in relation to [defendants Johnson, Tipton, and Roane's] drug-trafficking operation," and the murders occurred "because their victims were suspected of treachery or other misfeasance, or because they were competitors in the drug trade, or because they had personally offended one of the 'partners.'" *Tipton*, 90 F.3d at 868. The close nexus between the § 924(c) counts and defendant's drug trafficking provides one of several reasons why defendant's claims readily fail and why his application to hold his case in abeyance should be denied.

Convictions under 21 U.S.C. § 846 and 21 U.S.C. § 848(e)(1)(A) remain valid predicates under § 924(c) after *Davis*, for those predicate offenses qualify as drug-trafficking offenses under 21 U.S.C. § 924(c)(2), a provision that poses no constitutional vagueness concern. *See, e.g., United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016). Defendant's present application for permission to file a successive § 2255—like his three previous applications that were denied—offers no persuasive argument that a constitutional vagueness challenge affects § 924(c)(2) or that § 846 and § 848(e)(1)(A) do not count as drug-trafficking

6

crimes. With just those predicates alone, defendant's application must be denied.

Moreover, defendant's seven VICAR murder predicates also remain valid after

*Davis* under § 924(c)(3)(A). *See United States v. Mathis*, 932 F.3d 242, 265 (4th

Cir. 2019). By the same token, because § 848(e)(1)(A) requires proof of a murder,

those offenses also satisfy § 924(c)(3)(A). *In re Irby*, 858 F.3d 231, 236 (4th Cir.

2017) ("[I]t is hard to imagine conduct that can cause another to die that does not

involve physical force against the body of the person killed.").

Given the presence of the § 848(e)(1)(A), § 846, and VICAR murder

predicates that support each of defendant's § 924(c) convictions—predicates that

remain valid and on which the jury separately convicted defendant—his

application for permission to file a successive § 2255 and likewise his request to

hold his application in abeyance collapses to a narrow argument about his § 924(c)

convictions in counts 15 and 26. Count 15 included a VICAR predicate for assault

with serious bodily injury, and count 26 included two VICAR maiming predicates.

He must establish both that these VICAR predicates do not satisfy § 924(c)(3)(A)

and that any error is not harmless.

As the United States has previously argued, the VICAR assault with serious

bodily injury and VICAR maiming predicates are valid. *Cf. United States v.*

*Bullock*, 970 F.3d 210, 215 (3d Cir. 2020) (collecting authority from six circuits

holding that assault with a deadly or dangerous weapon or assault where bodily

7

injury is inflicted under 18 U.S.C. § 111(b) is crime of violence). If all of defendant's predicates are valid, he obviously has no ground for relief.

But even if the VICAR predicates were invalid, any error would be harmless, and defendant's justifications for holding his applications in abeyance would fail. In a 2-1 vote, this Court previously held defendant's application—filed on May 22, 2020—in abeyance for a ruling in *United States v. Taylor*, – F.3d –, 2020 WL 6053317 (4th Cir. Oct. 14, 2020). But *Taylor* ultimately did not address when a § 924(c) conviction may be upheld where one predicate is no longer valid after *Davis* but another predicate is valid. Notably, though, after this Court held defendant's application in abeyance for *Taylor*, this Court has correctly rejected a *Davis* challenge to a § 924(c) conviction that had an invalid conspiracy predicate and a valid substantive Hobbs Act predicate. *See United States v. Johnson*, – F. App'x –, 2020 WL 5629883, at *2 (4th Cir. Sept. 21, 2020). The defendant there could not show that the plain error that did occur in allowing the jury to consider the conspiracy predicate affected his substantial rights. *Id.*

This Court and other courts of appeals have applied this same reasoning, and defendant cannot point to any court of appeals that would grant relief in the circumstances here. *See, e.g., United States v. Steward*, 793 F. App'x 188, 190 (4th Cir. 2019) ("Because there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of violence to the § 924(c) charge, we conclude that there is

8

no reason to vacate the § 924(c) conviction."); *United States v. Robinson*, 627 F.3d 941, 954–55 (4th Cir. 2010) (erroneous "use" instruction in § 924(c) harmless given alternative "possession" instruction, even if "use" and "possession" theories created distinct offenses and even though jury returned general verdict); *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) ("The District Court instructed the jury that *either* conspiracy *or* armed bank robbery would count as a predicate crime for a § 924(c) conviction, as long as the jury found that the defendant had used or carried the gun to further the crime. The jury convicted both defendants on both bank-robbery counts. So we can tell from the verdict form, as well as from the evidence presented at trial, that there is no 'reasonable probability' that the jury based its § 924(c) convictions only on the conspiracy as opposed to the bank-robbery counts. Thus, even if the instruction was erroneous, any error was harmless.") (citations omitted). Moreover, the harmlessness standard poses an even greater hurdle to relief on collateral review. *See, e.g., United States v. Smith,* 723 F.3d 510, 512 (4th Cir. 2013).

The above authority follows well-established Supreme Court precedent for analyzing harmlessness when a jury is presented with alternative theories of liability, some of which are defective and some not. *See, e.g., Hedgpeth v. Pulido*, 555 U.S. 57 (2008) (per curiam).

Moreover, the harmlessness of any purported error is a proper basis to deny authorization to file a successive § 2255. "[W]hile the prima facie showing is a

9

*necessary condition* to receive prefiling authorization, the statute does not *limit* this court to considering *only* this necessary condition." *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018) (citing *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)).

Defendant is wrong that the categorical approach somehow precludes applying ordinary harmlessness doctrine. It is of course true that the *classification* of a federal crime as a crime of violence under § 924(c)(3) is a question of law answered by the court using the categorical approach. *See, e.g., United States v. Adkins*, 937 F.3d 947, 950 n.1 (4th Cir. 1991) ("Whether an offense is a 'crime of violence' is a question of law for the court, and not a question of fact for the jury. . . . Any error in submitting the issue to the jury benefited Adkins . . . by giving him a 'bite at the apple' to which he was not entitled."). But the jury decides the *factual* question of whether a defendant committed a particular predicate offense. *See, e.g., United States v. Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002) ("In Hopkins' case, the jury was explicitly instruction on [18 U.S.C.] § 111(b) as the predicate offense, and the evidence was more than sufficient for the jury to find a violation of each and every element."). And the jury decides whether the requisite relationship has been established between the firearm and the predicate offense. *See, e.g., United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (requiring jury to find requisite relationship between gun and predicate offense). These are not questions of law answered by a court under the categorical approach, and as questions of fact, errors in the jury instructions on those questions are subject to

10

ordinary harmlessness analysis—even assuming that defendant could show that one of his predicate offenses is now invalid.

Defendant now proposes to have his case held in abeyance for another appeal, *United States v. Dickerson*, No. 20-6578, that has not even been briefed yet. In *Dickerson*, the defendant pleaded guilty to a § 924(c) count where the indictment charged both substantive Hobbs Act robbery and conspiracy as a predicate. The defendant admitted to brandishing a firearm in a robbery that he completed, and after *Davis*, the district court denied § 2255 relief but granted a certificate of appealability because, in *Taylor*, this Court had granted a certificate of appealability on whether a § 924(c) conviction is invalid where the indictment charged multiple predicates, one of which is invalid. But after the certificate of appealability was granted in both *Taylor* and *Dickerson*, this Court issued the ruling in *Johnson* that follows the unbroken line of precedent finding that claims like defendants are meritless—even assuming that he could establish that one of the predicates is now invalid. Further delay in adjudicating defendant's application is unwarranted.

### III.

Under 28 U.S.C. § 2244(b)(3)(D), "The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion." This Court has concluded that the 30-day deadline is neither mandatory nor jurisdictional. *See In re Vial*, 115 F.3d 1192, 1194 n.3

11

(4th Cir. 1997) (en banc).  But the 30-day window should not be simply ignored. Although the provision is "hortatory," *In re Siggers*, 132 F.3d 333, 336 (6th Cir. 1997), courts properly "make a diligent, good-faith effort to comply with the 30-day time limit," *Rodriguez v. Superintendent, Bay State Correctional Center*, 139 F.3d 270, 273 (1st Cir. 1998), abrogated in part on other grounds, *Bousley v. United States*, 523 U.S. 614 (1998).  Defendant's prior applications raising a constitutional vagueness challenge to his § 924(c) convictions were decided within the 30-day period, and this application, which was filed more than five months ago and also raises a constitutional vagueness challenge, should not be delayed further.

Separately, the government notes that the capital sentences imposed on defendant and his co-defendants in 1993 are the oldest on federal death row.  An injunction that had long barred the implementation of those sentences was recently vacated by a district court in the District of Columbia.  *See In re Fed. BOP Execution Protocol Cases*, No. 19-MC-145 (TSC), 2020 WL 5604298, at *4 (D.D.C. Sept. 20, 2020).  Accordingly, the government may soon schedule dates for the implementation of those sentences.

<div style="margin-left:50%">

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:   _____/s/_____
Richard D. Cooke
Assistant United States Attorney

</div>

12

U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

**Certificate of Service and Compliance**

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27. I also certify that on November 9, 2020, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

_____/s/_____
Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471
richard.cooke@usdoj.gov

13