No. 19-1

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

IN RE COREY JOHNSON,

**Movant.**

_____

## CAPITAL CASE

## MOTION FOR AUTHORIZATION
## PURSUANT TO 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(A)

_____

Donald P. Salzman
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1140 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................5

INTRODUCTION ...............................................................................9

PROCEDURAL HISTORY.................................................................10

    A.    Convictions and Sentencing. ..............................................10

    B.    Direct Appeal. ....................................................................11

    C.    Initial §2255 Motion...........................................................11

    D.    Prior Applications for Authorization. .................................12

ARGUMENT .....................................................................................12

    I.    MR. JOHNSON'S MOTION MEETS THE REQUIREMENTS OF §2255. ........13

    A.    Mr. Johnson's Motion is Timely. ......................................14

    B.    *Dimaya* Announced a New Rule.........................................15

    C.    *Dimaya*'s Rule is Constitutional In Nature. .....................15

    D.    The Supreme Court Made *Dimaya* Retroactive To Cases on Collateral Review. ..................................................16

    E.    *Dimaya*'s New Rule Was Previously Unavailable To Mr. Johnson. ..............................................................................17

    II.    IN LIGHT OF *DIMAYA*, MR. JOHNSON'S §924(C) CONVICTIONS AND DEATH SENTENCE ARE INVALID. ..........................................18

    A.    Under *Dimaya*, Mr. Johnson's §924(c) Convictions Cannot Be Sustained. ..........................................................18

    B.    Mr. Johnson is Entitled to be Resentenced because the Unconstitutional §924(c) Convictions Improperly Influenced the Imposition of the Death Penalty.................28

CONCLUSION ...................................................................................................31

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) .....................................32

CERTIFICATE OF SERVICE ...........................................................................33

APPENDIX 1

Motion to Vacate Conviction Under 28 U.S.C. § 2255 Pursuant to *Sessions
v. Dimaya*, 138 S.Ct. 1204 (2018), *United States v. Johnson*, No.
3:92CR68-02 (E.D. Va.) ...............................................................................1a

APPENDIX 2

Verdict, *United States v. Johnson*, No. 3:92CR68-02
(E.D. Va. Feb. 3, 1993)................................................................................ 20a

Presentence Investigation Report, *United States v. Johnson*, No. 3:92CR68-
02 (E.D. Va. Apr. 23, 1993)........................................................................ 27a

*United States v. Roane*, No. 3:92CR68-02, Trial Tr. vol. 15
(E.D. Va. Feb. 1, 1993)................................................................................ 85a

*United States v. Roane*, No. 3:92CR68-02, Trial Tr. vol. 16
(E.D. Va. Feb. 2, 1993)...............................................................................175a

*United States v. Roane*, No. 3:92CR68-02, Trial Tr. vol. 17
(E.D. Va. Feb. 3, 1993)...............................................................................259a

*United States v. Roane*, No. 3:92CR68-02, Trial Tr. vol. 18
(E.D. Va. Feb. 8, 1993)...............................................................................273a

*United States v. Roane*, No. 3:92CR68-02, Trial Tr. vol. 22
(E.D. Va. Feb. 12, 1993).............................................................................341a

Second Superseding Indictment, *United States v. Roane*, No. 3:92CR68-02
(E.D. Va. July 2, 1992). ..............................................................................405a

Special Findings, *United States v. Johnson*, No. 3:92CR68-02 (E.D. Va. Feb. 16, 1993) ...................................................................................427a

Decision Forms, *United States v. Johnson*, No. 3:92CR68-02 (E.D. Va. Feb. 15, 1993) ...................................................................................439a

## APPENDIX 3A

Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255 Pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *In re Johnson*, No. 16-13 (4th. Cir. June 17, 2016).........................................453a

Motion to Vacate Conviction Under 28 U.S.C. § 2255 Pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *United States v. Johnson*, No. 3:92CR68-02 (E.D. Va. June 17, 2016).........................................473a

June 20, 2016 Letter from Donald P. Salzman to Patricia Connor, Clerk of the Court with Notice of Supplemental Authority, *In re Johnson*, No. 16-13 (4th. Cir. June 20, 2016) ...........................................................503a

United States' Response to Application for Successive § 2255, *In re Johnson*, No. 16-13 (4th. Cir. June 21, 2016)..................................................505a

Order Denying Motion Under 28 U.S.C. § 2244 for an Order Authorizing the District Court to Consider a Second or Successive Application for Relief under 28 U.S.C. § 2255, *In re Johnson*, No. 16-4 (4th. Cir. June 22, 2016) ...........................................................................................526a

## APPENDIX 3B

Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255 Pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *In re Johnson,* No. 16-4 (4th Cir. May 19, 2016)..................................................527a

Motion to Vacate Conviction Under 28 U.S.C. § 2255 Pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *United States v. Johnson*, No. 3:92CR68-02 (E.D. Va. May 19, 2016)........................................................544a

United States' Response to Application for Successive § 2255, *In re Johnson*, No. 16-4 (4th. Cir. June 1, 2016)....................................................574a

Order Denying Motion Under 28 U.S.C. § 2244 for an Order Authorizing the District Court to Consider a Second or Successive Application for Relief under 28 U.S.C. § 2255, *In re Johnson*, No. 16-4 (4th. Cir. June 6, 2016) ...............................................................................................620a

## APPENDIX 3C

Motion to Vacate Conviction Under 28 U.S.C. § 2255, *United States v. Cory Johnson*, No. 3:92CR68-02 (E.D. Va. June 1, 1998) ......................................621a

Memorandum in Support of Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 (E.D. Va. June 15, 1998) ......................634a

First Amendment to Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 and to Memorandum in Support of Petition, *United States v. Cory Johnson*, No. 3:92CR68-02 (E.D. Va. Sept. 23, 1998) .................................................................................................932a

Motion for Leave to Amend and Second Amendment to Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 and to Memorandum in Support of Petition, *United States v. Johnson*, No. 3:92CR68-02 (E.D. Va. Mar. 15, 1999) .......................................................949a

Petitioner Johnson's Third Amendment to Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 and to Memorandum in Support of Petition, *United States v. Johnson*, No. 3:92CR68-02 (E.D. Va. Oct. 1, 1999) .................................................................................................956a

Order Dismissing Motion to Vacate Conviction Under 28 U.S.C. § 2255, *United States v. Johnson*, No. 3:92CR68-02 (E.D. Va. May 1, 2003)..........967a

# TABLE OF AUTHORITIES

**Cases**

*Bourgeois v. Whitley*,
    784 F.2d 718 (5th Cir. 1986) ...................................................................28

*Chaidez v. United States*,
    568 U.S. 342 (2013)................................................................................14

*Garcia v. Gonzales*,
    455 F.3d 465 (4th Cir. 2006) ............................................................ 23, 26

*In re Hubbard*,
    825 F.3d 225 (4th Cir. 2016) ............................................................ 17, 19

*In re Vassell*,
    751 F.3d 267 (4th Cir. 2014) ...................................................................13

*In re Williams*,
    330 F.3d 277 (4th Cir. 2003) ............................................................ 17, 19

*James v. United States*,
    476 F.2d 936 (8th Cir. 1973) ...................................................................28

*Jerkins v. United States*,
    530 F.2d 1203 (5th Cir.1976) ...................................................................28

*Johnson v. Mississippi*,
    486 U.S. 578 (1988)................................................................................28

*Johnson v. United States*,
    135 S. Ct. 2551 (2015)............................................................................11

*Johnson v. United States*,
    559 U.S. 133 (2010)................................................................................23

*Lambrix v. Singletary*,

    520 U.S. 518 (1997)..................................................................................14

*Miller v. United States*,

    735 F.3d 141 (4th Cir. 2013) ...................................................................15

*Mills v. Maryland*,

    486 U.S. 367 (1988)..................................................................................28

*Roane v. United States*,

    520 U.S. 1253 (1997)................................................................................10

*Rosemond v. United States*,

    572 U.S. 65 (2014)....................................................................................17

*San-Miguel v. Dove*,

    291 F.3d 257 (4th Cir. 2002) ...................................................................15

*Schriro v. Summerlin*,

    542 U.S. 348 (2004);.................................................................................15

*Sessions v. Dimaya*,

    138 S. Ct. 1204 (2018)................................................................ 8, 12, 14, 18

*Simpkins v. State*,

    88 Md. App. 607 (Md. Ct. Spec. App. 1991) ..........................................26

*Smith v. United States*,

    508 U.S. 223 (1993)........................................................................ 14, 18, 20

*Teague v. Lane*,

    489 U.S. 288 (1989)..................................................................................14

*Tyler v. Cain*,

    533 U.S. 656 (2001)..................................................................................15

*United States v. Cardena*,

    842 F.3d 959 (7th Cir. 2016) ...............................................................12, 19

*United States v. Davis*,

  903 F.3d 483 (5th Cir. 2018),

  *cert. granted*, 139 S. Ct. 782 (2019) .............................................................. 12, 19

*United States v. Eshetu*,

  898 F.3d 36 (D.C. Cir. 2018) .............................................................. 12, 19

*United States v. Evans*,

  848 F.3d 242 (4th Cir. 2017) ..............................................................23

*United States v. Gomez*,

  690 F.3d 194 (4th Cir. 2012) ..............................................................24

*United States v. Hare*,

  820 F.3d 93 (4th Cir. 2016) .............................................................. 21, 22

*United States v. MacDonald*,

  641 F.3d 596 (4th Cir. 2011) ..............................................................13

*United States v. Mayo*,

  901 F.3d 218 (3d Cir. 2018) ..............................................................25

*United States v. Najjar*,

  300 F.3d 466 (4th Cir. 2002) ..............................................................20

*United States v. Roane*,

  378 F.3d 382 (4th Cir. 2004) ..............................................................10

*United States v. Royal*,

  731 F.3d 333 (4th Cir. 2013) ..............................................................25

*United States v. Salas*,

  889 F.3d 681 (10th Cir. 2018),

  *petition for cert. filed*, No. 18-428 (Oct. 3, 2018) ........................................ 12, 19

*United States v. Simms*,

  914 F.3d 229 (4th Cir. 2019) .............................................................. passim

*United States v. Tipton,*

   90 F.3d 861 (4th Cir. 1996) .................................................................... 10, 22

*United States v. Torres-Miguel,*

   701 F.3d 165 (4th Cir. 2012) .................................................................... 24, 25

*United States v. Townsend,*

   886 F.3d 441 (4th Cir. 2018) ...................................................................26

*United States v. Tucker,*

   404 U.S. 443 (1972).................................................................................27

*Welch v. United States,*

   136 S. Ct. 1257 (2016).................................................................. 11, 15, 16

**Statutes**

18 U.S.C. §1111(a) ..........................................................................................27

18 U.S.C. §924(c)(1)(A) ............................................................................. 17, 20

18 U.S.C. §924(c)(2)........................................................................................21

18 U.S.C. §924(c)(3)(A) ..................................................................................23

18 U.S.C. §924(c)(3)(B) ..................................................................................19

18 U.S.C. §924(e)(2)(B)(ii) ............................................................................11

28 U.S.C. §2255(f)(3) ......................................................................................13

28 U.S.C. §2255(h) ..........................................................................................13

28 U.S.C. §2255(h)(2)......................................................................................15

## INTRODUCTION

Corey Johnson[1] respectfully asks this Court, pursuant to 28 U.S.C. §2244(b)(3), to authorize him to file the attached successive motion under 28 U.S.C. §2255(h)(2) (hereafter "§2255 Motion"). As shown below, this motion meets the requirements for authorization because it relies upon a new rule of constitutional law announced in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held that the residual clause defining a "crime of violence" under 18 U.S.C. §16(b) is void for vagueness in violation of the Due Process Clause. *Dimaya*, 138 S. Ct. at 1216. In *Dimaya*, the government agreed that the residual clauses of 18 U.S.C. §§16(b) and 924(c)(3)(B) use "the same statutory language" and predicted that the two provisions would rise or fall together. *See* Brief for the Petitioner at 52-53, *Dimaya*, 138 S. Ct. 1204 (2018) (No. 15-1498), 2016 WL 6768940, at *52-53. The government was correct. As this Court recently held, *Dimaya* dictates that the "materially identical" language of §923(c)(B)(3) is also unconstitutionally void under the Due Process Clause. *United States v. Simms*, 914 F.3d 229, 237, 241 (4th Cir. 2019) (en banc).

In light of *Dimaya*, Corey Johnson's §924(c) convictions cannot be constitutionally sustained. And because those convictions unduly influenced the

---

[1] Mr. Johnson's first name is "Corey" but it was misspelled as "Cory" in various prior pleadings before this Court.

jury's imposition of the death penalty in this case, he is entitled to resentencing. Mr. Johnson makes the prima facie showings required by 28 U.S.C. §§2244(b)(3) and 2255(h)(2), and thus, asks this Court to authorize the district court's consideration of the attached §2255 Motion.

**PROCEDURAL HISTORY**

### A.   Convictions and Sentencing.

In April 1992, Mr. Johnson and six co-defendants were charged in a 33-count indictment, including five counts under 18 U.S.C. §924(c), which prohibits "us[ing]" a firearm "during and in relation to any crime of violence."  (Counts 9, 12, 15, 20, and 26).  The indictment also charged conspiracy to possess with intent to distribute more than 50 grams of cocaine base under 21 U.S.C. §846 (Count 1), capital murder under 21 U.S.C. §848(e)(1)(A), and killing and maiming in aid of racketeering under 18 U.S.C. §1959(a).

On February 3, 1993, the jury convicted Mr. Johnson of "Use of a Firearm in Relation to Killing and Maiming" in violation of §924(c), as well as all other counts.  *See* Appendix 2 (Verdict Form).[2]  The same jury then considered whether to impose the death penalty on Mr. Johnson and two others in this case.  Following a penalty hearing in which the government relied largely on the same evidence

---

[2] The Verdict Forms the jury relied upon in returning its guilty verdicts, together with the Presentence Report prepared in Mr. Johnson's case and the relevant guilt and sentencing phase transcripts are attached in Appendix 2.

presented at trial, the jury sentenced Mr. Johnson to death.

### B.    Direct Appeal.

Mr. Johnson timely appealed to the Fourth Circuit, raising issues relating to

the guilt and penalty phases of his trial. This Court held that Mr. Johnson's

conviction under 21 U.S.C. §846 violated the Constitution's double jeopardy

clause and therefore vacated Mr. Johnson's conviction under Count 1, but

otherwise affirmed his convictions and death sentences. *United States v. Tipton*,

90 F.3d 861, 891 (4th Cir. 1996). The Supreme Court denied certiorari. *Roane v.*

*United States*, 520 U.S. 1253 (1997).

### C.    Initial §2255 Motion.

In 1998, Mr. Johnson filed a timely motion for collateral relief under §2255,

raising in the motion (and amendments to it) claims of error in both the guilt and

penalty phases of his trial. The district court denied relief. *See* App. 3C at 967a-

1091a (*United States v. Roane*, No. 3:92CR68 (E.D. Va. May 1, 2003)). This

Court affirmed the denial of relief. *United States v. Roane*, 378 F.3d 382 (4th Cir.

2004). The Supreme Court denied certiorari. *Johnson v. United States*, 546 U.S.

810 (2005).[3]

---

[3] Mr. Johnson's initial § 2255 motion was docketed under criminal case number 3:92CR68 and civil case number 3:97CV895. Pursuant to Local Rule 22(d), that filing and three amended motions to it are attached in Appendix 3.

**D.      Prior Applications for Authorization.**

*Johnson v. United States*, 135 S. Ct. 2551 (2015) held that the residual

clause of the Armed Career Criminal Act, 18 U.S.C. §924(e)(2)(B)(ii), was

unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2557.  Later, the Court held

*Johnson*'s rule was retroactively applicable to cases on collateral review.  *Welch v.*

*United States*, 136 S. Ct. 1257, 1265 (2016).  Relying upon *Johnson* and *Welch*,

Mr. Johnson filed a motion seeking this Court's authorization to pursue a

successive §2255 motion challenging his §924(c) convictions on the ground that

§924(c)(3)(B) is unconstitutionally vague in light of *Johnson*.  This Court

summarily denied authorization.  S*ee* App. 3B at 620a.

Shortly thereafter, following this Court's approval of several successive

§2255 motions raising similar constitutional challenges to §924(c), Mr. Johnson

again moved for authorization to file a successive §2255 motion so that he, too,

could receive due consideration of his constitutional claim.  The panel again denied

the motion.  *See* App. 3A at 526a.

**ARGUMENT**

On April 17, 2018, the Supreme Court issued its decision in *Dimaya* holding

that the definition of a "crime of violence" under 18 U.S.C. § 16(b) is void for

vagueness in violation of the Due Process Clause. 138 S. Ct. at 1216. In light of *Dimaya*, this Court held that the "materially identical" language of §924(c)(3)(B) is unconstitutionally void for vagueness. *Simms*, 914 F.3d at 232. Four other federal circuit courts have held the same, and the Supreme Court has granted certiorari to address the question. *See United States v. Davis*, 903 F.3d 483, 485-86 (5th Cir. 2018) (per curiam), *cert. granted*, 139 S. Ct. 782 (2019); *United States v. Eshetu*, 898 F.3d 36, 37 (D.C. Cir. 2018) (per curiam); *United States v. Salas*, 889 F.3d 681, 684-86 (10th Cir. 2018), *petition for cert. filed*, No. 18-428 (Oct. 3, 2018); *see also United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

As shown below, Mr. Johnson makes the prima facie showing required by 28 U.S.C. §§2244(b)(3) and 2255. And this Court should allow the District Court an opportunity to consider the merits of his §2255 Motion, which demonstrates that he is entitled to relief under *Dimaya*'s rule on two grounds: (1) Mr. Johnson's §924(c) convictions cannot be sustained because the residual clause of 18 U.S.C. §924(c)(3)(B) is unconstitutional in light of *Dimaya*; and (2) because the §924(c) convictions improperly influenced the imposition of the death penalty in his case, Mr. Johnson is entitled to be resentenced.

## I.     MR. JOHNSON'S MOTION MEETS THE REQUIREMENTS OF §2255.

Mr. Johnson satisfies the requirements of 28 U.S.C. §2255 for authorization to file his successive Motion. This Court must "certif[y] as provided in section

2244" that the motion "contain[s] … a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h); *see United States v. MacDonald*, 641 F.3d 596 (4th Cir. 2011) ("§ 2255(h) spells out the standard applicable to those in federal custody"). Consistent with these requirements, Mr. Johnson's motions is (A) timely, and raises cognizable claims relying upon the rule *Dimaya* announced, which is (B) a new rule, (C) that is constitutional in nature, (D) that the Supreme Court has made retroactive on collateral review, and (E) that was previously unavailable.

### A.    Mr. Johnson's Motion is Timely.

Mr. Johnson's §2255 Motion is timely. *See In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014) (noting this Court may "reach the question of the successive motion's timeliness at the gatekeeping stage"). Under 28 U.S.C. §2255(f), a §2255 motion must be filed within a one-year limitations period. Where, as here, the motion is pursuant to a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. §2255(f)(3). The Supreme Court decided *Dimaya* on April 17, 2018. Because this application was within one year of that date, the attached §2255 Motion is timely.

14

**B.    *Dimaya* Announced a New Rule.**

"[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). "And a holding is not so dictated," the Court has made clear, "unless it would have been apparent to all reasonable jurists." *Chaidez*, 568 U.S. at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)).

The rule set forth in *Dimaya* is plainly new. Mr. Johnson's conviction became final in July 1996, when no precedent suggested—much less "*dictated*"— that §924(c) might be unconstitutional. Prior to *Dimaya*, the Supreme Court had repeatedly construed the language of the residual clause of §924(c)(3)(B) but never held it was constitutionally problematic. *See, e.g.*, *Smith v. United States*, 508 U.S. 223, 227-28 (1993). Accordingly, *Dimaya*'s rule is new because it was not "*dictated* by existing precedent" when Mr. Johnson's conviction became final in 1996.

**C.    *Dimaya***'s Rule is Constitutional In Nature.**

*Dimaya* announced a *constitutional* rule in holding the language of the residual clause unconstitutional under the Due Process Clause. 138 S. Ct. at 1216; *id.* at 1223-24 (Gorsuch, J., concurring in part and concurring in the judgment). Because the Supreme Court held that *the statute itself* is unconstitutional, the rule

15

in *Dimaya* is constitutional in nature. *See also Welch*, 136 S. Ct. at 1261 (reaffirming that "the void-for-vagueness doctrine" is "mandated by the Due Process Claus[e] of the Fifth Amendment"); *Simms*, 914 F.3d at 236 (holding under *Dimaya*, "Section 924(c)(3)(B) is therefore unconstitutional").

**D.     The Supreme Court Made *Dimaya* Retroactive To Cases on Collateral Review.**

*Dimaya*'s new rule was "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. §2255(h)(2). The Court makes a new rule of constitutional law retroactive to cases on collateral review by explicitly declaring it retroactive, or through a combination of holdings that "necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001); *see also San-Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002).

Here, the retroactive application of *Dimaya* is "necessarily dictate[d]" by a long line of Supreme Court cases holding that "[n]ew *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *see also Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Dimaya*'s new rule is "substantive" because it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351-52. *Dimaya* announced precisely such a rule. It is substantive because it narrows the scope of the statutory "crime of violence" definition by excising the residual clause (§924(c)(3)(B)) from the statute. This

16

narrowing means that §924(c) now criminalizes less conduct after *Dimaya*. In particular, *Dimaya* establishes that some convictions pursuant to §924(c) cannot be considered crimes of violence consistent with the Due Process Clause, altering what conduct §924(c) makes criminal. The upshot is that *Dimaya*'s application to §924(c)(3)(B) also renders some conduct which was formerly criminal no longer criminal under the §924(c) statute. *See, e.g.*, *Simms*, 914 F.3d at 233-34 (holding that after *Dimaya*, conspiracy is no longer a §924(c) "crime of violence").

A decision is also "substantive" if it "alters . . . the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1266. *Welch's* reasoning applies with even more force here because *Dimaya* not only alters sentences, but renders a class of people once subject to § 924(c) liability entirely innocent.

### E.    *Dimaya***'s New Rule Was Previously Unavailable To Mr. Johnson.**

The constitutional rule announced in *Dimaya* was not previously available to Mr. Johnson during direct review or during his prior §2255 filings. He unsuccessfully attempted to raise constitutional vagueness challenges to his §924(c) convictions pre-*Dimaya* in his prior motions for authorization. Given this Court's rulings declining authorization, until *Dimaya* was decided, any successive collateral attack on Mr. Johnson's §924(c) conviction was premature and thus foreclosed.

## II.  IN LIGHT OF *DIMAYA*, MR. JOHNSON'S §924(C) CONVICTIONS AND DEATH SENTENCE ARE INVALID.

A movant seeking authorization to file a successive §2255 motion need not establish the merits of the motion at the authorization stage.  *See In re Williams*, 330 F.3d 277, 282 (4th Cir. 2003).  Whether a movant has satisfied the standard for authorizing a second or successive motion "may entail a cursory glance at the merits," but this Court has made clear that "the focus of [its] inquiry must always remain on the [§2255(h)(2)] standards."  *Id.*  This means that, at most, Mr. Johnson must show that he has a "plausible" claim on the merits—"[a] relatively low bar." *In re Hubbard*, 825 F.3d 225, 230-31 (4th Cir. 2016).  For the reasons set forth above, Mr. Johnson's claim under *Dimaya* satisfies §2255's requirements.  And for the following additional reasons, his claims "'warrant a fuller exploration by the district court." *Id.* at 232 (quoting *Williams*, 330 F.3d at 281).

### A.  Under *Dimaya*, Mr. Johnson's §924(c) Convictions Cannot Be Sustained.

Section 924(c) prohibits "us[ing]" a firearm "during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. §924(c)(1)(A).  It is "a combination crime," meaning it "punishes the temporal and relational conjunction of two separate acts." *Rosemond v. United States*, 572 U.S. 65, 75 (2014).  And "[a]s the Supreme Court has explained, §924(c) 'requires the prosecution to make two showings': the commission of an underlying crime and the use of a firearm."

18

*Simms*, 914 F.3d at 237 (quoting *Smith v. United States*, 508 U.S. 223, 227-28 (1993)).  After *Dimaya*, Corey Johnson's convictions under §924(c) cannot be sustained because the essential underlying "crime of violence" element cannot be satisfied.  The *Dimaya* rule invalidates the residual clause of §924(c)(3)(B).  And because neither of the predicate offenses the jury relied on categorically qualifies as a "crime of violence" under the elements clause of §924(c)(3)(A), Mr. Johnson's convictions under §924(c) cannot be constitutionally sustained after *Dimaya*.

> **1.    As this Court held in *Simms*, under *Dimaya*, the residual clause, §924(c)(3)(B), is unconstitutionally vague.**

In *Dimaya*, the Supreme Court held that the language of the residual clause defining a "crime of violence" under §16(b) is unconstitutional because it requires an ordinary-case categorical approach with "the same two features" that "combin[e] in the same constitutionally problematic way" to violate the requirements of the Due Process Clause.  *See Dimaya*, 138 S. Ct. at 1213.  After *Dimaya*, the United States conceded that "if [this Court] adhere[s] to the ordinary-case categorical approach applied by the Supreme Court in *Leocal*, *Johnson*, and *Dimaya*, [this Court] must invalidate §924(c)(3)(B)."  *Simms*, 914 F.3d at 237.  And that is precisely what this Court did in *Simms*: it reaffirmed "adherence to the established ordinary-case categorical approach" and held that the "materially

19

identical" definition of "crime of violence" under §924(c)(3)(B) "must be defined categorically" and is unconstitutional. *Id.* at 239, 242-43.

Because Mr. Johnson's convictions rely upon the same statutory language that *Dimaya* and *Simms* invalidated, this Court should authorize the district court to consider his §2255 Motion on the merits. Before *Dimaya*, this Court held that "[t]he fact that two federal circuit courts [had] concluded that §16(b) is unconstitutionally vague under *Johnson*" was *on its own* "'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *Hubbard*, 825 F.3d at 232 (quoting *Williams*, 330 F.3d at 281). Here, *five* federal circuit courts, including this one, have held that §924(c)'s residual clause is unconstitutionally void for vagueness. *Simms*, 914 F.3d at 237; *see also Eshetu*, 898 F.3d at 37; *Salas*, 889 F.3d at 684-86; *Cardena*, 842 F.3d at 996; *Davis*, 903 F.3d at 485-86. This showing is enough to clear "the relatively low bar [Mr. Johnson] must get over." *Hubbard*, 825 F.3d at 231.

> **2.    Mr. Johnson's §924(c) convictions cannot be sustained under the elements clause of §924(c)(3)(A).**

The record in this case clearly shows that each of Mr. Johnson's §924(c) convictions (Counts 9, 12, 15, 20, or 25) depends upon the validity of the *residual clause*, §924(c)(3)(B), which is unconstitutional under *Dimaya*. *Simms*, 914 F.3d at 237.

### a.     The jury's verdict is based on predicate "crime[s] of violence" under §1959(a).

"By its terms," the residual clause of §924(c) "requires the prosecution to make two showings": *first*, "that the defendant 'use[d] … a firearm'"; and *second*, "that the use … was 'during and in relation to'" a qualifying predicate "'crime of violence or drug trafficking crime.'" *Smith*, 508 U.S. at 227-28 (quoting §924(c)(1)(A)). Although §924(c) prohibits using a firearm in relation to a crime of violence *or* a drug trafficking crime, the record here makes clear that the jury's verdict on each of the five §924(c) counts was predicated upon a "*crime of violence*" under 18 U.S.C. §1959(a).

In particular, the special verdict form—which the district court prepared for and presented to the jury without objection from the government and which the jury relied upon in reaching its verdicts—is clear and dispositive on this point. *See* App. 2 at 20a-26a (Verdict Form); *id.* at 95a (Trial Tr. vol 15, 2939) ("The government has no problem whatsoever with the instructions"); *id.*, at 98a (following review of verdict forms, no objections from the government). "Special verdicts" are an essential tool that "allo[w] a court to determine upon what factual and legal basis the jury decided a given question." *United States v. Najjar*, 300 F.3d 466, 480 & n.3 (4th Cir. 2002). Where, as here, a "special verdict form clearly shows that the jury found [a defendant] guilty" on the basis of a particular

predicate crime, that crime controls for the purposes of assessing a §924(c) conviction. *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016).

Here, the jury's verdict form "clearly shows" that the jury did *not* find Mr. Johnson guilty of a using a firearm in furtherance a "drug trafficking crime." *See* 18 U.S.C. §924(c)(2) (defining "drug trafficking crime" to include 21 U.S.C. §§846 and 848(e)(1)(A)). Although the second superseding indictment pointed to four possible underlying offenses in support of four of the five §924(c) counts— two "crime[s] of violence" under 18 U.S.C. §1959(a) and two "drug trafficking crime[s]" under 21 U.S.C. §§846 and 848(e)(1)(A)—ultimately the jury considered and relied upon only two possible underlying predicate offenses for *each* §924(c) count—namely, "Use of a Firearm in Relation to *Killing*," and "Use of a Firearm in Relation to … *Maiming*." *See* App. 2 at 20a-26a (Verdict Form) (emphasis added). Those underlying predicate offenses correspond to only *one* statute charged in the indictment—killing and maiming in aid of racketeering under §1959(a) (Counts 10, 13, 14, 21, 22, 23, 25, and 27).

Nowhere in any of the five counts under §924(c) does the special verdict form reference or otherwise suggest that Count 1 of the indictment, conspiracy to possess with intent to distribute cocaine base under 21 U.S.C. §846, could have been the predicate crime on which the jury relied to reach its verdict of guilty. And, in any event, this Court held that conviction was unconstitutional under the

22

Double Jeopardy Clause and vacated it. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996). Nor could the jury have rested its guilty verdicts for Mr. Johnson's §924(c) convictions under §848(e)(1)(A)—another "drug trafficking crime." The Government did not list 848(e) as a possible predicate under Count 15—nor could §848(e) be construed to cover many of the predicate offenses at issue here, including "maiming." *See* App. 2 at 416a-417a, 422a. Accordingly, the verdict form "clearly shows" that the jury convicted Mr. Johnson based upon the uniform language of the verdict form, that §1959(a) is the only statute that could have covered the predicate conduct at issue, and, under §924(c)(1), only §1959(a) can qualify as a predicate "crime of violence." *Hare*, 820 F.3d at 105-06.

The fact that the jury's verdicts rest on predicate "crime[s] of violence" under §1959(a) is bolstered by additional record evidence. The government affirmed in the Presentence Investigation Report that Mr. Johnson was convicted under §924(c)(1)(B) *only* based on "Use of a Firearm in Relation to *a Crime of Violence*." App. 2 at 43a-46a (Presentence Investigation Report ¶¶72, 74, 76, 84, 89 describing Counts 9, 12, 15, 20, 26) (emphasis added); *see id*. at 39a (explaining that "Offense Conduct" descriptions are "based totally on the Government's set of facts" and interviews with Assistant United States Attorney Howard C. Vick Jr.).

23

> ### b.    The underlying §1959(a) predicates do not categorically qualify as "crime[s] of violence" under the elements clause of §924(c)(3)(A).

Neither underlying §1959(a) predicate offense on which the jury relied categorically qualifies as a "crime of violence" under §924(c)(3)(A)'s elements clause, which defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §924(c)(3)(A). Under this clause, a predicate offense qualifies as a "crime of violence" only if it has, as an element, the use, attempted use, or threatened use of "physical force." *Id.* "Physical force," in turn, has two requirements. First, it must involve *violent* force—that is, "strong physical force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Second, the use of such force must be *intentional*—not merely reckless or negligent. *See Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006).

The "elements-based categorical approach" controls the inquiry into whether an offense qualifies as a "crime of violence" under §924(c)(3)(A). *See United States v. Evans*, 848 F.3d 242, 245-46 (4th Cir. 2017). Under this approach, the inquiry "begins and ends with the offense's elements." *Simms*, 914 F.3d at 233. And "[w]hen a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of

24

violence" under § 924(c)(3)(A). *Id.* An offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute, including the least culpable conduct, matches (or is narrower than) the "crime of violence" definition. *See United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).

In this case, neither of the relevant predicate offenses—killing and maiming in aid of racketeering under 18 U.S.C. §1959(a)—qualifies categorically as a "crime of violence" within the meaning of §924(c)(3)(A).

*First*, the *actus rea* elements of both §§1959(a)(1) and 1959(a)(2) categorically fail to qualify as "crime[s] of violence" under §924(c)(1)(A) since they cover acts of omission that do not require *any* physical force—much less the "violent force" that is a prerequisite to the constitutional application of the elements clause. Homicide under §1959(a)(1)—like a wide range of other offenses under state and federal law—can be carried out by an act of omission. *See, e.g.*, *United States v. Gomez*, 690 F.3d 194, 201 (4th Cir. 2012) (holding that statute categorically fails to qualify as a crime of violence under element clause because "a defendant may be found guilty" under the statute "by committing an affirmative act or by neglecting to act, neither of which necessarily requires the use of physical force"). For example, a wide range of acts of omission that can be committed without any force at all that could lead to a homicide conviction under §1959(a)— from "the deliberate failure to provide food or medical care" to leaving someone

25

locked in a dangerous place. *See, e.g., United States v. Mayo*, 901 F.3d 218, 227 (3d Cir. 2018) (holding that offense did not category qualify as a "crime of violence" under elements clause because convictions under it "have been upheld not because a defendant used physical force against the victim, but because serious bodily injury occurred, as with the deliberate failure to provide food or medical care"); *Torres-Miguel*, 701 F.3d at 169-70 (citing examples). While there are many ways in which force could be used to violate §§1959(a)(1) or 1959(a)(2), its plain language is broad enough to cover myriad acts of omission that do not involve *any* force—much less the "violent force" that is a prerequisite to constitutional application of the force clause. And under the categorical approach, that fact is disqualifying.

Maiming under §1959(a)(2) suffers from the same defect: it can be committed by acts of omission that do not require any physical force whatsoever. Maiming is an assault, which itself does not require actual violent physical force. *See United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2013). Moreover, the intent to maim element does not convert assault into a "violent felony" because it can be accomplished merely by causing *injury* rather than the use of strong physical force. *See Torres-Miguel*, 701 F.3d at 168 (holding that the threat of *any physical injury*, even "death or serious injury," does not necessarily require the use of physical force – let alone "violent force").

26

*Second*, the *mens rea* elements of §1959(a)(1) categorically fail to qualify as a "crime of violence" under §924(c)(1)(A).  Under the categorical approach, it is not enough to qualify as a crime of violence under the elements clause where the statute includes some requirement of specific intent, such as the intent to cause injury; the statute must have as a *required* element the intent to use strong physical force.  That is not the case here, since §1959(a)(1) encompasses murder "in violation of the laws of any State or the United States," which includes second-degree murders that do not require the government to prove that the killing was intentional.  *See, e.g.*, *Simpkins v. State*, 88 Md. App. 607, 611 (Md. Ct. Spec. App. 1991) (holding second-degree murder requires only "the intent to do an act under circumstances manifesting extreme indifference to the value of human life (depraved heart)" or "the intent to commit a dangerous felony.").

This Court has long held that neither "recklessness" nor "negligence" is "enough to support a determination that a crime is a 'crime of violence.'"  *Garcia*, 455 F.3d at 469 (construing elements clause of §16(b)); *see also United States v. Townsend*, 886 F.3d 441, 444-45 (4th Cir. 2018) ("'Use' of force means to act with a *mens rea* more culpable than negligence or recklessness.").

*Third*, homicide under §1959(a)(1) encompasses felony murder—including felony murders in which the underlying homicide is committed by another person and felony murders based on an underlying felony that does not involve the use or

27

threatened use of violent physical force.  For example, burglary clearly lacks an element requiring the intentional use of force but may serve as a predicate felony for a felony murder under both state and federal law.  *See, e.g.*, 18 U.S.C. §1111(a) (defining murder to include murder "comitted in the perpetration of, or attempt to perpetrate, any … burglary").

***

For these reasons, Corey Johnson's convictions for the §1959(a) offenses cannot qualify as a "crime[s] of violence" under the either the elements clause of §924(c)(3)(A) or the residual clause of §924(c)(3)(B) and thus cannot be sustained.

**B.    Mr. Johnson is Entitled to be Resentenced because the Unconstitutional §924(c) Convictions Improperly Influenced the Imposition of the Death Penalty.**

Mr. Johnson's five §924(c) convictions never should have been before the jury in the first instance since, under *Dimaya*, those convictions are unconstitutional.  And where, as here, a defendant has been sentenced on multiple convictions, some of which are subsequently invalidated, the "real question," the Supreme Court has said, is "whether the sentence [on valid convictions] might have been different if the [jury] had known that at least two of [Mr. Johnson's] previous convictions had been unconstitutionally obtained." *United States v. Tucker*, 404 U.S. 443, 448 (1972).  Relying upon *Tucker*, courts have held a defendant must be resentenced on any valid convictions "unless it can be

28

ascertained from the record that a [jury's] sentence on a valid conviction was not affected" by invalid convictions. *Bourgeois v. Whitley*, 784 F.2d 718, 721 (5th Cir. 1986); *see also Jerkins v. United States*, 530 F.2d 1203, 1204 (5th Cir.1976) (same); *James v. United States*, 476 F.2d 936 (8th Cir. 1973) (same). That bar is heightened where, as here, "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special 'need for reliability in the determination that death is the appropriate punishment' in any capital case." *Johnson v. Mississippi*, 486 U.S. 578, 584 (1988) (citations omitted). That is because "[t]he decision to exercise the power of the State to execute a defendant is unlike any other decision citizens and public officials are called upon to make." *Mills v. Maryland*, 486 U.S. 367, 383-84 (1988). And the Supreme Court has made clear that "[t]he *possibility* that [a defendant's] jury conducted its task improperly certainly is great enough to require resentencing." *Id.* at 384 (emphasis added).

Here, it cannot be ascertained from the record that jury's sentence on "was not affected" by the unconstitutional §924(c) convictions. *Whitley*, 784 F.2d at 721. The record fails to eliminate, as it must the "possibility" that the "jury conducted its task improperly." *Mills*, 486 U.S. at 383. Instead, the record shows that the government relied almost exclusively on evidence from the guilt phase of the trial and "did not put on a great deal of evidence" during the penalty phase.

29

*See* App. 2 at 343a-44a, 347a-48a (Trial Tr. vol. 22, 3383, 3391-3392). In doing so, the government urged the jury to rely upon its findings "in your guilt phase verdict." App. 2 at 348a. Accordingly, the jury's decision to impose the death penalty was impacted by the invalid §924(c) convictions. Yet, those "crimes of violence" were not crimes at all, and should never have been presented to the jury. It is inconceivable that the cumulative weight of the five §924(c) counts upon which the jury was instructed to reach a verdict—but none of which actually constituted a crime—did not impact the jury's decision to impose a sentence of death.

In light of the Eighth Amendment's requirement of reliability in capital sentencing, because of the "possibility" that the jury improperly relied upon the unconstitutional §924(c) convictions in sentencing him to death, Mr. Johnson must be resentenced on the remaining counts.

## CONCLUSION

For all the above reasons, Mr. Johnson respectfully requests that this Court grant his motion and allow him to present the attached 28 U.S.C. §2255 motion before the district court.

Respectfully submitted,

/s/Donald P. Salzman
Donald P. Salzman
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

**CERTIFICATE OF COMPLIANCE**

1.    This brief contains 5,061 words, excluding the parts of the brief exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.    This brief complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5).

/s/ Donald P. Salzman

# CERTIFICATE OF SERVICE

I certify that on this $\underline{16^{th}}$ day of April 2019, the foregoing document was served on all parties or their counsel of record though the CM/ECF system and will be served via U. S. Mail on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314


Dated: April 16, 2019                              /s/ Donald P. Salzman
                                                   Skadden, Arps, Slate, Meagher & Flom LLP
                                                   1440 New York Avenue, N.W.
                                                   Washington, D.C. 20005
                                                   (202) 371-7983
                                                   donald.salzman@skadden.com

                                                   Counsel for Corey Johnson

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **COREY JOHNSON,** | : | |
| | : | |
| **Movant** | : | |
| | : | |
| v. | : | **Case No. 3:92CR68** |
| | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent.** | : | |

**MOTION TO VACATE CONVICTION UNDER 28 U.S.C. §2255
PURSUANT TO *SESSIONS V. DIMAYA*, __U.S.__, 138 S. Ct. 1204 (2018)**

**INTRODUCTION**

Movant, Corey Johnson,[1] through his undersigned counsel, hereby files a motion to set aside the judgment against him on Counts 9, 12, 15, 20, and 26, in the above captioned case, pursuant to 28 U.S.C. §2255. For the reasons set forth below, Mr. Johnson's convictions under 18 U.S.C. §924(c) must be vacated in light of the Supreme Court's recent decision in *Sessions* v. *Dimaya*, __U.S.__, 138 S. Ct. 1204 (2018), which held that the residual clause defining a "crime of violence" under 18 U.S.C. §16(b) is void for vagueness in violation of the Due Process Clause. *Dimaya*, 138 S. Ct. at 1216. In *Dimaya*, the government agreed that the residual clauses of 18 U.S.C. §§16(b) and 924(c)(3)(B) use "the same statutory language" and predicted that the two provisions would rise or fall together. *See* Brief for the Petitioner at 52-53, *Dimaya*, 138 S. Ct. 1204 (2018) (No. 15-1498). The government was correct. As the Fourth Circuit recently

---

[1] Mr. Johnson's first name is "Corey" but it was misspelled as "Cory" in the indictments and in prior pleadings before this Court.

held, *Dimaya* dictates that the "materially identical" language of §923(c)(B)(3) is also unconstitutionally void under the Due Process Clause. *United States v. Simms*, 914 F.3d 229, 237, 241 (4th Cir. 2019) (en banc).

In light of *Dimaya*, Corey Johnson's §924(c) convictions cannot be constitutionally sustained. And because those convictions unduly influenced the jury's imposition of the death penalty in this case, he is entitled to resentencing. For the reasons explained below, Mr. Johnson respectfully requests that the Court vacate his five convictions for using a firearm during and in relation to a crime of violence under §924(c) (Counts 9, 12, 15, 20, and 26) and that he be resentenced on the remaining counts.

## STATEMENT OF RELEVANT FACTS

### A.    Convictions and Sentencing.

In April 1992, Mr. Johnson and six co-defendants were charged in a 33-count indictment, including five counts under 18 U.S.C. §924(c), which prohibits "us[ing]" a firearm "during and in relation to a crime of violence." (Counts 9, 12, 15, 20, and 26). The indictment also charged conspiracy to possess with intent to distribute more than 50 grams of cocaine base under 21 U.S.C. §846 (Count 1), capital murder under 21 U.S.C. §848(e)(1)(A), and killing and maiming in aid of racketeering under 18 U.S.C. §1959(a).

On February 3, 1993, the jury convicted Mr. Johnson of "Use of a Firearm in Relation to Killing" and "Maiming" in violation of §924(c), as well as all other counts. *See* Verdict, 25, Feb. 3, 1993. The same jury then considered whether to impose the death penalty on Mr. Johnson and two others in this case, and following a penalty hearing in which the government relied largely on the same evidence presented at trial, the jury sentenced Mr. Johnson to death.

2

### B.    Direct Appeal.

Mr. Johnson timely appealed to the Fourth Circuit, raising issues relating to the guilt and penalty phases of his trial. The Fourth Circuit held that Mr. Johnson's conviction under 21 U.S.C. §846 violated the Constitution's double jeopardy clause and therefore vacated Mr. Johnson's conviction under Count 1, but otherwise affirmed his convictions and death sentences. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996). The Supreme Court denied certiorari. *Roane v. United States*, 520 U.S. 1253 (1997).

### C.    Initial §2255 Motion.

In 1998, Mr. Johnson filed a timely motion for collateral relief under §2255, raising in the motion (and amendments to it) claims of error in both the guilt and penalty phases of his trial. This Court denied relief. *United States v. Roane*, No. 3:92CR68 (E.D. Va. May 1, 2003). The Fourth Circuit affirmed the denial of relief. *Roane v. United States*, 378 F.3d 382 (4th Cir. 2004). The Supreme Court denied certiorari. *Johnson v. United States*, 546 U.S. 810 (2005).

### D.    Prior Applications for Authorization.

*Johnson v. United States*, 135 S. Ct. 2551 (2015) held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. §924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Later, the Court held *Johnson*'s rule was retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Relying upon *Johnson* and *Welch*, Mr. Johnson filed a motion seeking the Fourth Circuit's authorization to pursue a successive §2255 motion challenging his §924(c) convictions on the ground that §924(c)(3)(B) is unconstitutionally vague in light of *Johnson*. The Fourth Circuit summarily denied authorization.

3

Shortly thereafter, following the Fourth Circuit's approval of several successive §2255 motions raising similar constitutional challenges to §924(c), Mr. Johnson again moved for authorization to file a successive §2255 motion so that he, too, could receive due consideration of his constitutional claim. The panel again denied the motion.

## ARGUMENT

On April 17, 2018, the Supreme Court issued its decision in *Dimaya* holding that the definition of a "crime of violence" under 18 U.S.C. § 16(b) is void for vagueness in violation of the Due Process Clause. 138 S. Ct. at 1216. In light of *Dimaya*, the Fourth Circuit recently held that the "materially identical" language of §924(c)(3)(B) is unconstitutionally void for vagueness. *United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019) (en banc). Four other federal circuit courts have held the same, and the Supreme Court has granted certiorari to address the question. *See United States v. Davis*, 903 F.3d 483, 485–86 (5th Cir. 2018) (per curiam), *cert. granted*, 139 S. Ct. 782 (Jan. 4, 2019); *United States v. Eshetu*, 898 F.3d 36, 37 (D.C. Cir. 2018) (per curiam); *United States v. Salas*, 889 F.3d 681, 684–86 (10th Cir. 2018), *petition for cert. filed*, No. 18-428 (U.S. Oct. 3, 2018); *see also United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

As shown below, this Motion meets the requirements of 28 U.S.C. §2255. And, on the merits, Mr. Johnson is entitled to relief under *Dimaya*'s rule on two grounds: (1) Mr. Johnson's §924(c) convictions cannot be sustained because the residual clause of 18 U.S.C. §924(c)(3)(B) is unconstitutional in light of *Dimaya*; and (2) because the §924(c) convictions improperly influenced the imposition of the death penalty in his case, Mr. Johnson is entitled to be resentenced.

4

I.     MR. JOHNSON'S MOTION MEETS THE REQUIREMENTS OF §2255.

This Motion satisfies the requirements of 28 U.S.C. §2255 because it is (A) timely, and raises cognizable claims relying upon the rule *Dimaya* announced, which is (B) a new rule, (C) that is constitutional in nature, (D) that the Supreme Court has made retroactive on collateral review, and (E) that was previously unavailable.

A.     Mr. Johnson's Motion is Timely.

Under 28 U.S.C. §2255(f), a §2255 motion must be filed within a one-year limitations period. Where, as here, the motion is pursuant to a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* §2255(f)(3). The Supreme Court decided *Dimaya* on April 17, 2018. Because Mr. Johnson appended this Motion for Authorization Pursuant to 28 U.S.C. §§2255(h)(2) and 2244(b)(3)(A), which he filed with the Fourth Circuit within one year of that date, his §2255 Motion is timely.

B.     This Successive Motion Satisfies the Requirements of §2255(h).

This Motion also meets the requirements of §2255(h). *See United States v. MacDonald*, 641 F.3d 596, 609–10 (4th Cir. 2011) ("§ 2255(h) spells out the standard applicable to those in federal custody"). Consistent with those requirements, the Motion relies upon the rule *Dimaya* announced, which is (1) a new rule, (2) that is constitutional in nature, (3) that the Supreme Court has made retroactive on collateral review, and (4) that was previously unavailable.

1.     *Dimaya* Announced a New Rule.

"'[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.'" *Chaidez v. United States*, 568 U.S. 342, 347

5

(2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). "'And a holding is not so dictated,'" the Court has made clear, "'unless it would have been apparent to all reasonable jurists.'" *Chaidez*, 568 U.S. at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527–28 (1997)).

The rule set forth in *Dimaya* is plainly new. Mr. Johnson's conviction became final in July 1996, when no precedent suggested—much less "*dictated*"—that §924(c) might be unconstitutional. Prior to *Dimaya,* the Supreme Court had repeatedly construed the language of the residual clause of §924(c)(3)(B), but never held it was constitutionally problematic. *See, e.g.*, *Smith v. United States*, 508 U.S. 223, 227–28 (1993). Accordingly, *Dimaya*'s rule is new because it was not "*dictated* by existing precedent" when Mr. Johnson's conviction became final in 1996.

### 2. *Dimaya***'s Rule is Constitutional In Nature.**

*Dimaya* announced a *constitutional* rule in holding the language of the residual clause unconstitutional under the Due Process Clause. 138 S. Ct. at 1216, 1223–24 (Gorsuch, J., concurring in part and concurring in the judgment). Because the Supreme Court held that *the statute itself* is unconstitutional, the rule in *Dimaya* is constitutional in nature. *See also Welch*, 136 S. Ct. at 1261–62 (reaffirming that "the void-for-vagueness doctrine" is "mandated by the Due Process Claus[e] of the Fifth Amendment"); *Simms*, 914 F.3d, 236 (holding under *Dimaya*, "Section 924(c)(3)(B) is therefore unconstitutional").

### 3. The Supreme Court Made *Dimaya* Retroactive To Cases on Collateral Review.

*Dimaya*'s new rule was "made retroactive to cases on collateral review by the Supreme Court." §2255(h)(2). The Court makes a new rule of constitutional law retroactive to cases on collateral review by explicitly declaring it retroactive, or through a combination of holdings that "necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001); *see*

6

*also San-Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002) ("[N]ew rules of constitutional criminal procedure" apply retroactively where "'the Court's holdings logically permit no other conclusion than that the rule is retroactive'" (quoting *Tyler*, 533 U.S. at 669 (O'Connor, J., concurring)).

Here, the retroactive application of *Dimaya* is "necessarily dictate[d]" by a long line of Supreme Court cases holding that "[n]ew *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *see also Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Dimaya*'s new rule is "substantive" because it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351–52. *Dimaya* announced precisely such a rule. It is substantive because it narrows the scope of the statutory "crime of violence" definition by excising the residual clause (§924(c)(3)(B)) from the statute. This narrowing means that §924(c) now criminalizes less conduct after *Dimaya*. In particular, *Dimaya* establishes that some convictions pursuant to §924(c) cannot be considered crimes of violence consistent with the Due Process Clause, altering what conduct §924(c) makes criminal. The upshot is that *Dimaya*'s application to §924(c)(3)(B) also renders some conduct which was formerly criminal no longer criminal under the §924(c) statute. *See, e.g.*, *Simms*, 914 F.3d 229, 233–34 (holding that after *Dimaya*, conspiracy is no longer a §924(c) "crime of violence").

A decision is also "substantive" if it "alters … the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1264–65. *Welch*'s reasoning applies with even more force here because *Dimaya* not only alters sentences, but renders a class of people once subject to §924(c) liability entirely innocent.

7

**7a**

4.     *Dimaya*'s New Rule Was Previously Unavailable To Mr. Johnson.

The constitutional rule announced in *Dimaya* was not previously available to Mr. Johnson during direct review or during his prior §2255 filings.  He unsuccessfully attempted to raise constitutional vagueness challenges to his §924(c) convictions pre-*Dimaya* in his prior motions for authorization.  Given the Fourth Circuit's decisions declining authorization, until *Dimaya* was decided, any successive collateral attack on Mr. Johnson's §924(c) conviction was premature and thus foreclosed.

C.     Mr. Johnson's Claims under *Dimaya* Are Cognizable under §2255(a).

A federal prisoner may obtain relief under 28 U.S.C. §2255(a) "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence."  Mr. Johnson's convictions under 18 U.S.C. §924(c) violate the Due Process Clause of the Fifth Amendment and were imposed in excess of this Court's jurisdiction.  As shown below, Mr. Johnson's convictions on the §924(c) charges violate Due Process because they rest on the unconstitutionally vague residual clause.  Moreover, as also explained in more detail below, Mr. Johnson now stands convicted of offenses that are not criminal, since all of his convictions under §924(c) fail to satisfy the essential predicate "crime of violence" element of the statute.  Because the crimes of violence the jury relied upon as the essential predicate offenses underlying the §924(c) convictions—murder and maiming under §1959—categorically cannot qualify as "crime[s] of violence" for purposes of §924(c)(3)(A)'s elements clause, this Court had no jurisdiction to try Mr. Johnson on those offenses.  Mr. Johnson's convictions, therefore, violate the laws of the United States and result in a fundamental miscarriage of justice.  This is precisely the type of error that is cognizable under §2255(a).  *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an

8

**8a**

intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral relief under §2255").

## II.   IN LIGHT OF *DIMAYA*, MR. JOHNSON'S §924(C) CONVICTIONS AND DEATH SENTENCE ARE INVALID.

Mr. Johnson is entitled to relief under §2255 on two *Dimaya*-based grounds.  *First*, in light of *Dimaya*, Mr. Johnson's §924(c) convictions cannot be sustained because they were predicated upon the unconstitutional residual clause.  And *second*, because the unconstitutional §924(c) convictions improperly influenced the imposition of the death penalty in his case, Mr. Johnson is entitled to be resentenced.

### A.        Under *Dimaya*, Mr. Johnson's §924(c) Convictions Cannot Be Sustained.

Section 924(c) prohibits "us[ing]" a firearm "during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. §924(c)(1)(A).  It is "a combination crime," meaning it "punishes the temporal and relational conjunction of two separate acts." *Rosemond v. United States*, 572 U.S. 65, 69 (2014).  And "[a]s the Supreme Court has explained, §924(c) 'requires the prosecution to make two showings': the commission of an underlying crime and the use of a firearm." *Simms*, 914 F.3d at 237 (quoting *Smith v. United States*, 508 U.S. 223, 227–28 (1993)).  After *Dimaya*, Corey Johnson's convictions under §924(c) cannot be sustained because the essential underlying "crime of violence" element cannot be satisfied.  The *Dimaya* rule invalidates the residual clause of §924(c)(3)(B).  And because neither of the predicate offenses the jury relied on categorically qualifies as a "crime of violence" under the elements clause of §924(c)(3)(A), Mr. Johnson's convictions under §924(c) cannot be constitutionally sustained after *Dimaya*.

9

1.    **As the Fourth Circuit held in *Simms*, under *Dimaya*, the residual clause, §924(c)(3)(B), is unconstitutionally vague.**

In *Dimaya*, the Supreme Court held that the language of the residual clause defining a "crime of violence" under §16(b) is unconstitutional because it requires an ordinary-case categorical approach with "the same two features" that "combin[e] in the same constitutionally problematic way" to violate the requirements of the Due Process Clause. *See Dimaya*, 138 S. Ct. at 1213. After *Dimaya*, the United States conceded that "if [this Court] adhere[s] to the ordinary-case categorical approach applied by the Supreme Court in *Leocal*, *Johnson*, and *Dimaya*, [this Court] must invalidate §924(c)(3)(B)." *Simms*, 914 F.3d at 237. And that is precisely what this Court did in *Simms*: it reaffirmed "adherence to the established ordinary-case categorical approach" and held that the "materially identical" definition of "crime of violence" under §924(c)(3)(B) "must be defined categorically" and is unconstitutional. *Id.* at 239, 242.

Because Mr. Johnson's convictions rely upon the same statutory language that *Dimaya* and *Simms* invalidated, and Mr. Johnson's §924(c) convictions are a legal nullity that were entered in excess of this Court's jurisdiction, relief under §2255 is warranted.

2.    **Mr. Johnson's §924(c) convictions cannot be sustained under the elements clause of §924(c)(3)(A).**

The record in this case clearly shows that each of Mr. Johnson's §924(c) convictions (Counts 9, 12, 15, 20, or 25) depends upon the validity of the *residual clause*, §924(c)(3)(B), which is unconstitutional under *Dimaya*. *See Simms*, 914 F.3d at 237.

a.    **The jury's verdict is based on predicate "crime[s] of violence" under §1959(a).**

"By its terms," §924(c) "requires the prosecution to make two showings": *first*, "that the defendant 'use[d] … a firearm'"; and *second*, "that the use … was 'during and in relation to' a qualifying predicate 'crime of violence or drug trafficking crime." *Smith*, 508 U.S. at 227–28

10

**10a**

(quoting §924(c)). Although §924(c) prohibits using a firearm in relation to a crime of violence *or* a drug trafficking crime, the record here makes clear that the jury's verdict on each of the five §924(c) counts was predicated upon a *"crime of violence"* under 18 U.S.C. §1959(a).

In particular, the special verdict form—which this Court prepared for and presented to the jury without objection from the government and which the jury relied upon in reaching its verdicts—is clear and dispositive on this point. *See* Verdict 25, Feb. 3, 1993; *see also* Trial Tr. vol 15, 2939 ("The government has no problem whatsoever with the instructions"); *id.* at 2945:12–2951:17 (following review of verdict forms, no objections from the government). "Special verdicts" are an essential tool that "allo[w] a court to determine upon what factual and legal basis the jury decided a given question." *United States v. Najjar*, 300 F.3d 466, 480 & n.3 (4th Cir. 2002). Where, as here, a "special verdict form clearly shows that the jury found [a defendant] guilty" on the basis of a particular predicate crime, that crime controls for the purposes of assessing a §924(c) conviction. *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016).

Here, the jury's verdict form "clearly shows" that the jury did *not* find Mr. Johnson guilty of a using a firearm in furtherance a "drug trafficking crime." *See* 18 U.S.C. §924(c)(2) (defining "drug trafficking crime" to include 21 U.S.C. §§846 and 848(e)(1)(A)). Although the second superseding indictment pointed to four possible underlying offenses in support of four of the five §924(c) counts—two "crime[s] of violence" under 18 U.S.C. §1959(a) and two "drug trafficking crime[s]" under 21 U.S.C. §§846 and 848(e)(1)(A)—ultimately the jury considered and relied upon only two possible underlying predicate offenses for *each* §924(c) count—namely, "Use of a Firearm in Relation to *Killing*," and "Use of a Firearm in Relation to … *Maiming*." *See* Verdict Form (emphasis added). Those underlying predicate offenses

11

correspond to only *one* statute charged in the indictment—killing and maiming in aid of racketeering under §1959(a) (Counts 10, 13, 14, 21, 22, 23, 25, and 27).

Nowhere in any of the five counts under §924(c) does the special verdict form reference or otherwise suggest that Count 1 of the indictment, conspiracy to possess with intent to distribute cocaine base under 21 U.S.C. §846, could have been the predicate crime on which the jury relied to reach its verdict of guilty. And, in any event, the Fourth Circuit held that conviction was unconstitutional under the Double Jeopardy Clause and vacated it. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996). Nor could the jury have rested its guilty verdicts for Mr. Johnson's §924(c) convictions under §848(e)(1)(A)—another "drug trafficking crime." The Government did not list §848(e) as a possible predicate under Count 15—nor could §848(e) be construed to cover many of the predicate offenses at issue here, including "maiming." *See* Second Superseding Indictment, Counts 15 and 26, July 20, 1992. Accordingly, the verdict form "clearly shows" that the jury convicted Mr. Johnson based upon the uniform language of the verdict form, that §1959(a) is the only statute that could have covered the predicate conduct at issue, and, under §924(c)(1), §1959(a) can only qualify as a predicate "crime of violence." *Hare*, 820 F.3d 105–106.

The fact that the jury's verdicts rest on predicate "crime[s] of violence" under §1959(a) is bolstered by additional record evidence. The government affirmed in the Presentence Investigation Report that Mr. Johnson was convicted under §924(c)(1)(B) *only* based on "Use of a Firearm in Relation to *a Crime of Violence.*" *See* Presentence Investigation Report, ¶¶ 72, 74, 76, 84, 89 (Counts 9, 12, 15, 20, 26), Apr. 22, 1993 (emphasis added); *see id.* at ¶ 50 (explaining that "Offense Conduct" descriptions are "based totally on the Government's set of facts" and interviews with Assistant United States Attorney Howard C. Vick Jr.).

12

**12a**

**b.    The underlying §1959(a) predicates do not categorically qualify as "crime[s] of violence" under the elements clause of §924(c)(3)(A).**

Neither underlying §1959(a) predicate offense on which the jury relied categorically qualifies as a "crime of violence" under §924(c)(3)(A)'s elements clause, which defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §924(c)(3)(A). Under this clause, a predicate offense qualifies as a "crime of violence" only if it has, as an element, the use, attempted use, or threatened use of "physical force." *Id.* "Physical force," in turn, has two requirements. First, it must involve *violent* force—that is, "strong physical force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Second, the use of such force must be *intentional*—not merely reckless or negligent. *See Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006).

The "elements-based categorical approach" controls the inquiry into whether an offense qualifies as a "crime of violence" under §924(c)(3)(A). *See United States v. Evans*, 848 F.3d 242, 245–46 (4th Cir. 2017). Under this approach, a court must "look only to the statutory definitions—i.e., the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]." *Simms*, 914 F.3d at 233. An offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute, including the least culpable conduct, matches (or is narrower than) the "crime of violence" definition. *See United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).

In this case, neither of the relevant predicate offenses—killing and maiming in aid of racketeering under 18 U.S.C. §1959(a)—qualifies categorically as a "crime of violence" within the meaning of §924(c)(3)(A).

13

**13a**

*First*, the *actus rea* elements of both §§1959(a)(1) and 1959(a)(2) categorically fail to qualify as "crime[s] of violence" under §924(c)(1)(A) since they cover acts of omission that do not require *any* physical force—much less much less the "violent force" that is a prerequisite to the constitutional application of the elements clause. Homicide under §1959(a)(1)—like a wide range of other offenses under state and federal law—can be carried out by an act of omission. *See, e.g.*, *United States v. Gomez*, 690 F.3d 194, 201 (4th Cir. 2012) (holding that statute categorically fails to qualify as a crime of violence under element clause because "a defendant may be found guilty" under the statute "by committing an affirmative act or by neglecting to act, neither of which necessarily requires the use of physical force"). For example, a wide range of acts of omission that can be committed without any force at all that could lead to a homicide conviction under §1959(a)—from "the deliberate failure to provide food or medical care" to leaving someone locked in a dangerous place. *See, e.g.*, *United States v. Mayo*, 901 F.3d 218, 227 (3d Cir. 2018) (holding that offense did not category qualify as a "crime of violence" under elements clause because convictions under it "have been upheld not because a defendant used physical force against the victim, but because serious bodily injury occurred, as with the deliberate failure to provide food or medical care"); *Torres-Miguel*, 701 F.3d at 169–70 (citing examples). While there are many ways in which force could be used to violate §§1959(a)(1) or 1959(a)(2), the plain language of the statute is broad enough to cover myriad acts of omission that do not involve *any* force—much less the "violent force" that is a prerequisite to constitutional application of the force clause. And under the categorical approach, that fact is disqualifying.

Maiming under §1959(a)(2) suffers from the same defect: it can be committed by acts of omission that do not require any physical force whatsoever. Maiming is an assault, which itself

14

**14a**

does not require actual violent physical force. *See United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2013). Moreover, the intent to maim element does not convert assault into a "violent felony" because it can be accomplished merely by causing *injury* rather than the use of strong physical force. *See Torres-Miguel*, 701 F.3d at 168 (holding that the threat of *any physical injury*, even "serious bodily injury or *death*," does not necessarily require the use of physical force—let alone "violent force").

*Second*, the *mens rea* elements of §1959(a)(1) categorically fail to qualify as a "crime of violence" under §924(c)(1)(A). Under the categorical approach, it is not enough to qualify as a crime of violence under the elements clause where the statute includes some requirement of specific intent, such as the intent to cause injury; the statute must have as a *required* element the intent to use strong physical force. That is not the case here, since §1959(a)(1) encompasses murder "in violation of the laws of any State or the United States," which includes second-degree murders that do not require the government to prove that the killing was intentional. *See, e.g.*, *Simpkins v. State*, 596 A.2d 655, 657 (Md. Ct. Spec. App. 1991) (holding second-degree murder requires only "the intent to do an act under circumstances manifesting extreme indifference to the value of human life (depraved heart)" or "the intent to commit a dangerous felony.").

The Fourth Circuit has long held that neither "recklessness" nor "negligence" is "enough to support a determination that a crime is a 'crime of violence.'" *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006) (construing elements clause of §16(b)); *see also United States v. Townsend*, 886 F.3d 441, 444–45 (4th Cir. 2018) (" 'Use' of force means to act with a *mens rea* more culpable than negligence or recklessness").

*Third*, homicide under §1959(a)(1) encompasses felony murder—including felony murders in which the underlying homicide is committed by another person and felony murders

15

**15a**

based on an underlying felony that does not involve the use or threatened use of violent physical force. For example, burglary clearly lacks an element requiring the intentional use of force but may serve as a predicate felony for a felony murder under both state and federal law. *See, e.g.,* 18 U.S.C. §1111(a) (defining murder to include murder "comitted in the perpetration of, or attempt to perpetrate, any … burglary").

***

For these reasons, Corey Johnson's convictions for the §1959(a) offenses cannot qualify as a "crime[s] of violence" under the either the elements clause of §924(c)(3)(A) or the residual clause of §924(c)(3)(B) and thus cannot be sustained.

### B. Mr. Johnson is Entitled to be Resentenced because the Unconstitutional §924(c) Convictions Improperly Influenced the Imposition of the Death Penalty.

Mr. Johnson's five §924(c) convictions never should have been before the jury in the first instance since, under *Dimaya*, those convictions are unconstitutional. But where, as here, a defendant has been sentenced on multiple convictions, one of which subsequently is invalidated, "the real question," the Supreme Court has said, is "whether the sentence…might have been different if the [jury] had known that at least two of [Mr. Johnson's] previous convictions had been unconstitutionally obtained." *United States v. Tucker,* 404 U.S. 443, 448 (1972). Relying upon *Tucker*, courts have held that a defendant must be resentenced on any valid convictions "unless it can be ascertained from the record that a [jury's] sentence on a valid conviction was not affected" by invalid convictions. *Bourgeois v. Whitley*, 784 F.2d 718, 721 (5th Cir. 1986); *see also Jerkins v. United States,* 530 F.2d 1203, 1204 (5th Cir.1976) (same); *James v. United States*, 476 F.2d 936 (8th Cir. 1973) (same). That bar is heightened where, as here, "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel

16

**16a**

and unusual punishment gives rise to a special need for reliability in the determination that death is the appropriate punishment in any capital case." *Johnson v. Mississippi*, 486, 584 U.S. 576 (1988) (citation omitted). That is because "[t]he decision to exercise the power of the State to execute a defendant is unlike any other decision citizens and public officials are called upon to make." *Mills v. Maryland*, 486 U.S. 367, 383–84 (1988). And the Supreme Court has made clear that "[t]he *possibility* that [a defendant's] jury conducted its task improperly certainly is great enough to require resentencing." *Id.* at 384 (emphasis added).

Here, it cannot be ascertained from the record that the jury's death sentence "was not affected" by the unconstitutional §924(c) convictions. *Whitley*, 784 F.2d at 721. The record fails to eliminate, as it must, the "possibility" that the "jury conducted its task improperly." *Mills*, 486 U.S. at 383. Instead, the record shows that the government relied almost exclusively on evidence from the guilt phase of the trial and "did not put on a great deal of evidence" during the penalty phase. *See* Trial Tr. vol. 22, 3883–3884, 38913392–3893. In doing so, the government urged the jury to rely upon its findings "in your guilt phase verdict." *Id.* at 3893. Accordingly, the jury's decision to impose the death penalty was impacted by the invalid §924(c) convictions. Yet, those "crimes of violence" were not crimes at all, and should never have been presented to the jury. It is inconceivable that the cumulative weight of the five §924(c) counts upon which the jury was instructed to reach a verdict—but none of which actually constituted a crime—did not impact the jury's decision to impose a sentence of death.

In light of the Eighth Amendment's requirement of reliability in capital sentencing, the "possibility" that the jury improperly relied upon the unconstitutional §924(c) convictions in sentencing him to death requires that Mr. Johnson be resentenced on the remaining counts.

17

## CONCLUSION AND PRAYER FOR RELIEF

For all the reasons set forth above, Mr. Johnson respectfully asks this Court to vacate his convictions and sentences on Counts 9, 12, 15, 20, and 26, the invalid charges under 18 U.S.C. §924(c).  Mr. Johnson further requests the following relief:

a) That this Court vacate his death sentences on Counts 8, 11, 17, 18, 19, 24, and 25 and remand this case for a new penalty phase trial on those counts.

b) That this Court grant him leave to amend this motion, including by submitting a supplemental memorandum of law to support it.

c) That this Court schedule a status conference on this motion at the Court's earliest convenience, and order that he be personally present at such conference.

d) Any other relief that may be necessary to correct Mr. Johnson's invalid conviction and sentence.

Dated: April 16, 2019

Respectfully submitted,

/s/ Darren M. Welch
Darren M. Welch, VA Bar #: 45985
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Ph: (202) 371-7804
Fax: (202) 661-8267
Email: darren.welch@skadden.com

Donald P. Salzman*
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Ph: (202) 371-7983
Fax: (202) 661-9063

18

Email: donald.salzman@skadden.com
* pro hac vice to be filed

*Counsel for Corey Johnson*

**19a**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|                    |   |          |
|--------------------|---|----------|
|                    | ) |          |
| In re: CORY JOHNSON | ) |          |
|                    | ) | No. 19-1 |
| Movant             | ) |          |
|                    | ) |          |

**United States' Response to Application to File Successive § 2255**

Defendant received death sentences in 1993 on seven counts under 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. These seven counts held defendant accountable for the murders of seven people—Peyton Maurice Johnson; Louis J. Johnson, Jr.; Bobby Long; Anthony Carter; Dorothy Mae Armstrong; Curtis Thorne; and Linwood Chiles—in, respectively, counts 8, 11, 17, 18, 19, 24, and 25. Although defendant was also convicted for his role in the murder of an eighth person, Torrick Brown, Jr., in count 14, and in an assault resulting in serious bodily injury to Martha McCoy in count 16.

In addition to his seven death sentences under § 848(e)(1)(A), and his convictions and sentences on other counts, defendant was also convicted of, among other offenses, five counts under § 924(c). The § 924(c) counts are consecutive to defendant's death sentences and the sentences for other counts.

Defendant now argues that the five § 924(c) counts are invalid under a constitutional vagueness theory, and from there he claims that those firearms offenses might have somehow affected his death sentence, requiring a new capital

1

sentencing. But defendant's application for a successive § 2255 fails both on the merits and on procedural grounds.

As described below, and as the attachments to this pleading show, defendant's indictment charged (Attach. 1)—and the jury instructions provided (Attach. 2)—that each of defendant's § 924(c) counts had *both* crime-of-violence *and* drug-trafficking predicates. The court instructed the jury in accordance with existing law that all of the charged predicates are crimes of violence or drug trafficking crimes. (Attach. 2, Tr. at 5,947.) And the instructions did not classify any offense as necessarily falling under § 924(c)(3)(B). The jury then convicted defendant of every one of the predicate offenses charged in the § 924(c) counts against him—both the drug-trafficking and the crime-of-violence predicates.

The drug-trafficking predicates are not subject to constitutional vagueness challenge, which readily explains why this Court previously denied in 2016 defendant's two materially indistinguishable motions that raised a constitutional vagueness challenge to his § 924(c) convictions. Moreover, and further undermining defendant's claims, after this Court denied defendant's 2016 motions, this Court held that a federal murder offense satisfies § 924(c)(3)(A), leading this Court to deny authorization for a successive § 2255 raising a constitutional vagueness challenge to a § 924(c) conviction that relied on a federal murder offense. *In re Irby*, 858 F.3d 231 (4th Cir. 2017).

2

Defendant loses on the merits on two independent grounds, regardless of the validity of § 924(c)(3)(B). For all of his § 924(c) convictions, he has sufficient predicate federal murder offenses falling under § 924(c)(3)(A), and he has sufficient predicates that constitute drug-trafficking crimes that satisfy § 924(c)(2).

But defendant also faces a procedural bar at this stage as well. Under 28 U.S.C. § 2244(b)(1), an inmate seeking permission to file a successive habeas petition "must first make a prima facie showing that his proposed application would present a claim that was not presented in a prior application." *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018). *See also In re Williams*, 330 F.3d 277, 282 (4th Cir. 2003) (defendant's "recycled" claims from previous application for successive habeas petition were barred under 28 U.S.C. § 2244(b)(1)). Section 2244(b)(1) provides, "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

Of course, § 2244(b)(1) refers to "§ 2254 petitions," and this Court has not squarely held whether § 2244(b)(1) also controls successive § 2255 applications. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing Sixth and Seventh Circuit precedent applying § 2244(b)(1) to successive § 2255s but declining to decide issue). But every circuit in the intervening years to address the question has applied § 2241(b)(1) to applications for successive § 2255s. *See, e.g., In re Bourgeois*, 902 F.3d 446, 447 (5th Cir. 2018) (explaining "[e]very other circuit to take up the question agrees"); *In re Baptiste*, 828 F.3d 1337, 1339 (11th

3

Cir. 2016) (per curiam); *Dawkins v. United States*, 829 F.3d 549, 550 (7th Cir. 2016) (per curiam); *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013) (per curiam); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Gallagher v. United States*, 711 F.3d 315, 315 (2d Cir. 2013) (per curiam); *United States v. Card*, 220 F. App'x 847, 851 (10th Cir. 2007).

In analyzing the bar under § 2244(b)(1), there are two possible ways of viewing defendant's earlier and present application, and either way precludes him from receiving relief now. The first way of viewing the applications is that he is presenting the same claims that he did in his prior application—namely, that § 924(c)(3)(B) is unconstitutionally vague and that his § 924(c) convictions depend on § 924(c)(3)(B). Although this Court's order denying his application did not specify its reasons for denying the petition, the drug-trafficking predicates justified denying the petition, and that issue that is plainly *identical* issue now. Likewise, as just noted, defendant's arguments that his murder offenses fail to satisfy § 924(c)(3)(A) is the same except for the addition of precedent that undermines his claims. And defendant is making the same constitutional vagueness challenge to § 924(c)(3)(B).

In an apparent effort to escape the points just made, defendant seeks to offer a second way of viewing his application. He argues that, because he is now invoking a new Supreme Court opinion, *Sessions v. Dimaya*, 138 S. Ct. 1204

4

(2018), he is really raising a "new" challenge to § 924(c)(3)(B). But to the extent defendant can parse his claim this way, *Dimaya* did not rule on the constitutionality of § 924(c)(3)(A), an issue that is now pending before the Supreme Court in *United States v. Davis*, 139 S. Ct. 782 (2019). The pending case in *Davis* demonstrates that defendant cannot now satisfy either § 2255(f)(3) or § 2255(h)(2), for the Supreme Court has not actually announced the right that he claims opens the door for this successive § 2255.

In other words, either defendant has been raising the same claim all along going back to *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which case he cannot relitigate the claim and is out of time under § 2255(f)(3). Or he is presenting a new claim, in which case it is at best premature because *Dimaya* did not decide the issue he raises—the validity of § 924(c)(3)(B) and whether his predicates satisfy § 924(c)(2) or § 924(c)(3)(A). *See, e.g., United States v. Brown*, 868 F.3d 297 (4th Cir. 2017) (requiring a new Supreme Court ruling that controls the issue to satisfy § 2255(f)(3)), *cert. denied*, 139 S. Ct. 14 (2018).

Moreover, even if defendant could say that *Dimaya* or the still-undecided *Davis* case creates a new rule, defendant cannot get past the point that the Supreme Court has offered nothing new that changes his arguments that murder fails to satisfy § 924(c)(3)(A) or that he fails to have valid drug-trafficking predicates under § 924(c)(2). In short, there is no construction of defendant's claims that does not run headlong into a procedural bar.

5

A defendant's ability to satisfy, with the requisite Supreme Court precedent, both § 2255(f)(3) and § 2255(h)(2) may be evaluated at the prima facie stage. Even under the prima-facie standard, this Court will not "authorize a successive § 2255 motion that is plainly barred as a matter of law." *In re Vassell*, 751 F3d 267, 271 (4th Cir. 2014) (rejecting that defendant satisfied prima facie showing for successive § 2255 when claim was barred by statute of limitations).

Defendant's core problem is that, even if he were right about the validity of § 924(c)(3)(B), *Dimaya* of course has nothing to say about either drug-trafficking predicates or § 924(c)(3)(A)—and *Davis* will not undermine any of the points showing that defendant has predicates under § 924(c)(2) and § 924(c)(3)(A). Defendant's efforts to relitigate those issues, which are decisive, in an application for a successive petition must be denied.

## I.     Background

Defendant and two codefendants were sentenced to death in 1993 after more than three weeks of trial and sentencing proceedings. Defendant was convicted on counts 1, 2, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32. His convictions and death sentences were affirmed on direct appeal. *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996), *cert. denied*, 520 U.S. 1253 (1997). And his challenges to his convictions and death sentences were also denied under § 2255. *United States v. Roane*, 378 F.3d 382 (4th Cir.

6

2004), *cert. denied*, 546 U.S. 810 (2005).  Defendant remains today subject to valid death sentences.

Defendant's criminal conduct was exceptionally serious—even for homicide defendants.  As this Court noted in defendant's direct appeal, the jury convicted him "of all seven of the capital murders with which he was charged under [21 U.S.C.] § 848(e)."  *Tipton*, 90 F.3d at 869.  Defendant was "also convicted of conspiracy to possess cocaine base with the intent to distribute (21 U.S.C. § 846), engaging in a CCE (21 U.S.C. § 848(a)), eleven counts of committing acts of violence (including the seven killings charged under § 848(e)) in aid of racketeering activity (18 U.S.C. § 1959), five counts of using a firearm in relation to a crime of violence or drug trafficking offense (18 U.S.C. § 924(c)), and two counts of possession of cocaine base with the intent to distribute (21 U.S.C. § 841(a)(1))."  *Tipton*, 90 F.3d at 869-70.

Notably, as both defendant's indictment and the jury instructions reflected, defendant's five convictions under § 924(c) each had multiple predicate offenses that included both crimes of violence and drug-trafficking offenses.  Defendant's § 924(c) offenses are as follows:

| *§ 924(c) count* | *Date* | *Predicate offenses* |
|---|---|---|
| Count 9 | Jan. 14, 1992 | Count 1 (21 U.S.C. § 846)<br>Count 8 (21 U.S.C. § 848(e)(1)(A))<br>Count 10 (18 U.S.C. § 1959) |
| Count 12 | Jan. 29, 1992 | Count 1 (21 U.S.C. § 846)<br>Count 11 (21 U.S.C. § 848(e)(1)(A))<br>Count 13 (18 U.S.C. § 1959) |
| Count 15 | Feb. 1, 1992 | Count 1 (21 U.S.C. § 846)<br>Count 14 (18 U.S.C. § 1959)<br>Count 16 (18 U.S.C. § 1959) |
| Count 20 | Feb. 1, 1992 | Count 1 (21 U.S.C. § 846)<br>Counts 17-19 (21 U.S.C. § 848(e)(1)(A))<br>Counts 21-23 (18 U.S.C. § 1959) |
| Count 26 | Feb. 19, 1992 | Count 1 (21 U.S.C. § 846)<br>Counts 24-25 (21 U.S.C. § 848(e)(1)(A))<br>Counts 27-30 (18 U.S.C. § 1959) |

In his application for a successive § 2255 motion, defendant challenges only his convictions under § 924(c)—counts 9, 12, 15, 20, and 26. Again, he did not receive a death sentence on those counts, and he fails to show that the existence of the § 924(c) counts—as opposed to the facts supporting those counts—affected the death sentence imposed for his convictions under § 848. Even if defendant could vacate the § 924(c) counts, that should have no effect on his death sentence and hence should not provide a basis for successive habeas relief. *See, e.g., United States v. Ross*, 801 F.3d 374, 382-3 (3d Cir. 2015). But as explained next, defendant's arguments fail on a series of additional grounds.

8

## II.    Analysis

All but one of defendant's § 924(c) convictions had a count under § 848(e)(1)(A) on which defendant received a death sentence.  Section 848(e)(1)(A) is notable because that offense, which required the jury to find an intentional murder, readily counts by itself as *both* a drug-trafficking crime *and* a crime of violence.

At the time of his conviction, the classification of a predicate offense as a crime of violence or drug-trafficking offense was properly deemed a question of law for the court.  *See, e.g., United States v. Adkins*, 937 F.3d 947, 950 n.1 (4th Cir. 1991) ("Whether an offense is a 'crime of violence' is a question of law for the court, and not a question of fact for the jury. . . .  Any error in submitting the issue to the jury benefited Adkins . . . by giving him a 'bite at the apple' to which he was not entitled.").  The indictment in this case specified all of the predicate offenses for the § 924(c) counts, and the jury instructions correctly informed the jury that the predicates were crimes of violence or drug-trafficking offenses.[1]

---

[1]  In *Davis*, the Supreme Court will address whether § 924(c)(3)(B) requires a categorical interpretation that is a question for the court or whether § 924(c)(3)(B) requires a circumstance-specific approach and a jury finding.  Regardless of how that question is answered, there is no dispute that § 924(c)(2) and § 924(c)(3)(A) establish standards that are questions of law for the court, and as explained in the rest of this pleading, defendant has multiple predicate offenses that satisfy § 924(c)(2) and § 924(c)(3)(A).

Moreover, even on direct appeal, there would be no need for a special verdict to establish harmlessness if there were a proper drug-trafficking predicate but not a valid crime of violence for a § 924(c) count, or if there were a proper predicate under § 924(c)(3)(A) but § 924(c)(3)(B) were invalid. *See, e.g., United States v. Jefferson*, 674 F.3d 332, 361 (4th Cir. 2012) ("[I]f the evidence that the jury 'necessarily credited in order to convict the defendant under the instructions given … is such that the jury must have convicted the defendant on the legally adequate ground in addition to or instead of the legally inadequate ground, the conviction may be affirmed.'") (citation omitted). And because defendant long ago exhausted his direct appeal, harmlessness standards are less stringent on collateral review. *United States v. Smith*, 723 F.3d 510, 515-16 (4th Cir. 2013).

Moreover, and significantly, because defendant never raised his constitutional vagueness challenge to his § 924(c) convictions on direct appeal, he procedurally defaulted the claim and would have to establish factual innocence, which would require more than merely asserting a claim of error in the jury instructions. *See, e.g., Bousley v. United States*, 523 U.S. 614, 623 (1998). Given the existence of the valid drug-trafficking predicates, defendant cannot possibly show that he is factually innocent of his § 924(c) convictions.

And defendant's convictions under § 848(e)(1)(A) easily qualify as drug-trafficking crimes under § 924(c)(2). Section 924(c)(2) provides, "For purposes of this subsection, the term "drug trafficking crime means any felony punishable

10

under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) or chapter 705 of title 46." Although § 848(e)(1)(A) does require proof of an intentional killing, a violation of § 848(e)(1)(A) is also a drug-trafficking crime because the offense is a felony punishable under the Controlled Substances Act. And this Court has properly rejected that there is any constitutional vagueness problem with a § 924(c) count that depends on a drug-trafficking predicate. *See, e.g., United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016).

Defendant suggests that the verdict form precludes finding that his § 924(c) offenses could count as crimes of violence. But as just noted, any problem here would be harmless and could not overcome procedural default. Moreover, the classification of the predicates as drug-trafficking crimes or as crimes of violence under § 924(c)(3)(A) were questions of law for the court, and the jury did find all of the predicates identified in the indictment for the § 924(c) counts.

But even more fundamentally, defendant reads too much into the verdict forms. The verdict forms did not identify predicates at all. Rather, in shorthand form, they captured how the firearm was *used*—namely the firearm was used to kill a victim. For example, the verdict form for count 9 was labeled, "Use of Firearm in Relation to Killing of Peyton Maurice Johnson." A firearm can be used to kill a victim during and in relation to a drug-trafficking crime just as equally as a firearm may be used to kill a victim during and in relation to a crime of violence.

11

And the way the firearm was *used* in count 9 was during and "in relation to the killing of Peyton Maurice Johnson." Defendant's invocation of the verdict forms is utterly unpersuasive. In addition, even if the verdict form were thought to be specifying the predicate offenses—and the verdict form did not—the language of the verdict form does reasonably track the language of § 848(e)(1)(A), a drug-trafficking offense, which applies to a person engaged in a continuing criminal enterprise who "intentionally kills." So even if the label for count 9 in the verdict form were thought to be describing the predicate, the description would cover § 848(e)(1)(A).

Defendant also attempts to point to paragraphs of the PSR to argue that his § 924(c) counts cannot have relied on drug-trafficking predicated, but the PSR cannot override jury findings that the defendant committed drug-trafficking predicates. *See, e.g., United States v. Curry*, 461 F.3d 452, 461 (4th Cir. 2006) ("[A] guilty verdict, not set aside, binds the sentencing court to accept the facts necessarily implicit in the verdict") (citation omitted). And there was nothing for the PSR to resolve about what the predicates of the § 924(c) counts were and hence no reason for the parties to litigate that question in reviewing the PSR.

In any case, § 848(e)(1)(A) also satisfies § 924(c)(3)(A) as a crime of violence—particularly in a case where the jury makes the additional findings to impose the death penalty—because, again, § 848(e)(1)(A) requires proof of an intentional killing. This Court has held that an intentional murder under federal

12

law (even without taking into account a capital murder) satisfies § 924(c)(3)(A). *See In re Irby*, 858 F.3d 231 (4th Cir. 2017) (denying application for successive § 2255 where defendant challenged § 924(c) count that relied on as a predicate offense second-degree murder in retaliation against a witness or informant, in violation of 18 U.S.C. §§ 1513(a)(1)(B) and 1111(a)); *see also United States v. Parrish*, 2019 WL 1568698 (4th Cir. Apr. 11, 2019) (unpublished) (applying *Irby* to hold that North Carolina second-degree murder is a crime of violence under the elements clause of the career-offender guideline).

Other courts agree. *United States v. Jones*, 906 F.3d 1325 (11th Cir. 2018) (Florida second-degree murder is a violent felony under the ACCA's elements clause); *Hylor v. United States*, 896 F.3d 1219 (11th Cir. 2018) (Florida attempted first-degree murder is a violent felony under the ACCA's elements clause); *United States v. Teague*, 884 F.3d 726, 728-29 (7th Cir. 2018) (Illinois second-degree murder is a crime of violence under the elements clause of the career-offender guideline); *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017) (both murder and attempted murder under Illinois law are violent felonies under the ACCA's elements clause); *United States v. Peeples*, 879 F.3d 282, 286-87 (8th Cir. 2018) (Iowa attempted murder satisfies elements clause of career-offender guideline). Indeed, court have held that voluntary manslaughter offenses count as crimes of violence under various elements clauses. *See, e.g., United States v. Smith*, 882 F.3d 460 (4th Cir. 2018) (voluntary manslaughter under North Carolina law

13

satisfies the ACCA's elements clause); *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc) (voluntary manslaughter under Missouri law satisfied the pre-2015 elements clause of U.S.S.G. § 2L1.2).

These rulings readily accord with Supreme Court precedent. *See, e.g., Stokeling v. United States*, 139 S. Ct. 544, 553 (2019) (explaining that "force" and "violence" cover "*unjust* or *improper* force" and agreeing with the common law that "[o]vercoming a victim's resistance [i]s *per se* violence against the victim, even if it ultimately caused minimal pain or injury."). If taking a victim's property against the victim's will is a crime of violence, then necessarily taking the victim's *life* counts as a crime of violence as well. When an assailant intentionally kills a victim, the Supreme Court's definition of "force" is easily surpassed.

Defendant's § 924(c) conviction in count 15 is also supported by a predicate offense charged in count 1, a violation of 21 U.S.C. § 846. Section 846 is, of course, another violation of the Controlled Substances Act and hence counts as a drug-trafficking crime. Although this Court held in defendant's direct appeal that count 1 merged with another drug-trafficking offense, count 2, charging a violation of § 848, *see Tipton*, 90 F.3d at 891, that merger offers defendant no relief. Both § 846 charged in count 1 and § 848 charged in count 2 are drug-trafficking offenses, and regardless, a separate § 846 conviction need not stand as a separate offense to sustain the § 924(c) conviction. *See, e.g., United States v. Hopkins*, 310 F.3d 145, 152-53 (4th Cir. 2002) (affirming § 924(c) conviction where charged

14

predicate was assault with a weapon under 18 U.S.C. § 111(b), even though jury convicted only on lesser included offense of § 111(a), assault without a weapon). Again, defendant cannot possibly show that he is innocent of any of his § 924(c) counts.

Defendant's convictions for murder in aid of racketeering under § 1959(a)(1) in counts 10, 13, 14, 21, 22, 23, 27, and 28 also satisfy § 924(c)(3)(A). As murder offenses, these convictions readily qualify under the precedent cited above explaining why § 848(e)(1)(A) satisfies § 924(c)(3)(A). And although it is not necessary for this Court to reach the question here, defendant's convictions for maiming in aid of racketeering under § 1959(a)(2) in counts 16, 29, and 30 also satisfy § 924(c)(3)(A).

One threshold point is that maiming in aid of racketeering under § 1959(a)(2) and murder in aid of racketeering under § 1959(a)(1) are separate offenses, have separate elements, and carry different penalties—a statutory maximum of 30 years versus a sentence of mandatory life. The two offenses are readily divisible, *see, e.g., Portocarrero v. United States*, 2019 WL 181119, *8 (E.D. Va. Jan. 11, 2019) (citing *United States v. Cousins*, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016)), and the jury necessarily made the findings necessary to establish that defendant committed murder in aid of racketeering under § 1959(a)(1). Notably, every one of defendant's § 924(c) counts was supported by a count expressly charging *murder* in aid of racketeering. Counts 10, 13, 14, 21, 22, 23

15

and 28 all charged murder in aid of racketeering; the jury found the requisite intentional killings, as the verdict forms show; and life was imposed for each count, a sentence above § 1959(a)(2)'s maximum.

Defendant also claims that felony murder takes an offense outside the elements clause. But defendant relies on bare assertion for this point. One initial response is that felony murder does not involve a *mens rea* that falls below that captured by the elements clause, *see, e.g., United States v. Campbell*, 669 F.3d 169, 170 (4th Cir. 2016) (describing *mens rea* for felony murder under 18 U.S.C. § 1111), but the more basic response is that this Court has already held that murder under § 1111 satisfies the elements clause. *In re Irby*, 858 F.3d at 234. Again, defendant's murder offenses satisfy the elements clause in § 924(c)(3)(A), as multiple cases now hold.

As then-Judge Kavanaugh explained for the D.C. Circuit, every other circuit but the Fifth Circuit has rejected various theory that "indirect" force that inflicts injury is not "physical force" under elements clauses. *United States v. Haight*, 892 F.3d 1271, 1280 (D.C. Cir. 2018) (collecting cases), *cert. denied*, 139 S. Ct. 796 (2019). And now the Fifth Circuit, sitting en banc, has repudiated its outlier precedent on this question too. *Reyes-Contreras*, 910 F.3d at 182.

Finally, defendant does not come close to establishing that the existence of the § 924(c) counts would have affected the death sentences in this case. The death sentences were imposed under § 848(e)(1)(A), and to prove those offenses,

16

the United States had to show, and the jury had to find, that defendant participated in the intention murders of the seven victims.  The evidence in this case at both the guilt phase and the penalty phase would not have changed one bit without the § 924(c) counts.

### III.    Conclusion

For the reasons stated above, this Court should deny defendant's application for permission to file a successive § 2255 motion.

> Respectfully submitted,
>
> G. Zachary Terwilliger
> United States Attorney
>
> By:    _____/s/_____
> Richard D. Cooke
> Assistant United States Attorney
> U.S. Attorney's Office
> Eastern District of Virginia
> 919 East Main Street, Suite 1900
> SunTrust Building
> Richmond, Virginia 23219
> (804) 819-5471

17

**Certificate of Service and Compliance**

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27. I also certify that on April 24, 2019, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

_____/s/_____

Richard D. Cooke

Assistant United States Attorney

U.S. Attorney's Office

Eastern District of Virginia

919 East Main Street, Suite 1900

SunTrust Building

Richmond, Virginia 23219

(804) 819-5471

richard.cooke@usdoj.gov

No. 19-1

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____


**IN RE COREY JOHNSON,**

**Movant.**

_____


**CAPITAL CASE**

**MOTION FOR LEAVE TO FILE REPLY TO
UNITED STATES' RESPONSE TO MOTION FOR AUTHORIZATION
PURSUANT TO 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(A)**

_____


Donald P. Salzman
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1140 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com


*Counsel for Movant*

Pursuant to Federal Rule of Appellate Procedure 27, Movant Corey Johnson respectfully requests leave to file the attached Reply to the United States' Response to the Motion for Authorization (Appendix A). Although the Federal Rules of Appellate Procedure and this Court's local rules do not address the filing of a reply in support of a Motion for Authorization under Local Rule 22(d), the Federal Rules of Appellate Procedure generally permit a party seeking relief an opportunity to reply to any opposition. *See, e.g.,* Fed. R. App. P. 27(a)(4) (permitting reply to response to a motion); Fed. R. App. P. 28(c) (permitting a reply brief).

Respectfully submitted,

/s/Donald P. Salzman
Donald P. Salzman
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

2

# CERTIFICATE OF COMPLIANCE

1.     This motion contains 104 words, excluding the parts of the brief exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.     This motion complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5).

/s/ Donald P. Salzman

## CERTIFICATE OF SERVICE

I certify that on this 2<u>nd</u> day of May 2019, the foregoing document was

served on all parties or their counsel of record though the CM/ECF system and will

be served via U. S. Mail on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314


Dated: May 2, 2019                    /s/ Donald P. Salzman
                                      Skadden, Arps, Slate, Meagher &
                                      Flom LLP
                                      1440 New York Avenue, N.W.
                                      Washington, D.C. 20005
                                      (202) 371-7983
                                      donald.salzman@skadden.com

                                      Counsel for Corey Johnson

No. 19-1

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**IN RE COREY JOHNSON,**

**Movant.**

---

## CAPITAL CASE

## REPLY TO UNITED STATES' RESPONSE TO
## MOTION FOR AUTHORIZATION
## PURSUANT TO 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(A)

---

Donald P. Salzman
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1140 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

The United States' Response to Mr. Johnson's Application to File Successive § 2255 (hereafter "Response") is a study in misdirection. Unable to answer Mr. Johnson's underlying constitutional claim on its own terms, the Government resorts to attacking a series of procedural strawmen and reframing collateral questions that this Court ought leave to the district court. But the Government's effort to shift attention from Mr. Johnson's claim under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)—which clearly "warrant[s] a fuller exploration by the district court," is ultimately unavailing. *In re Hubbard*, 825 F.3d 225, 232 (4th Cir. 2016) (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)). This Court should grant Mr. Johnson's Motion for Authorization Pursuant to 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(A) (hereafter "Motion") because it clears what this Court has called the "relatively low bar" that a movant must clear at this stage by meeting each and every one of § 2255's requirements and setting forth a "plausible" claim on the merits. *Hubbard*, 825 F.3d at 230–31.

## I.    MR. JOHNSON'S MOTION IS NOT PROCEDURALLY BARRED.

The various procedural hurdles that the Government points to as a bar in this case are unavailing. As detailed in his Motion, Mr. Johnson has made all of the *prima facie* showings required by 28 U.S.C. §§ 2244(b)(3) and 2255(h)(2). *See* Motion at 13–15. This Court must "certif[y] as provided in section 2244" that a motion for authorization "contain[s] … a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable." 28 U.S.C. § 2255(h); *see United States v. MacDonald*, 641 F.3d 596,

609 (4th Cir. 2011) ("[Section] 2255(h) spells out the standard applicable to those

in federal custody."). Consistent with these requirements, Mr. Johnson's Motion is

timely and raises cognizable claims relying upon the rule *Dimaya* announced—

which is a new rule, that is constitutional in nature, that the Supreme Court has

made retroactive on collateral review, and that was previously unavailable. 28

U.S.C. § 2255(h). Contrary to the Government's assertions, Mr. Johnson's Motion

is neither statutorily barred under § 2244(b)(1) or § 2255(f)(3) nor is the

constitutional claim he seeks to raise procedurally defaulted.

**A. Section 2244(b)(1) Does Not Bar Mr. Johnson's Motion Because that Provision is Limited to State Prisoners.**

Corey Johnson's Motion is not barred by 28 U.S.C. § 2244(b)(1) for a

simple reason: that provision does not apply to federal defendants.[1] By its express

terms, § 2244(b)(1) applies only to state-prisoner petitions filed "under Section

2254"—not to federal-prisoner petitions filed under § 2255. In response to the

recent request of another federal circuit court for briefing on the question of

whether a federal prisoner's "successive Section 2255 motion was subject to

---

[1] The provision states in full: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244 (b)(1).

dismissal under 28 U.S.C. § 2244(b)(1)," the Government expressly argued that

"Section 2244(b)(1) does not apply to federal defendants." Supplemental Brief for

the United States on Rehearing En Banc at 2, 23, *United States v. Williams*, No.

17-3211 (6th Cir. May 8, 2018); *see also id.* at 9, 10, 14, 23–27.[2] In reaching this

unambiguous conclusion, the Government provided a detailed analysis of §

2244(b)(1)'s statutory history and context, which stretches back to Founding, and

summed up its careful review by flatly stating: "These surrounding provisions

reveal that the reference in Section 2244(b)(1) to 'a habeas application under

section 2254' cannot be dismissed as inadvertent and must be considered a

conscious restriction to state prisoners." *Id*. at 24. Ultimately, "policy-driven

considerations," the Government stated, "cannot be used to override [Section

2244(b)(1)'s] unambiguous statutory text." *Id.* at 26.

In a complete and unexplained reversal, the Government now embraces the

position it had repeatedly and correctly characterized as erroneous. This Court

should reject the Government's newfound assertion that § 2244(b)(1) bars Mr.

Johnson's claims.[3] *See* Response at 3–5. The Government should speak with one

---

[2]   The Government's brief in *Williams* is attached as Appendix B.

[3]   Moreover, the Government concedes that this Court has never held otherwise. *See* Response at 3 ("this Court has not squarely held whether § 2244(b)(1) also controls successive § 2255 applications"); *see also MacDonald*, 641 F.3d at 614 n.9 (the validity of the Government's counter-textual interpretation remains "an open issue in this Circuit.").

4

voice and should not now be permitted to adopt diametrically contrary positions on important questions of statutory interpretation—particularly where, as here, the question involves the administration of the criminal justice system.[4]

Moreover, even if § 2244(b)(1) applied to federal prisoners like Mr. Johnson, and it plainly does not, § 2244(b)(1) would not bar consideration of Mr. Johnson's claim because his *current claim* was not "presented in a prior application." 28 U.S.C. § 2244(b)(1). Here, the claim that Mr. Johnson presents now rests on an entirely new and different basis from the claim Mr. Johnson raised in his 2016 application. As Mr. Johnson has shown, he could not have relied on *Dimaya* in his 2016 Motion for Authorization because the Supreme Court did not decide *Dimaya* until April 2018. *See* Motion at 15. The timing of *Dimaya* makes this case analogous to *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014). There, the Court held that "a petition or motion based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition or motion is not 'second or successive' within the meaning of Sections 2244 and 2255(h)." *Id.* at 261 (citations omitted). The upshot here is that because

---

[4] While the Government is not barred from changing position on a question of statutory interpretation, in the rare cases where that happens, the Government should be completely forthright about its reasons, as it has in other cases. *Cf.* Brief for the U.S. as Amicus Curiae Supporting Petitioners in Nos. 16-285 and 16-300 and Supporting Respondents in No. 16-307 at 13, *Epic Sys. Corp. v. Lewis*, No. 16-285 (U.S. June 16, 2017) (explicitly citing "the change in administration" as the basis for a change in position).

5

*Dimaya* was not decided "until after the adjudication of [Mr. Johnson's] first petition," the Court should hold that his current claim is not the same as the claim previously rejected. *Id.*

**B. Mr. Johnson's Motion is Timely under § 2255(f).**

The Government's assertion that Mr. Johnson's Motion is time-barred under 28 U.S.C. § 2255(f)(3) is utterly unfounded. And its backhanded and oblique suggestion that "defendant has been raising the same claim all along going back to *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which case he cannot relitigate the claim and is out of time under § 2255(f)(3)," is equally wrong. *See* Response at 5. Mr. Johnson's Motion is based on *Dimaya*, not on *Johnson*. *See* Motion at 12–13. As Mr. Johnson has shown, because his Motion was filed within one year of the issuance of *Dimaya* on April 17, 2018, it is timely.

The only limitation period potentially applicable to Mr. Johnson's case runs for one year from "the date on which the right *asserted* was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphasis added). The Supreme Court has made clear that this limitation period begins when the Supreme Court *declares* a new right—not when a court first acknowledges that right to be retroactive. *See Dodd v. United States*, 545 U.S. 353, 356–60 (2005). Thus, the timeliness of Mr. Johnson's

6

Motion turns on whether the right he "asserts was initially recognized by" *Dimaya*.

28 U.S.C. § 2255(f)(3).

The Government's suggested approach improperly reads a merits analysis

into this limited threshold limitations period inquiry. As this Court has repeated, a

movant need not *prove* at this stage that the right applies to his situation; he need

only claim the benefit of a right that the Supreme Court has recently recognized.

*Hubbard*, 825 F.3d at 229. An alternative reading would require this Court to take

the disfavored and unnecessary step of reading the word "asserted" out of the

statute. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("It is our duty 'to give

effect, if possible, to every clause and word of a statute.'" (quoting *United States v.*

*Menasche*, 348 U.S. 528, 538–39 (1955) (citation omitted))).

### C. Mr. Johnson's Claim is Not Procedurally Defaulted.

The Government also erroneously raises the ubiquitous specter of procedural

default in two conclusory sentences. *See* Response at 10. Because Mr. Johnson

did not challenge the constitutionality of the 18 U.S.C. § 924(c)(3)(B) at trial or on

direct appeal, the Government argues that he is barred from doing so now because

"[he] cannot possibly show that he is factually innocent of his § 924(c)

convictions." *Id.* The Government is wrong that an actual innocence claim is his

only path to avoid procedural default. A petitioner may overcome procedural

default by showing "cause" for the default and actual "prejudice," *see Bousley v.*

*United States*, 523 U.S. 614, 622 (1998), or by showing that failure to consider the defaulted claim will result in a fundamental miscarriage of justice, *see McQuiggin v. Perkins,* 569 U.S. 383, 393 (2013) ("The miscarriage of justice exception, our decisions bear out, survived AEDPA's passage.").

Mr. Johnson has established his right to raise this claim by way of the "cause and prejudice" avenue. *First*, Mr. Johnson has clearly shown prejudice. The Supreme Court has held that an extended prison term constitutes prejudice. *See Glover v. United States*, 531 U.S. 198, 203 (2001) (holding that the increase in a prison sentence from 6 to 21 months constituted prejudice). Here, Mr. Johnson has been sentenced to consecutive terms of imprisonment totaling 85 years for his unconstitutional convictions under 18 U.S.C. § 924(c) in addition to the death sentences imposed on him in a capital sentencing proceeding that, as Mr. Johnson's Motion shows, was impermissibly infected by the constitutionally defective § 924(c) convictions. *See* Sentencing Transcript at 24–25, *United States v. Tipton*, No. 3:92CR68 (E.D. Va. June 1, 1993); Motion at 28–30.

*Second*, with respect to cause, the Supreme Court has made clear that a change in the law may constitute cause for a procedural default if it creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). In *Reed*, the Court identified three nonexclusive situations in which an attorney may lack a

8

"reasonable basis" to raise a novel claim—namely, when the Supreme Court: (1) "explicitly overrule[s]" one of its prior precedents; (2) overturns a "longstanding and widespread practiced to which [the] Court has not previously spoken, but which a near-unanimous body of lower court authority has expressly approved"; and (3) when the Court issues a decision disproving a practice that it had "arguably … sanctioned in prior cases." *Reed*, 468 U.S. at 17 (citations omitted).

Here, the second "reasonable basis" applies since the novelty of Mr. Johnson's claim constitutes sufficient cause. *See Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990) ("[T]he novelty of a claim has been held to constitute cause." (citing *Reed,* 468 U.S. at 12–16)). Corey Johnson could not have reasonably challenged his § 924(c) convictions on constitutional vagueness grounds during his 1993 trial or on his direct appeal in 1996. At that time, no one—not the Government, this Court, or Mr. Johnson—could have reasonably anticipated *Dimaya*. *Dimaya* followed on the heels of *Johnson* and, as the Seventh Circuit explained in *Cross v. United States*:

> *Johnson* abrogated a substantial body of circuit court precedent upholding the residual clause against vagueness challenges. *E.g.,* [*United States v.*]*Brierton*, 165 F.3d [1133,] 1138–39 [(7th Cir. 1999)]; *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995); *United States v. Argo*, 925 F.2d 1133, 1134–35 (9th Cir. 1991). Although most of these decisions postdate [the defendants'] sentencing, no court ever came close to striking down the residual clause before 1992 or even suggested that it would entertain such a challenge.

9

892 F.3d 288, 296 (7th Cir. 2018); *see also United States v. Redrick*, 841 F.3d 478, 489, 27 (D.C. Cir. 2016).

Accordingly, because Corey Johnson has established both cause and prejudice his failure to previously raise his *Dimaya*-based claim must be excused and this Court should reject the Government's argument to the contrary.

## II.    MR. JOHNSON'S § 924(C) CONVICTIONS ARE INVALID.

The balance of the Government's Response also falls short.  Its attempt to shift attention from the core constitutional claim cannot change that Mr. Johnson has met the requirements of 28 U.S.C. § 2255 for authorization to file his successive Motion.

To begin with, the Government attempts to address a threshold fact in this case—namely, that Mr. Johnson's jury reached its verdict on the § 924(c) counts by relying upon predicate "crimes of violence" under 18 U.S.C. § 1959—by pointing to entirely irrelevant case law on an entirely separate question that is not at issue in this case.  *See* Response at 9 (citing *United States v. Adkins*, 937 F.3d 947, 950 n.1 (4th Cir. 1991)).

Nor can the Government find solace in its argument that the jury instructions "informed the jury that the predicates were crimes of violence or drug-trafficking offenses."  Response at 9.  As Mr. Johnson made clear in his Motion, the special verdict form clearly and dispositively shows that the jury found Mr. Johnson guilty

10

of using a firearm on each § 924(c) count "in relation to Killing" or "Maiming"—

not in furtherance of a drug trafficking crime.  Motion at 21–23.  Even the

Government's argument effectively concedes that, at best, the verdict form is

ambiguous.  If the Government is correct that the special verdict form does not

clearly show that the jury convicted Mr. Johnson of the § 924(c) offenses based on

the crimes of violence (and it is not), this Court should read the special verdict

form in a manner that is consistent with the record in this case as resting on the 18

U.S.C. § 1959 "crime of violence" predicates and not on any drug trafficking

offense.  *See United States v. Najjar,* 300 F.3d 466, 480 & n.3 (4th Cir. 2002)

(reaffirming that special verdict forms "obviate th[e] problem" of ambiguity in jury

verdicts "by allowing a court to determine upon what factual and legal basis the

jury decided a given question").

The Government's assertion that merely because the jury found Corey

Johnson guilty of a separate drug trafficking offense he is necessarily guilty under

§ 924(c) is equally unpersuasive.  Section 924(c) is an entirely separate offense

that requires an additional element of the use of a firearm *during and in relation* to

the underlying predicate offense.  *See Smith v. United States*, 508 U.S. 223, 227–28

(1993) ("By its terms," § 924(c) "requires the prosecution to make two showings":

first, "that the defendant 'use[d] … a firearm'"; and second "that the use … was

11

'during and in relation to'" a qualifying predicate "crime of violence or drug trafficking crime." (first alteration in original) (quoting 28 U.S.C. § 924(c))).

The Government's reliance on *In re Irby*, 858 F.3d. 231 (4th Cir. 2017) is equally misplaced. *See* Response at 13–16. *Irby* focused on whether murder offenses categorically include the element of direct force necessary for constitutionally valid § 924(c) convictions. *Irby* involved "retaliatory murder" under 18 U.S.C. § 1513, an offense that expressly contains an "intent" element. *Irby* did not address the arguments made by Mr. Johnson here that felony murder can be committed with less than an intentional *mens rea*, which this Court has repeatedly said does not suffice under the force clause, *see United States v. Townsend*, 886 F.3d 441, 444–45 (4th Cir. 2018), and that murder can be committed by acts of omission. *See* Motion at 24–26. In his Motion, Mr. Johnson explained in detail why his underlying § 1959(a) predicate offenses categorically fail to qualify under § 924(c)(3)(A)'s elements clause. *See* Motion at 24–28.

Finally, the Government's halfhearted argument that voiding Mr. Johnson's § 924(c) convictions would not have affected his death sentences is devoid of analysis, much less any citation to authority. The Government's utter failure to address Mr. Johnson's authority (*see* Motion at 28–30) speaks volumes and can only lead to the conclusion that his death sentences were decidedly impacted by his conviction on § 924(c) counts that are constitutionally void for vagueness.

12

In any event, Mr. Johnson's Motion met what this Court has called the "relatively low bar" that a movant must clear at this stage by meeting each and every one of § 2255's requirements and setting forth a "plausible" claim on the merits. *Hubbard*, 825 F.3d at 230–31. For all of the reasons Mr. Johnson has detailed in his Motion for Authorization, his claim under *Dimaya* clearly "warrant[s] a fuller exploration by the district court." *Id.* at 232 (quoting *Williams*, 330 F.3d at 281). Accordingly, this Court should authorize the district court to consider his § 2255 Motion.

Respectfully submitted,

/s/Donald P. Salzman
Donald P. Salzman
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

13

**CERTIFICATE OF COMPLIANCE**

1.  This brief contains 2,872 words, excluding the parts of the brief exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.  This brief complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5).

/s/ Donald P. Salzman

14

FILED:  May 14, 2019

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 19-1
(3:92-cr-00068-JRS-2)
_____

In re: COREY JOHNSON, a/k/a O, a/k/a CO

        Movant

_____

O R D E R

_____

Movant has filed a motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255.

The court denies the motion for authorization to file a second or successive application for relief under 28 U.S.C. § 2255 and grants the motion for leave to file a reply.

Entered at the direction of Judge Wilkinson with the concurrence of Judge King and Senior Judge Duncan.

        For the Court

        /s/ Patricia S. Connor, Clerk