# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BRUCE CARNEIL WEBSTER,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Criminal No. 4-94-CR-0121-Y |
| | § | (Civil No. 4-00-CV-1646-Y) |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO "AMENDED MOTION OF BRUCE CARNEIL WEBSTER TO VACATE CONVICTION AND SENTENCE AND FOR NEW TRIAL PURSUANT TO 28 U.S.C. § 2255 AND RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE"**

The United States of America, by and through the United States Attorney for the Northern District of Texas, files this response in opposition to the "Amended Motion of Bruce Carneil Webster to Vacate Conviction and Sentence and for New Trial Pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure," filed on August 16, 2002.

I.

**Procedural Background Prior to the Filing of the Motion for Relief Pursuant to Section 2255.** On November 22, 1994, a superseding indictment in cause number 4:94-CR-121-Y in the Northern District of Texas was returned against Bruce Carneil Webster, also known as "B-Love," and four co-defendants, charging various offenses relating to the kidnapping and murder of Lisa Rene. Webster was charged in count one with kidnapping resulting in the death of Lisa Rene, in violation of 18 U.S.C. § 1201(a). He was also charged with conspiring to commit the kidnapping (count 2); traveling in interstate commerce to promote the unlawful

Just as the new rule in Apprendi is unavailable to federal prisoners on collateral review, Ring's extension of that procedural rule to the capital sentencing context is equally unavailable to federal capital prisoners on collateral review.

Clearly, even if Apprendi and Ring are applicable, Webster's contention would have no merit because his contention rests on a fallacy. Contrary to his assertion, subsection 3596(c) does not provide a "defense" to the imposition of the death penalty. Section 3596 is entitled "Implementation of a Sentence of Death." Subsection 3596(a) – subtitled "In general" – provides, inter alia, that "[a] person who has been sentenced to death pursuant to this chapter shall be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence." Subsections 3596(b) and 3596(c) are subtitled "Pregnant woman" and "Mental capacity," respectively. Subsection 3596(b) provides that a sentence of death shall not be carried out upon a woman while she is pregnant, while subsection 3596(c) prohibits the carrying out of a sentence of death upon a person who is mentally retarded or who, as a result of mental disability, lacks the mental capacity to understand the death penalty and why it was imposed on that person. See 18 U.S.C. § 3596. From the language of these subsections and as is signaled by the title of the statute, it should be clear that neither mental retardation nor pregnancy precludes the imposition of the death penalty under the statute, rather it prevents and/or may delay the implementation of the death penalty.[9]

---

[9] The Fifth Circuit also agrees that section 3596 is where "Congress chose to indicate its restriction on who could be executed." Webster, 162 F.3d at 352.

**GOVERNMENT'S RESPONSE IN OPPOSITION TO "AMENDED MOTION OF BRUCE CARNEIL WEBSTER TO VACATE CONVICTION AND SENTENCE AND FOR NEW TRIAL"**          **Page 44**